United States District Court
Southern District Of Illinois

24-1202-SMY

Bradley J Cornille Sr., B88097       Case No.
        Plaintiff                    Honorable Judge

        V.

Percy Myers, Pinckneyville           Jury Trial Demanded
Community Hospital, Jane Doe#1 RN,
c/o Jones, Southern Illinois         F.R.CIV P. - 38
Hospital (SIH-MH), John Davidson,
Jamie Karales, Wexford Health Sources Inc.,
Christine Brown, Jane Doe#2 RN,
Shane M. Frank, c/o McVey, Chad Jennings,
Phil Martin, Justin Summerfield, Nurse Gray,
S. Bickers, Jane Doe#3 RN, Administrative Review Board (ARB),
William "Bill" Loy, Gordon Chu, Glen Steven Babich, RN Stephens,
Latoya Hughes, Steven Bowman, Steven Meeks, Kim Smith,
Kenneth Griffin,
                Defendant(s)

                Compliant

        Comes Now Plaintiff, Bradley J. Cornille Sr., B88097, by & through them
self, for the Complaint against all 28 Defendants:

        1. Percy Myers as Medical Director of Pinckneyville cc under IDOC as
a doctor employed by Wexford & contracted to provide medical services to individuals
in custody (IIC) at IDOC Prisons.

        2. Pinckneyville Community Hospital (PCH) treats IIC's from IDOC Prison's
by/through contract & in accord w/ case law West V. Atkins, 487 U.S. 42 (1988)

1

can be sued using Section 1983.

3. Jane Doe #1 RN employed by Wexford & contracted to provide medical services to IIC's of IDOC at Pinckneyville CC.

4. C/O Jones a correctional officer who is employed by IDOC at Pinckneyville CC as 5Day wing C/O of 5B on 9/1/23; failed to render aid & delibert indifference

5. Southern Illinois Hospital (SIH-MH) treats IIC's from IDOC prisons by/through contract & in accord w/caselaw West v. Atkins, 487 U.S. 42 (1988) can be sued using Section 1983.

6. John Davidson Physician's Assitant (PA) working at SIH-MH treats IIC's from IDOC prisons by/through contract & in accord w/caselaw West.v. Atkins, 487 U.S. 42 (1988) can be sued using section 1983.

7. Jamie Karales Assitant Warden (A/W) Pinckneyville CC who is employed by IDOC at Pinckneyville CC & is responsible for direct over sight of the health care unit (HCU), Karales was deliberatly indifferent

8. Wexford Health Sources Inc. is the for Profit company contracted to provide medical services to IIC's in IDOC, fails to ensure proper care, ADA, RA, & more.

9. Christine Brown Health Care unit Administrator (HCUA) who is employed by IDOC at Pinckneyville CC & is responsible for direct over sight of the entire HCU, Brown answers to A/W Karales.

10. Jane Doe #2 RN employed by Wexford & contracted to provide medical services to IIC's of IDOC at Pinckneyville CC.

11. Shane M. Frank Lt. of IA & is responsible for safety & security at Pinckneyville CC which includes safety of IIC's & not being deliberatly indifferent, retaliatory, etc.

2

12. C/o McVey a correctional officer who is employed by IDOC at Pinckneyville CC who failed to render and & delibertly indifferent.

13. Chad Jennings Warden who is employed by IDOC at Robinson CC who failed to ensure IIC's under his care receives the medical they need & not being delibertty indifferent.

14. Phil Martin HCUA who is employed by IDOC at Robinson was delibortly indifferent.

15. Justin Summerfield Lt. of IA & is responsible for the safety & security at Robinson CC which includes safety of IIC's & not being delibertly indiffent & retaliatory.

16. Nurse Gray RN employed by wexford & contracted to provide medical services to IIC's of IDOC at Robinson CC.

17. S. Bickers Director of Nurses (DON) employed by wexford & contracted to provide oversight of medical services rendered to IIC's of IDOC at Robinson CC by nursing staff.

18. Jane Doe #3 RN employed by wexford & contracted to provide medical services to IIC's of IDOC at Robinson CC.

19. Administrative Review Board (ARB) is the board set up/ employed by/with IDOC to provide review to all grievances filed & exhusted by IIC's of IDOC they are to be fair, impartial, non-retaliatory, & yet they continue to be delibertly indifferent.

20. William "Bill" Loy A/W who is responsible for direct over sight of the entire HCU & is employed by IDOC at Robinson CC. Loy was deliberty indifferent.

21. Gordon Chu Neurosurgeon under his own for profit company

3

treating IIC's from IDoc Prisons by/through contract & in accord w/ caselaw West v. Atkins, 487 U.S. 42(1988) can be sued using section 1983.

22. Glen Steven Babich as regional medical director employed by Wexford & contracted to provide oversight & medical services to IIC's at IDoc Prisons.

23. RN Stephens nurse employed by Wexford & contracted to provide medical services to IIC's of IDoc at Robinson CC.

24. Latoya Hughes as Director of IDoc as a whole as such she is to provide oversight as a whole to IDoc. Hughes was deliberatly indifferent & retaliatory.

25. Steven Bowman as Director of Office of Health Services (OHS) works IDoc to provide review/oversight of medical services as a whole for IDoc.

26. Steven Meeks Director of medical services of IDoc as a whole as such he is to provide oversight/review of medical for all of IDoc to IIC's.

27. Kim Smith Deputy Director for the Southern Region of IDoc, Smith is employed by IDoc to provide review/oversight of Southern Region of IDoc in all aspects including medical.

28. Kenneth Griffin officer of IA responsible for safety & security at Robinson CC which includes IIC's safety & not being deliberatly indifferent & retaliatory.

(collectively, "Defendants") in support thereof, upon personal knowledge as to them self & their actions & observations & on information & belief as to all other matters, Plaintiff states as follows:

## Preliminary Statement

Plaintiff, Bradley J Cornille sr, Pro-Per brings this complaint for declaratory relief, Preliminary injunction, Permanent injunction, damages for violations to their constitutional Protections, under 42 U.S.c. § 1983 & Illinois State Tort Law. also medical malpractice, ADA, & RA. Plaintiff herein contends that ALL Defendant's named were actively under the color of law, as state of Illi ABis Officials (medical contractors on contract w/ the state of Illinois & at IDoC Prisons) at the time the claims asserted in this compliant arose. Plaintiff was & is denied their constitutional Protections & state torts committed — Defendants specifically & knowingly committed the acts of :

1. Deliberate Indifference To serious Medical Needs
2. Due Process & Equal Protection
3. Intentional Infliction Of Emotional Distress
4. Medical Malpractice (medical staff/ Providers ONLY)
5. ADA violations
6. RA violations
7. Retaliation

These tortol acts caused Plaintiff severe Pain (ongoing) debiliting mental & emotional distress, Physical manifestation & rendered them unable to live without unnecessary Pain (which is still ongoing) & lasting long term effects/ damage that can never full be repaired/healed. Plaintiff thus to recover damages, for having to struggle & suffer as well as being forced to struggle & suffer for an unacceptable amount of time (which is ongoing) for no medically necessary or acceptable reason.

## Jurisdiction & Venue

This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation under the color of state law, of rights secured by the Constitution of the United States. ADA & RA also. The Court has jurisdiction under 28 U.S.C. Section 1331, Section 1343 (a) 1,2,3 & Supplemental jurisdiction of Plaintiffs state Tort Law Claims under 28 U.S.C. Section 1367(a). The Court has the authority to grant declatory relief under 28 U.S.C. § 2201 & § 2202 & Rule 57 of the federal Rules of Civil Procedure. Also Preliminary & Permanent injuctive relief. The Souther District of Illinois is the appropriate venue under 28 U.S.C. Section 1391 (6)(2) due to the fact it is where events giving rise to this claim occurred. Plaintiff on information & belief most Defendants reside in this District. All Defendants do business in this District.

## Exhaustion Of Remedies

Plaintiff has exhusted all their institutional & administrative remedies reasonabley available to them Prior to bringing this Claim in accordance w/ the PLRA 42 U.S.C. 1997 (e)(a).

## Parties

Plaintiff, Bradley J Carville Sr, B88097 is in the custody of IDOC at Dixon, CC 2600 N. Brinton Ave., Dixon, IL 61021.

Defendant(s) are as follows:

1. Percy Myers a contracted medical doctor employed by Wexford Health Sources Inc., 501 Hoirday Drive Foster Plaza Four, Pittsburg, PA 15220.

2. Pinckneyville Community Hospital (PCH) a contracted medical Provider via state of Illinois, 5383 IL-154 Pinckneyville, IL 62274.

6

3. Jane Doe #1 RN a contracted medical nurse employed by Wexford Health Sources Inc., 501 Holiday Drive Foster Plaza Four Pittsburg, PA 15220.

4. C/o Jones a correctional Officer employed by IDOC at PNK cc 5835 State Route 154, Pinckneyville, IL 62274. Note on 9/1/23 C/o Jones was the 5 day C/o assigned to 5 D

5. Southern Illinois Hospital (SIH-MH) a contracted medical Provider via State of Illinois, 405 W. Jackson St., Carbondale, IL 62901.

6. John Davidson PA a contracted medical Physicians Assist. employed at Southern Illinois Hospital that Provides medical to Prisoner's of IDOC 405 W. Jackson St., Carbondale, IL 62901.

7. Jamie Karales A/W at PNK cc employed by IDOC, 5835 State Route 154 Pinckneyville, IL 62274.

8. Wexford Health Sources Inc., for Profit company contracted to Provide medical services to Prisoners of IDOC, 501 Holiday Drive Foster Plaza Four, Pittsburg, PA 15220.

9. Christine Brown HCUA at PNK cc employed by IDOC, 5835 State Route 154, Pinckneyville, IL 62274.

10. Jane Doe #2 RN a contracted medical Nurse employed by Wexford Health Sources Inc., 501 Holiday Drive Foster Plaza Four, Pittsburg, PA 15220.

11. Shane M. Frank a Lt. employed by IDOC at PNK cc 5835 State Route 154, Pinckneyville, IL 62274.

12. C/o McVey a correctional Officer employed by IDOC at PNK cc 5835 State Route 154, Pinckneyville, IL 62274.

13. Chad Jennings Warden at Robinson cc employed by IDOC 13423 E. 1150th Ave., Robinson, IL 62454

7

14. Phil Martin HCUA at Robinson cc employed by IDOC, 13423 E. 1150th Ave., Robinson, IL 62454.

15. Justin Summerfield a Lt. employed by IDOC at Robinson cc, 13423 E. 1150th Ave., Robinson, IL 62454.

16. Nurse Gray RN contracted medical Nurse employed by Wexford Stationed at Robinson cc., 501 Holiday Drive Foster Plaza Four Pittsburg PA 15220.

17. S. Bickers DoN at Robinson cc employed by Wexford, 501 Holiday Drive Foster Plaza Four Pittsburg, PA 15220.

18. Jane Doe #3 RN at Robinson cc employed by Wexford, 501 Holiday Drive Foster Plaza Four, Pittsburg PA 15220

19. Administrative Review Board (ARB) a review board employed via state of Illinois to Provide review to Prisoners of IDOC, 1301 Concordia Court, P. Box 19277, Springfield, IL 62794-9277

20. William "Bill" Loy A/W at Robinson cc employed by IDOC 13423 E. 1150th Ave, Robinson, IL 62454.

21. Gordon Chu Neurosurgeon a contracted MD Specialist that Provides medical to Prisoners of IDOC, 305 W. Jackson St., Ste. 460 Carbondale, IL 62901.

22. Glen Steven Babich a contracted medical doctor employed by Wexford 501 Holiday Drive Foster Plaza Four, Pittsburg PA 15220.

23. RN Stephens a nurse at Robinson cc employed by Wexford 501 Holiday Drive Foster Plaza four Pittsburg, PA 15220.

24. Latoya Hughes Acting Director of IDOC 1301 concordia court Springfield, IL 62794.

25. Steven Bowman Director of DHS employed w/state of Illinois/ IDOC, 1301 concordia court, Springfield IL 62794.

8

26. Steven Meeks Director of Medical employed by IDOC 1301 Concordia Court, Springfield, IL 62794

27. Kim Smith Deputy Director Southern Region employed by IDOC 2309 W. Main St., Ste. 128, Marion, IL 62959.

28. Kenneth Griffin Correctional Officer Robinson C.C. employed by IDOC 13423 E. 1150th Ave, Robinson, IL 62454.

Each Defendant acted under the color of state law at all times mentioned in this complaint.

Each Defendant is therein sued in both their individual & official capacities. (except Defendant Latoya Hughes, Steven Bowman, Steven Meeks, Kim Smith & Administrative Review Board are sued in official capacity only)

Each Defendant is being sued jointly & severely. w/indimnification.

## Previous Lawsuits

1. Cornille v. Jones et. al., Fed. Ct. S. Dist. No. 18-cv-1496, Judge Gilbert, Civil rights. Case w/Drawin by self. Filed late 2018 closed 2019. Not dismissed as a strike, frivolous, malicious or failure to state a claim.

2. Cornille v. Canton et al., Fed. Ct. N. Dist. No. unknown, Judge unknown Civil rights. Case w/Drawin by self. File 2012, closed 2014. Not dismissed in any manner.

3. Cornille v. Lashbrook et. al. Fed. Ct. S. Dist. No. 19-cv-2. Judge Rosentengel, civil rights. Case w/Drawin by self. Filed Jan of 2019 closed March 2019. Not dismissed in any manner.

4. Cornille v. Lutheran Social Services et. al. Fed. Ct. S. Dist. No. 19-cv-47, Judge Yandle. Civil Rights. Case was not ripe Dismissed w/o prejudice. Filed Jan of 2019 Closed 02/22/2019. Not dismissed as a strike, frivolous, malicious or for failure to state claim.

9

5. Cornille V. Popit, Fed. Ct. S. Dist. No. 19-CV-271, Judge Sison. Civil Rights. Case w/drawn by self. Filed Jan of 2019 Closed Dec. of 2019. Not dismissed as strike, Frivolous, malicious, or for failure to state a claim.

6. Cornille v. Groove et. al., Fed. Ct. s. Dist. No. 19-CV-272, Judge Rosentengel. Civil rights. Case w/drawn by self. Filed Jan. of 2019 Closed Dec of 2019. Not dismissed as strike, frivolous, malicious, or for failure to state a claim.

7. Cornille sr., V. Jeffery et al., Federal Court Southern District of Illinois. Case No. 22-CV-01988-MAB Judge Betty. Civil Rights. Case is still ongoing currently. Filed August of 2019.

<u>Facts will begin w/ Page 11 herein.</u>

10

Facts

1. On September 01, 2023 Plaintiff was severely injured when they slipped & fell on biohazard waste (vomit) between 19:00 & 19:20 hours while they were held in 5 D17 of Pinckneyville CC under IDOC when Plaintiff exited their assigned cell for day room. Plaintiff's slip & fall resulted in their feet going airborne w/ their head, neck, & back slaming into the concrete floor causing brief loss of consciousness w/ extreme pain that has resulted in extreme chronic pain ever since. No staff (all of whom were on the deck) rendered any aid or assistance to the Plaintiff despite them witnessing the slip & fall. Plaintiff manged to get themself off the floor even w/ extreme pain & cloudy/starry vision to set on the bench by the wall mounted phones in front of 36 cell where Plaintiff had fell. While sitting on the bench Plaintiff learned by over hearing Lt. Dudat & C/o Jones (C/o Jones who was the 5 day assigned to 5D at time of fall) amid them laughing that an individual in custody (IIC) from the top deck (top deck had day room right before Plaintiff whom was on the bottom deck) had overdosed & vomited all over the floor (where Plaintiff siilp & fell) the wall, & in the shower before being carried back to their cell. C/o Jones had IIC Porter "L" on the unit to clean up the waste but "L" was still getting tools out of the unit tool room when Plaintiff slipped & fell in the waste, waste that there was no warning about, no staff warning or posted, no mop bucket, no sign, nothing. Plaintiff was left w/o any staff intervention after their fall until Plaintiff in extreme pain struggling to move, walk, & breathe managed to make it to the main door of the unit where they got Lt. Dudat to call for a wheel chair after Plaintiff gave details & pleaded for medical attention. Plaintiff's leg's gave out as they were getting into the wheel chair where they were wheeled to the base HCU by an unidentified C/o. Once in the base HCU Nurse Carol LPN

did vitals, (Exhibit 1 "Offender Outpatient Progress Notes" attached & incorporated herein by reference) Placed a "C" collar on the Plaintiff & called for an ambulance to transport Plaintiff to Pinckneyville Community Hospital. In waiting for said ambulance Plaintiff's condition continued to deteriorate W/total numbness from the waist down w/ the Plaintiff peeing on themself W/o even knowing they had until an unidentified female lieutenant informed them they had done so. At one point before the ambulance arrived C/o Vaughn of Pinckneyville cc IA came into the base HCU to ask the Plaintiff "Is there anything you need to tell me before I watch the video footage?" Plaintiff struggled to reply "No, I'm hurt bad."

2    On September 01, 2023 Plaintiff was discriminated on by Pinckneyville Community Hospital because they are a prisoner in custody. The discrimination Plaintiff endured by Pinckneyville Community Hospital & medical providers working there & whom treated the Plaintiff led to further pain, suffering, deliberate indifference to serious medical needs, & trauma. Plaintiff while at Pinckneyville Community Hospital was treated as less than any normal free world patient would of been treated simply because they were a prisoner. Plaintiff was in great distress when entering the ER w/a "C" collar on where medical staff were fully briefed on the extent of the slip & fall w/brief loss of consciousness w/ cloudy/starry vision, numbness from waist down, & loss of bladder control, yet no concusion protocol/exam was done, no head scans/exams, & only a baseline CT was done of the lower lumbar. There was no blood draw done, no attempts to establish an ability to walk not even medical staff assistance when Plaintiff was discharged prematurely & w/o the back brace medical providers of PCH said/ordered (Exhibit 2 & 2A "Patient visit Information" from PCH 09/01/23 attached & incorporated herein by reference) Pinckneyville Community Hospital & medical providers whom treated Plaintiff were

12

treating the Plaintiff was working with or for Prison Officials by contract & by case West v. Atkins, 487 U.S. 42 (1988) can be sued using Section 1983. IDOC c/o Everheart was one transport officer (one w/ sidearm) who helped lift Plaintiff from hospital bed into wheelchair then into transport van & but at the Prison, into another wheelchair. Plaintiff diagnosed w/ (1) one transverse fracture.

3    On September 02, 2023 Plaintiff was further injured when they fell when trying to move from their bed to their wheel chair as an unidentified RN Nurse at Pinckneyville cc (Jane Doe #1) ordered them to do between 07:30 & 08:30 hours, yet RN Jane Doe #1 left Plaintiff who assiting them being deliberatly indifferent to their serious medical needs & the fact PCH refused to issue Plaintiff the much needed back brace. Plaintiff fell from their bed as their wheel chair slipped away from them as RN Jane Doe #1 watched Plaintiff fall from outside the room door through observation window in the door of HCU Iso 1. It was IIC HCU workers Tubbs & Spivey who came into the room to help Plaintiff out of the floor & into their wheel chair. Plaintiff had shooting pain / numbness on their right side which led to them being sent to Carbondale Memorial Hospital ER. (Exhibit 3 § 3A  CT results from 9/2/23 attached & incorporated herein)

4    On September 02, 2023 Plaintiff was seen in the ER at CMH[SIH] between 09:00 & 13:00 hours  CT of lower lumbar confirmed the transverse fracture, provided Plaintiff w/ full body brace from shoulders to waist, & told to schedule an appointment w/ Gordon Chu, MD Neurosurgery for a visit in (2) two weeks. Yet no attempts to walk, exams, nor MRI or x rays were done. Plaintiff fully believes this is discrimination because they were a prisoner. (Exhibit 4 "After Visit Summary" from CMH[SIH] 09/02/23 attached & incorporated herein by reference) Again CMH[SIH] & CMH[SIH] medical provider John H. Davidson, PA was working with or for Prison Officials by contract & can be sued using section 1983. Neurosurgery appointment has yet

13

to occur.

On September 03, 2023 Plaintiff wrote & filed an emergency grievance (later labeled # 2992-09-23) over 09/01/2023 & 09/02/2023 falls (Exhibit 5, 5A, & 5B 09/03/23 "offender grievance w/counseling summary" attached & incorporated herein by reference)

September 03, 2023 through September 11, 2023 Plaintiff had vitals done by various nurses at which time they informed every nurse of the extreme level of pain in their back & the numbness from their waist down, while held HCU Iso.

September 11, 2023 around midday Physical therpist (PT) Jen of the Pinckneyville cc staff w/Nurse DeSaray Sanders came into Plaintiff's room in HCU Iso. 1 When PT Jen told Plaintiff "I am taking your walker because you are not allowed to be moving around walking until your back is fixed"

September 12 & 13, 2023 Plaintiff had vitals done by various nurses Plaintiff expressed their extreme pain & numbness below the waist. Plaintiff had not walked since prior to the initial fall on 09/01/2023, fully wheel chair dependant & not getting any true help. Plaintiff was still being held in Pinckneyville HCU Iso. 1 - No ADA or RA.

September 13, 2023 Plaintiff was verbally attacked, harassed, & retaliated on by Doctor Percy Chester Myers because of prior grievances & a current Federal Civil suit (case No. 22-cv-1988-MAB) between Plaintiff & Myers. Dr. Myers took/ "DC" Plaintiff's order for pain medication Tramadol telling Plaintiff "I will do nothing for you" Defendant Myers was again deliberatly indifferent to serious medical needs.

September 14, 2023 & September 15, 2023 Plaintiff had vitals done by various nurses where they informed these nurses of the extreme amount of pain & the numbness below the waist. Plaintiff was still in PNK HCU Iso 1. No ADA or RA

14

11   September 15, 2023 Plaintiff endured further harassment, retaliation, & deliberate indifference to serious medical needs by Defendant Myers. Around 13:00 hours Percy Chester Myers w/ Nurse Desaray Sanders, Major Lawless, & Warden David Mitchell as witnesses told the Plaintiff "You have one very small fracture of the transverse process, there is not even any displacement" Myers was trying (in effort to retaliate) to have the Plaintiff kicked out of the base HCU & wheeled out to five (5) house of Pinckneyville where staff would then take the Plaintiff's wheel chair leaving Plaintiff w/ a walker a walker that PT Jen took & told Plaintiff they were not to walk just four (4) days prior. Plaintiff at this point had not walked at all in (14) fourteen days. Plaintiff expressed to Myers to test this walker use while in the base HCU so when the Plaintiff fell medical attention would be readily available. Myers refused stating "I need this cell, I do not care if you fall and get hurt but it will not be done here in front of me, you will do it out in the unit your going to." Plaintiff refused to allow Myers to put them in further harms way. Warden Mitchell was the one who stepped in & had Myers agree to let Plaintiff keep their wheel chair, then Mitchell had Plaintiff moved to a ADA wheel chair cell in unit next to base HCU in b A 36. MRI done at SIH on 09/22/2023 will prove did prove Myers was wrong & acted on desire for retaliation. As well as CT results on 9/2/23.

12   September 18, 2023 Plaintiff talked to AW Operations Jamie Karales (Plaintiff use to believe Karales was spelled Corrells Please note any time Corrells was written on any documents it is this defendant) over issues w/ obtaining proper, basic, non-retailatory medical care for their back. Plaintiff also fully detailed the issues w/ Dr. Myers & pleaded w/ Karales to help protect the Plaintiff from Myers by keeping Myers away from the Plaintiff. Karales was deliberately indifferent to serious medical needs & took no action nor helped in any manner.

15

13    September 18, 2023 Plaintiff wrote & filed two (2) grievances, first was over medical treatment labeled grievance # 3145-09-23 by PNK, this grievance which has been fully exhusted was over the issue of Plaintiff having not seen ortho for their follow up with two weeks. Second was over staff conduct labeled grievance # 3146-09-23 by PNK, this grievance has been fully exhusted was over Wexford Health Source Inc. / Dr. Percy Chester Myers misconduct & retaliation allowing to cloud his judgement leading to Plaintiff's delay in medical treatment, healing, & deliberit Indifference to Plaintiff's serious medical needs. Myers actions were w/malice, knowledge, intent, & direct involiment. (Exhibit 6, 6A, 6B, 6C, 6D, & 6E are both these grievance's w/all responses including the ARB. attached & incorporated herein by reference) (6, 6A, 6B, 6C, 6D, 6E, & 6F)

14    September 15 through September 20, 2023 Plaintiff had filed sick call slips & at both morning & evening med lines told those nurses of the extreme non stop pain, pleading for help, Recreation & PT.

15    September 21, 2023 Plaintiff was seen for sick call over the extreme non stop pain in their back, no relief came.

16    September 22, 2023 Plaintiff went on a medical writ to SIH in Carbondale IL for an MRI, results that proved Plaintiff has "Vertebral body hemangioma at L2. Edema & enhancement is seen in the right transverse process of L2, L3, and L4 in assocration with minimally displaced fractures at these location". As well as three (3) Disc bulge. (Exhibit 7 "Imaging - All Results" attached & incorporated herein by reference) These results are proof Defendant Myers was lying on 09/15/2023. Note these results are further proof after 9/2/23 ct results.

17    September 22, 2023 After Plaintiff returned from their medical writ to SIH for an MRI that morning Pinckneyville Health Care Unit Admistrator (HCUA) Christine Brown & Medical Director Dr Percy Myers tryed to further retaliate on the

16

Plaintiff by trying to force Plaintiff into an exam room w/ Perry Myers. Plaintiff requested to see another provide like NP Bob Bloom or PA A. Desai both of whom were available. HCUA Brown & Dr. Myers refused even after Plaintiff stated they feared for their safety w/ Myers because of Myers history of abuse physical & sexual as well as Myers lying to retaliate. (Exhibit 8, 8A, & 8B[8C] is offender grievance fully exhusted w/ ARB reply, attached & incorporated herein by reference)

18   September 22, 2023 around 1906 hours Plaintiff reinjured their back when in 6A36 of Pinckneyville, as Plaintiff was moving from their wheel chair on to the toilet to use the rest room, Plaintiff slipped falling backward into an ADA grab bar on the wall which caused said bar to hit the area that was already injured causing extreme shooting pains for Plaintiff back (lower) to their neck, struggling to breathe, & further numbness. Once Plaintiff got back into their wheel chair they went to their cell door to push the button which is supposed to notify control, yet no one responded till about 20:00 hours (50+/- minutes of pushing button) when Sgt. Walker was doing legal mail (doing legal mail means passing it out) Plaintiff told Sgt. Walker about them falling & requested medical attention. Sgt. Walker replied "The nurse is on B wing doing meds & will be over here in a moment but I will let them know." About 20:25 hours C/o Jones (Jones was assigned to 6A on 3p-11p on 9/22/23, yet he is a teacher in Pinckneyville CC during the day.) came w/ an unknown nurse now Defendant Jane Doe #2 Passing out meds, as I received my meds Plaintiff told Nurse Jane Doe #2 full details of their fall, the severe pain, trouble breathing, & their prior back injuries. Nurse Jane Doe #2 replied very loud (near yelling) "This is why I hate my fucking life!" Nurse Jane Doe #2, was so loud my neighbor in 6A38 K. Cole Y36829 called me & asked why nurse said that? Nurse Jane Doe #2 then told me "I'm going to finish meds then see what HCU wants to do" Nurse Jane Doe #2 never returned nor offered any medical care. Nurse Jane Doe #2 was deliberatly indifferent to Plaintiffs serious medical needs. (Exhibit 9, 9A, 9B[9C] is offender grievance fully exhusted w/ ARB reply, attached & incorporated herein by reference)

17

19  September 22, 2023 through September 24, 2023 Plaintiff filed sick call slips begging for medical care for their back detailing the extreme pain

20  September 24, 2023 on 3P-11P Plaintiff's pain was so extreme w/ labored breathing that Plaintiff could not make it out of their bed in 6A36, gallery c/o called medical emergency where Nurse Lori came to 6A36. Nurse Lori helped Plaintiff from their bed, took vitals (which were elevated), gave Plaintiff medication, & told Plaintiff they would see the NP tomorrow. After Plaintiff explained their fall on 09/22/24 & what Nurse Jane Doe #2 said & didn't do, Nurse Lori said that "Nurse did not even note any of this in your chart"

21  September 25, 2023 around 09:15 hours Nurse Brooke did sick call on Plaintiff concerning their pain in the back & their fall on 09/22/23, Nurse Brooke set Plaintiff to see PA.

22  September 25, 2023 around 12:30 hours Plaintiff met w/ Major Lawless & Warden David Mitchell of Pinckneyville in Plaintiff's cell 6A36 as Lawless & Mitchell toured. Plaintiff fully explained to Lawless & Mitchell all the ongoing medical issues, falls, & the deliberate indifference to serious medical needs by Karales Asst. Warden, HCUA Brown, Dr. Myers, & the nurses. Plaintiff also showed Lawless & Mitchell the CT results (Exhibit 3 herein) & MRI results (Exhibit 7 herein) Lawless & Mitchell both stated "well there clearly prove Myers lied to all of us, your back is a hell of a lot worse than Myers claimed" Plaintiff will call on Lawless & Mitchell to testify. At this time Plaintiff gave Major Lawless, Lt. Frank of IA, & Warden D. Mitchell a request slip seeking protection from Dr. Myers (Exhibit 10 copy of said request, attached & incorporated herein by reference)

23  September 25, 2023 Plaintiff that evening put an emergency request in the mail to Asst. Warden Karales (formally wrote Grrelis) & HCUA C. Brown pleading for them to help protect Plaintiff by lodging OIG complaint in accord w/ Wexford Health Sources Inc. contracts (Exhibit 11 copy of this request attached & incorporated herein by reference) Their act of not replying nor filing complaint evidences their deliberate indifference to serious medical needs & facilitation of these heinous acts by Myers.

18

24  September 26, 2023 Plaintiff was called to the base HCU at Pinckneyville where Defendant Brown & Myers tryed to trick the Plaintiff into seeing Dr. Myers to further their retaliation efforts. Plaintiff refused citing the complaints, fears, lies, & attacks by Defendant Dr. Myers. Plaintiff even declared a hunger strike because they greatly feared for their safety & needed medical treatment that was non-retaliatory. Upon declaring a hunger strike Plaintiff was in their cell 6A36 when Lt. Frank (Defendant Shane M. Frank) came cell front to harass, threaten, & verbally attack Plaintiff. Lt. Frank stated "I don't give a fuck about your medical issues, you will see Dr. Myers or you won't see anyone & you can die in here". Plaintiff in fear didn't even reply. But did tell ISI about this.

25  September 27, 2023 around 10AM Plaintiff was pulled from their cell unexpectdly & led by C/O Brandy Wallen to Pinckneyville CC base HCU where they were finally seen by a different Provider PA A. Desai who handled several of Plaintiff's medical situations including Plaintiff's back issue. PA Desai in examing Plaintiff 4th volume medical record stated to Plaintiff "Myers has altered these records to the point I cannot fully understand the depth of your injury" Plaintiff then showed PA Desai CT results (Exhibit 3 herein) & MRI results (Exhibit 7 herein) which led to PA Desai telling Plaintiff "You should have already been to see neurosurgeon & most likely through surgery. I don't know why Myers has not done the emergency collegial. I will order the neurosurgery collegial now."

26  September 29, 2023 around 10:40Am Warden (Assistant warden) Karales toured 6A at Pinckneyville CC where Plaintiff spoke 1 on 1 w/Defendant Karales over their medical care for their back injury, their need to see neurosurgery & other specialist, & Plaintiff's request to Karales & Brown on 9/25/23 (Exhibit 11 herein) Karales stated to Plaintiff "Why is it that you think your situation is any better or more important than

19

than anyone else's? Pain b/ not does not mean you need to see a specialist nor will you if I have any say in it." Plaintiff proceeded to show Karales the CT results (Exhibit 3 herein) & MRI results (Exhibit 2 herein) while explaining that it was not the fact Plaintiff thought they were better than any one, it is the fact Plaintiff has been involved originally because staff left vomit on the floor & never warned anyone. Karales got angry stating "So it's all our fault you feel". Well we will see if you get to a specialist but I'd get comfortable if I were you" Karales proceeded to walk off & Plaintiff has yet to get proper medical care. Karales was deliberately indifferent to Plaintiff's serious medical needs.

27    September 27 through October 19, 2023 Plaintiff put in sickcall slips each day & told nurses at both morning & evening med passes that they were in extreme pain w/ their back, that the lidocaine patches were not helping nor was Pamalore. Plaintiff was told to keep putting in sick call slips we will get to you we are about a month behind" by several nurses.

28    October 04, 2023 around 13:30 hours Plaintiff was unexpectedly called from their cell 6 A 3 6 & sent to Warden's office near B of I at Pinckneyville where Plaintiff met Internal Security Investigator (ISI) Billy Stanhouse Jr who works for IDoc yet not at a specific prison Stanhouse is stationed at the Marion, IL office. ISI Stanhouse was their to interview the Plaintiff over several issues from Defendant Lt. Frank, over medical issues w/ their back, to the issues w/ Defendant's Dr. Myers & HCUA Brown. ISI Stanhouse asked Plaintiff "How do you feel about me reducing your security level to a minimum & have you transfered to a minimum security prison that still has cells but also gives you better medical care? Plaintiff agreed

20

saying "I'm all for it as long as I keep my single cell & I get medical care"

29  October 06, 2023 Plaintiff was in extreme pain from their back injury & tried getting medical care. When they pushed the button in their cell 6A36 of Pinckneyville from 13:20 hours til 14:05 hours (45 minutes) before C/o McBey (correct spelling McVey) came onto A wing where Plaintiff tryed speaking w/ C/o McBey over their medical issue & extreme pain as well as their need for medical attention C/o McBey replied "Not my wing Not my Problem" as he kept walking. C/o Skeer legal name J. Adamski badge 7544 32 year old white male approx 6' 150/160 lbs was assigned to Plaintiff's wing on date/time in question returned from his lunch break & after Plaintiff explained C/o McBey's deliberate indifference to Plaintiff's serious medical needs C/o Adamski got Nurse Whitney to come do an eval for vitals & to document Plaintiff's condition. Vitals were elevated, Whitney documented the swelling in legs/feet, Plaintiff's pain, the numbness, & Whitney also noted that Plaintiff had put in over 10 sick call slips (at this time) w/o being seen.

30  October 06, 2023 Plaintiff wrote a grievance over all the events described here #39 & fully exhibited w/ ARB reply. (Exhibit 12, 12A, & 12B grievance & response is attached & incorporated herein by reference)

31  October 07, 2023 Plaintiff wrote a staff conduct grievance over Assist. Warden Karales (formally wrote Sorrell?) & ACUA Brown for failing to carry out the duties of their positions over Plaintiff's medical care & them failing to file the complaint of abuse by Dr. Myers that Plaintiff sent them on 9/25/23 (Exhibit 10 herein) Plaintiff's grievance & response's are attached as Exhibit 13, 13A, 13B, & 13C)

32  October 23, 2023 Plaintiff was emergency transfered from Pinckneyville CC to Robinson CC as a result of Plaintiff's 10/04/23 meet w/ ISI Stanhouse & Robinson does not meet what ISI Stanhouse & Plaintiff agreed to, Plaintiff has been forced from single cell to a dorm & no real medical care to fix their back

21

33  October 23, 2023 upon arriving at Robinson CC Plaintiff was gave a basic intake screening by Nurse Cup where they fully detailed all their medical situation including their back injury which fully noted that Plaintiff had a neurosurgery appointment somewhere between October 24 & October 31, 2023 (Plaintiff was not allowed to know exact day for security reason) Plaintiff never got to go to this appointment. & has since continued to suffer. Neurosurgery in St. Louis, Mo.

34  October 23, 2023 through November 06, 2023 Plaintiff put in sick call slips each & every day detailing their extreme pain level w/ their back injury & requesting to be seen to get a plan of action to fix their back. & wheel chair.

35  November 03, 2023 around 09:30 hours Plaintiff spoke in person w/ Warden Chad Jennings of Robinson CC in their housing unit where Plaintiff fully explained in great detail their back injury, their extreme pain, the missed neurosurgery appointment, & the lack of medical attention from the base HCU. Jennings using the phone in the counselor's office at Plaintiff's housing unit called Phil Martin Health Care Unit Admin. (HCUA) of Robinson to get the HCUA Martin's input on Plaintiff's medical situation. Martin confirmed he is aware of Plaintiff's situation & working to get them seen.

36  November 01, 2023 Plaintiff wrote a grievance on Pinckneyville CC while they were housed at Robinson. The grievance was staff conduct stating that Pinckneyville CC were holding grievances (# 2992-09-23, 3256-09-23, 3331-10-23, & 3450-10-23) all being emergency grievances that were being held to hinder exhustion. Plaintiff even cited Dole V. Chandler, 438 F. 3d 804, 806-07 (7th cir. 2006) hinderence of exhustion by prison officials leaves the issue's exhusted. This grievance per policy went directly to the ARB & was fully exhusted. Plaintiff's grievance & ARB denial reply are Exhibit 14 & 14A [14B] are attached & incorporated herein by reference.

22

37) November 06, 2023 around 09:00 hours Plaintiff was called to the base HCU of Robinson CC for sick call were a number of issues were discussed including the back injury Plaintiff is currently dealing w/; the Plaintiff's extreme nonstop pain as well as the Plaintiff's missed specialist appointment. Wheel chair issues.

38) November 08, 2023 around 14:30 hours Plaintiff was called to Operations to see Lt. Justin Summerfield where Plaintiff in talking to Lt. Summerfield who's IA spoke in depth of their medical issues, their severe pain, the lack of action response from base medical. Lt. Summerfield promised to look into the matter & try to get things done; yet he did nothing deliberate indifference.

39) November 13, 2023 around 15:00 hours Plaintiff was called to the base HCU to see (former) Dr. Becker who agreed w/ Plaintiff on Plaintiff's need to see specialist for their back injury. Dr. Becker ordered Tramadol & Gabapentin twice a day. As well as needing a new wheel chair.

40) November 14, 2023 around 10:00 hours Plaintiff was called to Operations again to see Lt. Justin Summerfield where among other things Plaintiff expressed what occurred yesterday w/ Dr. Becker & the urgency of seeing these specialist. As well as wheel chair issues.

41) November 21, 2023 around 08:36 hours Plaintiff spoke w/ HCUA Phil Martin while Martin was doing an admin. tour of 1B. Plaintiff explained in great detail their extreme non-stop pain from their back injury, the numbness in their legs, & the dire need to see the specialist to fix their injury. Martin replied "I know all about it I will look into it when I get time." Plaintiff tryed to express the urgency since the missed appointment w/ a neurosurgeon from St. Louis, MO when first arriving at Robinson. Martin replied "that's not my problem" Plaintiff then asked about their replacement wheel chair

42) November 21, 2023 around 09:00 hours Plaintiff spoke w/ Warden Chad Jennings on the walk where Plaintiff explained their entire interaction w/ HCUA Phil Martin minutes prior (#41 herein) as well as their need for a replacement wheel

23

chair due to seat pulling apart & coming out & the urgency to see the specialist for their back injury. Jennings stated "I am looking into these issues & will see what can be done" Jennings did nothing & was deliberity indifferent.

43  November 21, 2023 around 12:30 hours Plaintiff was called to Operations to see Lt. Justin Summerfield because Summerfield had gotten an email from Constituent services over my medical conditions, care, & treatment. Plaintiff explained again in detail that they are in extreme nonstop pain needing to see the specialist for their back injury & needing a new wheel chair because their's was about to break & will likely cause more harm to them when falling. Summerfield said "I will let them know & I'll see what I can do." Summerfield did nothing again.

44  November 25, 2023 around 09:30 hours Plaintiff had a mounting bracket fall off the seat of their wheel chair a search record/ confiscated contraband DOC 0300 was written (exhibit 15 attached & incorporated herein by reference) base HCU was contacted by the officer. Base HCU told us "there's nothing we can do we don't have any more wheel chairs"

45  November 25, 2023 around 12:55 hours Plaintiff had another mounting bracket fall off the seat of their wheel chair another search record/ confiscated contraband DOC 0300 was written (exhibit 16 attached & incorporated herein by reference) base HCU was again contacted by the officer & told "we know & we still don't have any wheel chairs"

46  November 28, 2023 Plaintiff had another seat mounting bracket fall off their wheel chair, the officer said he wrote DOC 0300 yet Plaintiff has been unable to obtain copies. Officer notified base HCU who stated "we know it's ok" & wrote request to CAO Jennings Exhibit 17

47  November 29, 2023 Plaintiff had another two seat mounting bracket fell off their wheel chair. Officer notified the base HCU who said "ok"

48  November 30, 2023 around 18:30 hours +/- Plaintiff's wheel chair seat completly broke slamming them into the steel X support jarring the Plaintiff causing extreme pain in their back/hip w/shooting/tingling in L leg. S/o Williams badge #8826 came

24

to Plaintiff's bunk area 1B5-6 to retreive the broken wheel chair where Plaintiff asked for emergency medical. C/o williams said he was gonna call medical. C/o williams came back & told Plaintiff "medical said your fine write another grievance they don't want to see you" C/o williams then sent IIC Scott web to HCU to get Plaintiff a loner wheel chair which base HCU had claimed to not have prior to this & could have prevented this harm to Plaintiff. C/o williams then provided further detail on who in medical stated the above things C/o williams said Nurse Gray had called HCUA Phil Martin & it was their response. Deliberent indifference. Plaintiff wrote an emergency grievance & fully exhusted w/ARB all including the ARB were deliberently indiffent to Plaintiff's serious medical needs. (Exhibit 18, 18A, & 18 b&c attached & incorporated herein by reference is Plaintiff's fully exhusted grievance)

49    December 04, 2023 around 13:30 hours Plaintiff was called to Robinson cc base HCU where they met DDN S. Bickers Bickers was asked by Plaintiff "Why were Nurse Gray & HCUA Martin denying me medical attention when I fell from the wheel chair breaking?" Bickers stated "We are sick of dealing with you & all your request as well as your grievances. I don't care what happens to you & you can write me up again" Bickers then pointed to Plaintiff's new wheel chair & told Plaintiff to get into it & leave.

50    December 05, 2023 Plaintiff wrote a missive to Warden Chad Jennings listed as "RE: Requesting your offical response" over lack of medical care Jennings never replied nor took action further proving his deliberte indifference to Plaintiff's serious medical needs. Exhibit 19 attached & incorporated herein

25

51  November 14, 2023 through December 06, 2023 Plaintiff submitted a sick call request each day clearly detailing their extreme non-stop back pain, discomfort, & pleading to see a specialist.

52  December 06, 2023 Plaintiff spoke w/Warden Chad Jennings on the walk about the back injury, their extreme non-stop pain, their need to see a specialist, the fact sick call has not seen them despite 22 request, as well as what occurred w/Nurse Gray, HCUA Phil Martin on 11/30/23 & DON Bickers on 12/04/23. Jennings replied "I will look into all of this again but their not very receptive when it comes to you. You file to many grievances Cornille" This reply further proves Jenning's deliberate indifference.

53  December 07, 2023 approx. 08:00 hours Plaintiff was called to the base HCU where they fully detailed their non-stop back pain(which is near a 10 at all times, the lack of ADA & RA care. Nurse Jane Doe #3 told the Plaintiff "your ok there's nothing wrong w/you it is just in your head.

54  December 12, 2023 approx. 14:11 hours Plaintiff went to the base HCU for medication while their Plaintiff spoke w/DON S. Bickers over the continued denial of medical care & their need to see specialist. DON S. Bickers replied "I don't see the need for any medical care you just got to relax."

55  December 19, 2023 Plaintiff wrote a Staff conduct grievance over the handling of grievances espically emergency grievances. Fully exhusted w/ ARB denial (Exhibit 20, 20A, & 20B attached & incorporated herein by reference)

26

56  December 21, 2023 Plaintiff wrote an emergency medical treatment grievance over Wexford Policies & Procedures) Staff denying Plaintiff adequate, timely, & nonretaliatory access to medical specialist to treat/repair Plaintiff's back. Fully exhausted w/ ARB's denial & ARB's deliberate indifference. (Exhibit 21, 21A, & 21B attached & incorporated herein by reference)

57  January 04, 2024 approx. 05:50 hours Plaintiff spoke w/ Warden chief Jennings in the core of 1 house Robinson cc about their ongoing medical issue's w/ Plaintiff's back, their extreme pain, & fact Plaintiff continues to be denied rehabilitation or to even see specialist. Jenning's replied" Cornille you write so many grievances on medical no one wants to do anything for you"

58  January 08, 2024 Plaintiff wrote an emergency grievance over medical treatment for being denied RA/ Physical therapy & that ADF gym was not PT. Fully exhausted w/ ARB's denial/ deliberate indifference. (Exhibit 22, 22A, 22B attached & incorporated herein by reference)

59  December 10, 2023 through January 08, 2024 Plaintiff wrote 20 sick call slips detailing their extreme non-stop back pain, need for specialist care, & other issues. Plaintiff still was not seen by end of Jan. 08, 2024.

60  January 08, 2024 Plaintiff wrote a medical treatment grievance over medical not seeing the Plaintiff despite 20 sick call slips filed between 12/10/23 & 01/08/2024. Fully exhausted w/ ARB's denial & deliberate indifference. (Exhibit 23, 23A, 23B, 23c attached & incorporated herein by reference.

27

61    January 10, 2024 approx. 08:30 hours Plaintiff spoke w/ Warden Chad Jennings as he did admin. tours of Plaintiff's housing unit over the ongoing delibert indifference to their serious medical needs in reguards to their back. Warden Jennings Stated "There's not much I can do medical wants nothing to do with you, after all your grievances but I will mention your concerns to Martin."

62    January 10, 2024 approx. 12:00 hours Plaintiff went on a Pre-sechduled call bose to the base HCU where they saw nursing Staff & described in extreme detail their back pain & their need to see a specialist. Plaintiff was informed they were gonna see the specialist on January 16, 2024.

63    January 16, 2024 approx 09:30 hours Plaintiff was set to go see a specialist for their back injury when Plaintiff was called to the security desk of their housing unit where security informed them their medical writ had been cancelled. Plaintiff Proceeded to write an emergency medical treatment/ Staff conduct grievance over the cancelled med writ, where HCUA Phil Martin responded citing "Due to security staff issues and transportation issues, your medical furlough is being resechduled" Warden Jennings & the ARB denied the grievance further Proving all three's delibert indifference to Plaintiff's serious medical needs. Fully exhusted grievance w/ ARB denial (Exhibit 24, 24A, & 24B attached & incorporated herein by reference)

64    January 16, 2024 through January 27, 2024 Plaintiff wrote a sick call slip each & everyday clearly detailing their extreme non-stop back Pain & the need to see the specialist. Plaintiff not seen.

28

65  January 23, 2024 approx. 14:50 hours (2:50PM) Robinson base HCU received a Phone call from Dr. Chu (Dr. Gordon Chu Neurosurgery 305 W. Jackson St., Ste. 400 Carbondale, IL 62901) Stating he would not like to see the Plaintiff due to fracture being begnin & reccommended back brace & wheel chair be taken. Plaintiff never saw, met, nor was exammed by Dr. Chu & Dr. Chu didn't even know the Plaintiff's full medical history. Dr. Chu's action's Proves medical malpractice, tort, & deliberate indifference to Plaintiff's serious medical needs & Per-West V. Atkins, 487 U.S. 42 (1988) since Dr. Chu was working with or for Prison officials by contract Dr. Chu can be sued using Section 1983. "Offender Outpatient Progress Notes" Proves this fact. (Exhibit 25 attached & incorporated herein by reference) Plaintiff notes they did not know or obtain this document until approx. 1 month later.

66  January 26, 2024 approx. 10:00 hours Plaintiff encounter Assit. warden William "Bill" Loy on the walk where Plaintiff spoke w/ Loy over the ongoing issues w/ medical which is directly under A/w Loy's supervision. Plaintiff began to express the seriousness of their back injury & Pain when A/w Loy interuppted them staring "I know all too well your medical issues Cornille & until you quit filing all those complqants no one is gonna help you" Further Proof of Deliberat indifference but Loy said my missed 1/16/24 appointment will reset.

67  January 28, 2024 approx. 10:00 hours Plaintiff was called to the base HCU of Robinson where they saw via telemed Dr. Glen Steve Babich who never done any sort of exam on the Plaintiff nor even read Plaintiff's medical file told Plaintiff who had not walked at all in four (4) months they were taking Plaintiff's back brace, giving Plaintiff a walker, & in short Plaintiff didn't need to see specialist of neurosurgery since there's no nerve damage. Plaintiff contested citing Dr. Babich's

29

lack of physical exam, & lack of understanding of Plaintiff's condition to which Plaintiff asked about ortho & cardiovascular due to the displaced fractures & vertebral body hemangioma (blood clot) in Plaintiff's back. Dr. Babich stated "You will be fine there's nothing wrong w/ your back" Plaintiff wrote an emergency medical grievance & attached a copy of their 09/22/2023 MRI results to the grievance. This grievance was labeled K42-0124-0284E & when replied to Prison officials joined this grievance w/ another emergency grievance Plaintiff wrote on 04/01/24 K92-0121-0322E. Both fully exhausted w/ ARB's denial/deliberate indifference (Exhibits 26, 26A, 26B, 26C, & 26D; 26E attached & incorporated herein by reference)

68   February 01, 2024 Plaintiff wrote an emergency grievance over medical treatment/staffs conduct after Plaintiff was called to the HCU where Nurse Stephens took Plaintiff back brace, gave them a walker, & told Plaintiff in 6-8 weeks they will take their wheel chair. Plaintiff still had no Physical therapy (PT) violating ADA/RA. Nurse Stephens told Plaintiff "weather you like it or not this is the way it is & it wont change so get over it". In this grievance Plaintiff clearly named IDOC Director Latoya Hughes, Director of OHS Steven Bowman, Director of medical Steven Meeks, Deputy Director Kim Smith, Warden Chad Jennings, A/W william "Bill" Loy, HCUA Phil Martin, & Steven Babich all who had the power to stop the torture of the Plaintiff & all who were & are deliberately indifferent to Plaintiff's serious medical needs. Exhibit 26, 26A, 26B, 26C, & 26D; 26E herein this compliant.

69   February 05, 2024 approx. 09:30 hours Plaintiff was called to Robinson cc operations where they met Warden Chad Jennings, A/W

William "Bill" Loy, HCUA Phil Martin, LT of IA Justin Summerfreid, & Kenneth Griffin in this meeting all five (5) listed herein confirmed that everyone from Director Hughes, Bowman, Meeks, Smith, & Babich (all parties listed in #68 of this compliant as well as that grievance Exhibit 25 herein) had been notified of my 02/01/2024 emergency grievance #K42-0224-0322E & that I needed to stop filing grievances or I would face the consequences. When plaintiff ask what the consequences would be they were informed that IA would raise their security level & ship them from a minimum to a high medium among other things. Plaintiff fearing for their safety sat quietly until asked do you fully understand? Plaintiff replied I understand but I need to see the specialist & have my back fixed. All five (5) staff begin to talk at once then Jennings stated "I have no control over medical none of us do here, I have been getting e-mails all morning from Bowman, Meeks, Hughes, & Smith telling me to handle this problem"

70    February 05, 2024 Plaintiff wrote Dr. Goldon Chu an official records request/release Exhibit 27 attached & incorporated herein by reference. Plaintiff never received a reply.

71    February 05, 2024 through February 10, 2024 Plaintiff submitted a sick call slip each day describing their back pain & need to be seen

72    February 10, 2024 Plaintiff was called to base HCU for sick call notes were taken & Plaintiff told when we get a doctor you will see him

73    February 11, 2024 through February 22, 2024 Plaintiff submitted sick call slips each day fully detailing their extreme back pain & Pleading to be seen.

31

74    February 22, 2024 approx. 08:40 hours Warden Jennings & A/W Loy were doing admin. tours of Plaintiff's unit where Plaintiff spoke w/ Jennings & Loy. Plaintiff expressed the fact they were still in extreme pain w/ their back & needed medical care. Plaintiff proceed to request Jennings & Loy to support Plaintiff in getting transfered from Robinson to Taylorville so Plaintiff could obtain medical care. Jennings & Loy agreed to make some calls.

75    February 23, 2024 Plaintiff encounted A/W Loy on the walk at approx. 11:30 hours where Plaintiff informed A/W Loy they had submitted for transfer to Taylorville & another minimum security. A/W Loy replied "I will look into it"

76    February 27, 2024 approx. 10:00 hours Plaintiff was seen for sick call (after another excessive delay) where the nurse told Plaintiff "Your on the doctor line" while still in the HCU A/W Loy entered the HCU upon seeing the Plaintiff A/W Loy stated "I timed this all wrong", Plaintiff asked about the status of their transfer where A/W Loy replied "were lookin into it" Plaintiff asked for A/W Loy to "Please do your best I really need medical care or at the least to know I am gonna see one of the specialist" A/W Loy said "you will it just won't be from this Prison".

77    March 05, 2024 approx. 08:30 hours Plaintiff spoke w/ Warden Jennings in the gym of Robinson over the ongoing medical issues w/ their back, Physical therapy, & transfer. Jennings replied "Still looking into your transfer and you can get medical attention here Camille".

78   March 05, 2024 through April 03, 2024 Plaintiff submitted sick call slips each & every day detailing their extreme back pain pleading to be seen, yet Plaintiff was never seen.

79   March 19, 2024 approx. 08:35 hours Plaintiff talked w/ A/lis Loy trying to get update on medical care & transfer. A/w Loy replied "we are working on it. I also opened an official case for the retaliation you've been dealing with."

## Prayer For Relief

Wherefore, Plaintiff asks that the Court enter a Judgement against the Defendant(s) & the Court:

1. Grant the attached Preliminary injunction then Permanent injunction.

2. Declare the actions of Defendants violated Plaintiff's rights & Protections under the 8th & 14th Amendments of the United States Constitution.

3. Declare the actions of Defendants violated Plaintiff's rights & Protections under ADA & RA.

4. Declare the actions of Defendants Percy Myers, PCH, SIH-MH, John Davidson, Gordan Chu, & Glen Steven Babich are also medical malpractice.

5. Declare the actions of Defendants violated Plaintiff's rights & Protections afforded to them by Illinois State Tort law.

6. Nominal Damages of $100.00 (USD) against each Defendant Jointly & severly.

7. Compensatory Damages of $350,000.00/100 (USD) against each Defendant Jointly & severly.

8. Emotional Distress & Loss of enjoyment of life $250,000.00/100

33

9. Punitive Damages Of $275,000. $^{NO}/_{100}$ against each Defendant who is sued in their individual capacity (#'s 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15, 16,17,18,20,21,22,23, & 28) Jointly & Severly.

10. Preliminary/Permanent injunction on Defendant's Wexford Health Sources Inc. (#8), Latoya Hughes (#24), Administrative Review Board (ARB) (#19), Steven Bowman (#25), Steven Meeks (#26), & Kim Smith (#22) for these injunctions Plaintiff will (1) Prove at trial that the Defendant(s) violated their rights, (2) that Plaintiff will suffer irrepairable harm of life long nerve damage, blood clot that could lead to death, & the loss of ability to walk If they do not receive a Preliminary injunction, (3) Plaintiff's threat of harm is exceptionally greater than any harm these Defendant(s) could possibly face if Plaintiff got a Preliminary injunction & (4) a Preliminary injunction will serve the Public Interest. 1st Plaintiff seeks to compel via Preliminary injunction to immediatly get Plaintiff to each specialist necessary to treat, repair, & remove the damage/pain in their lower back. 2nd For the Defendant(s) to prevent further harm to IIC's by establishing an independant board certified doctor w/ the ARB to reveiw, recommend, & respond to any & all medical grievances. 3rd A proper streamlined review w/appeal option process for IIC's to use when denied to see offsite medical care independant of Wexford. 4th The right for IIC's to obtain a second medical opinion. 5th Mandatory reporting & disclosure to licensce agencies for medical staff compliants.

11. A jury trial on all issues so triable in accordance with Federal Rules of Civil Procedure, Rule 38.

12. All cost incurred by Plaintiff for this suit, including but not limited to attorney's fees.

34

13. Any additional relief this Court deems Just, Proper, & equitable.

Respectfully,

s/ [signature]

Bradley J Cornille sr., B88097

Pro-se

## Verification

I have read the foregoing Compliant, & hereby verify that the matters alleged therein are true, except as to matters alleged on information &/or belief, & as to those I believe them to be true. I certify under Penalty of Perjury, that the foregoing is true & correct.

Executed at Dixon, Illinois on:

s/ [signature]

Bradley J Cornille sr, B88097

## Certificate Of Service

The undersigned certifies that on: 5/1/24 they caused this Compliant to be E-filed from Dixon CC with the Federal Court For The Southern District.

s/ [signature]

Bradley J Cornille sr., B88097

35

ILLINOIS DEPARTMENT OF CORRECTIONS

Offender Outpatient Progress Notes

Pinckneyville Correctional     Center

EX 1

| Offender Information: |
|---|
| Camille                    Bradley                        ID#: B88097 |
| Last Name                  First Name              MI |

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 9/1/23 8:00pm | LPN note Individual In Custody Brought over in W/C By Staff to HCU. C/O severe pain to cervical and lumbar area - Neck noted to Be kept to ℞ Side resting on shoulder. BP 163/98, 98, 98', 24 resp, 97% SpO₂. Skin Dry, warm, Intact. Stated His legs felt numb - Dr. myer(X) called. N.O. received to Send to ER By ambulance, place neck Brace on. ambulance called, ER report given. Shift commander, macy notified. Carl Lun LPN | |

Ex. 2

Page 1 of 2

**Pinckneyville Community Hosp**

Patient:  Bradley Cornille
Acct Num:  PC0001012838
Med Rec Num:  PM00306773
Location:  Emergency Department
Primary Provider:  Reyes,Christopher
Date:  09/01/23

# Patient Visit Information

## You were seen today for:

Fracture of transverse process of lumbar vertebra

## Patient Instructions:

Received with this packet on 09/01/23 at 22:58
Transverse Process Fracture

## Activity Restrictions or Additional Instructions:

follow up with prison physician in 2 days . Rest and avoid heavy lifting. Patient needs a back brace. If noticed any weakness and increasing numbness to legs and loss of bladder or bowel control. Go back to ER

## Follow-Ups:

Bradley Cornille has been referred to the following clinics/specialists for follow-up care:

**1. PERCY C MYERS , M.D.  Date: 3 Days**
   1000 N MAIN ST
   ANNA, IL  62906
   (618) 357-9722

## Prescriptions:

1. gabapentin
      300 mg oral daily #30 cap
      300 mg
      capsule
      Refills: 0
2. hydrocodone-acetaminophen
      1 tab oral Q6H as needed #14 tab
      10-325 mg
      tablet
      Refills: 0
3. prednisone
      50 mg oral daily #7 tab
      50 mg
      tablet
      Refills: 0

## Additional Documents Given:

Page 2 of 2

**Pinckneyville Community Hosp**

Ex. 2A

Patient: Bradley Cornille
Acct Num: PC0001012838
Med Rec Num: PM00306773
Location: Emergency Department
Primary Provider: Reyes,Christopher
Date: 09/01/23

Home Medications List

Ex. 3

 **SIH**

| SIH Memorial Hospital | Cornille, Bradley J |
|---|---|
| Carbondale | MRN: 1210478, DOB: 12/26/1991, Sex: M |
| 405 West Jackson Street | Acct #: 100001278960 |
| | Adm: 9/2/2023, D/C: 9/2/2023 |

*Providers are independent contractors and*
*not employees of Southern Illinois Healthcare*

## Orders

Reason for Exam: lumbar spinous process fracture then glf again with right lumbar pain

### CT LUMBAR SPINE WO CONTRAST [90914122]

Electronically signed by: **John H Davidson, PA on 09/02/23 1130**
This order may be acted on in another encounter.
Ordering user: John H Davidson, PA 09/02/23 1130     Ordering provider: John H Davidson, PA
Authorized by: John H Davidson, PA     Ordering mode: Standard
Indications comment: lumbar spinous process fracture then glf again with right lumbar pain

#### Questionnaire

| Question | Answer |
|---|---|
| Decision Support Exception | Emergency Medical Condition (MA) |

#### Screening Form

##### General Information

| | |
|---|---|
| Patient Name: Cornille, Bradley J | MRN: 1210478 |
| Date of Birth: 12/26/1991 | Home Phone: **618-357-9722** |
| Legal Sex: Male | Work Phone: 618-357-9722 |
| | Mobile: 618-357-9722 |

| Procedure | Ordering Provider | Authorizing Provider | Appointment Information |
|---|---|---|---|
| CT LUMBAR SPINE WO CONTRAST | John H Davidson, PA ☏618-942-2171 | John H Davidson, PA ☏618-942-2171 | 9/2/2023 12:40 PM SIH MHC CT ROOM 2 MHC CT |

##### Screening Form Questions

No questions have been answered for this form.

Resulted: 09/02/23 1309, Result status: Final result

### CT lumbar spine without contrast [90914122]

| | |
|---|---|
| Ordering provider: John H Davidson, PA 09/02/23 1130 | Resulted by: Derek Lee Fimmen, MD |
| Filed by: Interface, Merge311_Imaging_Orders_And_Results_Incoming 09/02/23 1314 | Performed: 09/02/23 1238 - 09/02/23 1255 |
| Accession number: SIH2541926 | Resulting lab: RADIOLOGY LLB |

Narrative:
EXAM:  CT LUMBAR SPINE WITHOUT INTRAVENOUS CONTRAST 09/02/2023.  SAGITTAL AND CORONAL REFORMATTED IMAGES OBTAINED

HISTORY:  Back pain.  Previous fracture.

COMPARISON:  None.

FINDINGS:  A normal lumbar lordosis is maintained.  Nondisplaced fracture of the right transverse process of L2.

Minimally-displaced fracture of the right transverse process of L3.  Nondisplaced fracture at the posterior aspect of the right superior articulating facet of L3.

Nondisplaced fracture at the right transverse process of L4.

EX. 3A

 SIH

SIH Memorial Hospital
Carbondale
405 West Jackson Street

Cornille, Bradley J
MRN: 1210478, DOB: 12/26/1991, Sex: M
Acct #: 100001278960
Adm: 9/2/2023, D/C: 9/2/2023

*Providers are independent contractors and
not employees of Southern Illinois Healthcare*

The remaining osseous structures appear intact.

IMPRESSION:
1. Nondisplaced fracture at the right transverse process of L2 and L4.
2. Minimally-displaced fracture of the right transverse process of L3.
3. Nondisplaced fracture at the posterior margin of the the right superior articulating facet of L3.
4. Normal anatomic alignment is maintained. No bony encroachment on the spinal canal. The remaining osseous structures appear intact.

All CT scans are performed using dose optimization techniques as appropriate to the performed exam and include at least one of the following: Automated exposure control, adjustment of the mA and/or kV according to size, and the use of iterative reconstruction technique.

Electronically signed by: DEREK FIMMEN M.D.
Date:    09/02/2023
Time:    13:00
Acknowledged by: Susan C Hoyle, RN on 09/06/23 1638

Testing Performed By

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| 51 - RADIOLOGY LLB | RADIOLOGY LLB | Unknown | Unknown | 11/07/16 1053 - Present |

## END OF REPORT

EX. 4

# AFTER VISIT SUMMARY

**Bradley J. Cornille** MRN: 1210478          📅 9/2/2023   📍 SIH Memorial Hospital of Carbondale 618-529-0491

## Instructions

Maintain your TLSO with weight-bearing you can take it off to sleep but otherwise keep it on keep taking your pain medications already prescribed follow-up with neuro surgery in 2 weeks.  No heavy lifting nothing more than 10 lb.

 **Read the attached information**
1. Transverse Process Fracture (English)
2. Lumbar Spine Fracture (English)

 **Schedule an appointment with Alicia Markley, PA-C as soon as possible for a visit in 2 weeks (around 9/16/2023)**
Specialty: Physician Assistant, Family Medicine
Contact: 2553 Ken Gray Blvd
West Frankfort IL 62896
618-932-3937

 **Schedule an appointment with Gordon Chu, MD as soon as possible for a visit in 2 weeks (around 9/16/2023)**
Specialty: Neurosurgery
Contact: 305 W Jackson St Ste 400
Carbondale IL 62901
618-351-4972

## What's Next

You currently have no upcoming appointments scheduled.

## Today's Visit

You were seen by John H Davidson, PA
**Reason for Visit**
Back Pain

**Diagnoses**
- Closed fracture of spinous process of lumbar vertebra with routine healing, subsequent encounter
- Closed fracture of third lumbar vertebra, unspecified fracture morphology, initial encounter

🖼 **Imaging Tests**
CT lumbar spine without contrast

➕ **Done Today**
Back brace:

| | Blood Pressure | | Temperature (Oral) |
|---|---|---|---|
| ♡ | 122/84 | 🌡 | 98.1 °F |
| Pulse | 90 | Respiration | 18 |
| Oxygen Saturation | 98% | | |

Assigned Grievance #/Institution:

Emergency due to serious risk of irreparable harm, damage

1st Lvl rec: _____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Individual in Custody's Grievance**

Housing Unit: _____ Cell/Bed #: _____

2nd Lvl rec: _____

EX-5

| Date: 9-3-23 | Individual in Custody (please print): Cornille | ID #: B98097 | Race (optional): |
|---|---|---|---|

| Present Facility: Pinckneyville | Facility where grievance issue occurred: Pinckneyville |
|---|---|

**Nature of grievance:**

☐ Personal Property    ☐ Mail Handling    ☐ Medical Treatment    ☐ ADA Disability Accommodation

☐ Staff Conduct    ☐ Dietary    ☐ HIPAA    ☐ Restoration of Sentence Credit

☒ Other (specify): Failure To Protect/health, Safety, & Sanitation

☐ Disciplinary Report _____ Date of report _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and **place in the designated locked receptacle marked "grievance":**

    **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board

    **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor

    **Chief Administrative Officer,** only if **EMERGENCY** grievance

    Mail to **Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

9-1-23 while house 5D17 PNK between 1900 & 1920 hours my slip/fall occurred in N5 on D wing about 35/36 cell (camera footage #12 Pull present) at the time of the incident I was housed in 5D17 of PNK. was coming out for dayroom. After I slip/fell I tryed to ignore the extreme pain & move on yet during the incident I fell really hard (even several unknown Staff's & IIC's said as much) feet overhead, brief loss of consciousness W/ cloudy & var vision, extreme pain from head, neck, Shoulders, mid & lower back. As I set on the bench by phone I learned several IIC's & Staff that someone on top deck (top deck had by

☒ Continued on reverse

**Relief Requested:** Preservation of all video footage from PNK 5D unit on 09/01/23 between 1800 & 1930 hours. Provide me W/ a copy of any & all 434's or any other documents written/pertaining to this matter by any Staff on 09/01/23 or thereafter. Referral of this for criminal charges for putting lives at PNK W/ toxic body waste/fluids from a drug addict who smoked too much & vomited everywhere. Medical screening to ensure this drug addict (who can be ID by video) does not have any communicable, relief con→

☒ Check **only** if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is **NOT** an emergency grievance.

_____ Individual in Custody's Signature    B98097 ID#    9-3-23 Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: _____    ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

_____

_____

_____

_____

_____

_____

_____

| _____ Print Counselor's Name | _____ Sign Counselor's Name | _____ Date |
|---|---|---|

**Note to individual in custody:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: _____

Is this determined to be of an emergency nature:

☐ Yes, expedite emergency grievance

☐ No, an emergency is not substantiated. Individual in custody should submit this grievance according to standard grievance procedure

_____ Chief Administrative Officer's Signature    _____ Date

Distribution: Master File; Individual in Custody    Page 1 of 2    DOC 0046 (Rev. 8/2023)

Assigned Grievance #/Institution:                Housing Unit: ____   Bed #: ____

1st Lvl rec: _____
**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Individual in Custody's Grievance**
2nd Lvl rec: _____

Ex. 5A

room right before bottom deck) had gotten so high that they puked all over the floor (where I fell), shower, & wall & that "L" the porter was on the wing to clean it up by dayroom for bottom deck was called yet "L" did not get it cleaned before dayroom was called he was still getting tools out. There was no warning for us IIC's coming out, no wet floor signs, no mop bucket, there wasent even staff warning or standing near the biohazard waste of some dope heads puke. IDoc failed to protect not only myself but all IIC's from this unknown/hazzen biohazard waste. I managed to get myself to the JD wing door to plead w/ staff I needed medical attention because I started to feel a tingling/numbness breaking through my back into my legs. Staff called for a wheel chair & it came just in time as my legs had begun to go numb. I was wheeled to PNK HLU where it was determined I would be sent out on an emergency med writ by Ambulance, I was placed in a C collar & waited for the ambulance to arrive. Yo Vaughn for IA came into HLU to ask me if there was any thing I needed to tell him before he watched the video, I told Vaughn no I'm hurt bad. During my wait for the ambulance the numbness got so bad an unknown female Lt. told me I had pees on myself & I had no cilie I had. I was transported to Pinckneyville Community hospital by ambulance staff shortly thereafter where it was determined by CT scans I think I had a transverse lumbar fracture in my lower right back to the right of my spine. I was given vicodin for pain told to wear a brace at all times, bed rest, no lifting, no stairs, & take medication, yet the hospital did not have a brace & still sent me back to the prison despite my inability to stand/walk. Transport Yo Everheart was a lifesaver she helped lift me from the hospital bed into a wheel chair then up into the transport van then back into the wheelchair & into PNK HLU & I will call on Yo Everheart for testimony of my condition & flaws in care from Pinckneyville community hospital which I greatly believe led to me refalling the following morning in PNK HLU I sol on 08/01/23 I was trying to use my upper body strength to move from my bed into the wheelchair yet w/o brace for support I felt like Plixy, a weak limp noodle & in immense pain which was only made worse when the wheel chair rolled away, nurses came in right as I hit the floor hard causing shooting pain/numbness into my right side & led to me being sent on a med writ to Carbondale memorial hospital where more CT were done confirming the lower lumbar fracture before discharge I was given a full upper body brace that covers from waist to shoulders. I now live in extreme pain consistantly, struggle to stand or even walk at all, mostly in a wheel chair for now, & will forever have irrepairable damage because a biohazard mess was not cleaned up before next dayroom was called & had this been an officer who fell instead of an IIC there would be alot more repercussions for the addict who puked every where as well as those who let it be there despite knowing is was there & risk it posed. EOS B2

_____

_____

Relief sought: please, protection from any & all retaliation in any manner from any one.

_____

# State of Illinois - Department of Corrections

## Counseling Summary

Ex.5B

| | | | |
|---|---|---|---|
| **IDOC #** | B88097 | **Counseling Date** | 09/06/23 14:23:08:087 |
| **Offender Name** | CORNILLE, BRADLEY J. | **Type** | Collateral |
| **Current Admit Date** | 09/04/2018 | **Method** | Grievance |
| **MSR Date** | 08/17/2032 | **Location** | PNK HEALTH CARE UNIT |
| **HSE/GAL/CELL** | H -01-01 | **Staff** | SKORCH, DIANE, Office Coordinator |

✓ Emergency grievance # 2992-09-23 regarding conditions, dated 9/3/23 has been deemed emergency by CAO for expedited grievance review.

**Print Date  9/6/2023**

*this grievance. Ty*

EX: 6

Housing Unit ~~#~~ ~6~  Box #: A36

3145.09.23 Fall

# ILLINOIS DEPARTMENT OF CORRECTIONS
## Offender's Grievance

| Date: 9-18-23 | Offender (please print): Cornille, Bradley | ID #: B88097 | Race (optional): NAF |
|---|---|---|---|
| Present Facility: PNK | | Facility where grievance issue occurred: PNK | |

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify).
- [x] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____  Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance".

    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
    Chief Administrative Officer, only if EMERGENCY grievance.
    Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

9-2-23 While I was held in PNK HCU I was e-med writ to SIH Carbondale due to a second fall w/in 24 hours the Dr of SIH ordered a full ortho follow up w/in 2 weeks. That 2 weeks expired 9-16-23 & I've still not seen ortho, due to Dr Percy Myers nor filing collegial papers on 9/2/23. cc: Att. Bennett & Myers Attorney John Gilbert & Phillip Berron

- [ ] Continued on reverse

Relief Requested:

To see ortho immediatly with Dr orders fully complied with. mandate of IDoc.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

- [x] Check if this is NOT an emergency grievance.

_Cornille_ Offender's Signature     B88097 ID#     9-18-23 Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**    Date Received: _____    [ ] Send directly to Grievance Officer

- [ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

_____

Print Counselor's Name     Sign Counselor's Name     Date

Note to offender: If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: _____

Is this determined to be of an emergency nature.

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure.

_____
Chief Administrative Officer's Signature      Date

Ex 6A

RECEIVED

SEP 15 2023          3146.09.23 AK    **ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

Housing Unit  6    Fac.# A36

| Date: 9-18-23 | Offender (please print): Cornille | ID #: B88097 | Race (optional): NA/F |
| Present Facility: PNK | | Facility where grievance issue occurred: PNK | |

**Nature of grievance:**

☐ Personal Property        ☐ Mail Handling      ☐ Medical Treatment      ☐ ADA Disability Accommodation
☒ Staff Conduct           ☐ Dietary            ☐ HIPAA                  ☐ Restoration of Sentence Credit
☐ Transfer Denial by Facility   ☐ Other (specify):
☐ Disciplinary Report

_____ Date of report          _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
    Chief Administrative Officer, only if EMERGENCY grievance
    Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs,
    issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved)

The base core of this grievance is the staff conduct of Wexford Health Sources Inc. Doctor Perry Chester Myers & all herein that follows is just sufferative evidence of Myers misconduct as of today 9/18/23 while held in BA36 of PNK all of this begun 9/1/23 when I was housed in 5D11 & enroute when falling in biohazard waste by JD (not core of this grievance list 9/14/23 foundation) I have been denied adequate medical standard bare care medical attention by Dr. Perry Myers that is retaliatory based because Perry Chester Myers is allowing his personal feelings over a current shit between myself & myers (see Fed. Ct. S.D.ste No. 22-

☒ Continued on reverse

**Relief Requested:**

All medical holds of any nature lifted so as to allow my immediate transfer to Graham SC (where I am already allowed for) upon my transition from wheel chair to walker under supervision of trained physical therpist (not Myers) after of the hys cleared the transitation because Perry Myers conduct (Continued abuse) proves I will never be given proper medical care here at PNK due to being medical doctor Admin

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.          No further retaliitory akts.

☐ Check if this is NOT an emergency grievance

_____A_____          B88097          9-18-23
Offender's Signature          ID#          Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: _____    ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

_____
_____
_____
_____
_____
_____

_____ Print Counselor's Name     _____ Sign Counselor's Name     _____ Date

**Note to offender:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: _____

Is this determined to be of an emergency nature:
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_____ Chief Administrative Officer's Signature          _____ Date

Distribution: Master File; Offender          Page 1 of 2          DOC 0046 (Rev. 01/26/2019)

Assigned Grievance #:_____    Housing Unit  6    Bed # A36

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**    2nd Level

cv-1988-MAB for his prior actions meaning that harmed me) to slant his current judgement decision making, & is driving Myers to take harmful actions fueled by retaliation & anger which now biases every decision(s) for the lack there of by Myers &/or the Pinckneyville center under Myers control because Myers is the medical admin. doctor @ PNK H...ville hospital SIH Carbondale made the orders for me to follow w/ w/in 14 days of 9/2/23 when I was sent out to SIH until they get here as is evident by it being 9/18/23 two(2) days past their orders for me to follow w/ w/in the f_ still waiting to be seen because per my Myers failed to do the needed ____ collegial paperwork on 9/2/23, Myers finally did the collegial order on 9/14/23 twelve days too late. (w/x case of this grievance inc added evidence is Myers acting this medical treatment grievance is ____ pending) Myers actions has caused a great delay in my medical, my healing, & Myers has willfully, vindictive, knowledge, & intent, & direct involvement carried out these actions ____ acting so as or lack there of for retaliation, hate, harassment, discrimination, & he is the compliance. CC: Att. Bennett & Myers Attorneys John Gilbert & Phillil Bricca. It should be noted Nurse staff have done what they can w/ in their power concerning this incident & it is appreciated, Myers is the issue.

EX-6B

6A36

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

Ex. 6C

| Grievance Officer's Report | | |
|---|---|---|
| Date Received: 09/19/2023 | Date of Review: 10/12/2023 | Grievance # (optional): 3145-09-23 |
| Offender: Cornille, Bradley | | ID#: B88097 |

**Nature of Grievance:**

Medical

**Facts Reviewed:**

Grievant states on 9/2/23 they were given an e-med writ to SIH Carbondale due to a second fall w/in 24 hours. Grievant states the doctor of SIH ordered a full ortho follow up w/in 2 weeks and that expired 9/16/23 and still have not seen them due to Dr. Myers not filing collegial papers on 9/2/23.

Relief requested:
To see ortho immediately with their orders fully complied

HCUA response:
Many of the local area orthopedic specialists/clinics do not see patients for generalized back pain. Some of the facilities contacted would not schedule you based on your 9/2/23 CT scan without first having an MRI done. You had an MRI done on September 22nd. The facility schedulers have been trying to get you scheduled for an ortho follow up and have had to expand their search based on other facilities not being willing to see you based on your condition.
You are scheduled for an ortho evaluation. The HCUA, MD, and facility have no control over how quickly an outside appointment can be scheduled as that is determined by the outside facility's availability and how urgent they feel your consult is based on your CT and MRI results/scans.

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the grievance be DENIED.

J. Saddler, CCII
_____
Print Grievance Officer's Name

_____
Grievance Officer's Signature

**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response | | |
|---|---|---|
| Date Received: 10/13/23 | ☑ I concur    ☐ I do not concur    ☐ Remand | |

**Action Taken:**

_____          10/13/23
Chief Administrative Officer's Signature          Date

| Offender's Appeal To The Director |
|---|
| I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.) |

_____          B88097          10/16/23
Offender's Signature          ID#          Date

6A86

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**RESPONSE TO OFFENDER'S GRIEVANCE**

Ex. 6 ⑧D

| Grievance Officer's Report | | |
|---|---|---|
| Date Received: 09/19/2023 | Date of Review: 10/12/2023 | Grievance # (optional): 3146-09-23 |
| Offender: Cornille, Bradley | | ID#: B88097 |

**Nature of Grievance:**

Medical

**Facts Reviewed:**

Grievant states as of 9/18/23 they have been denied adequate medical standard care by Dr. Myers since the incident that occurred on 9/1/23. Grievant states they were supposed to follow up at SIH within 14 days after 9/2/23.

Relief requested:
Medical holds be lifted to allow transfer to GRA

HCUA response:
Dr. Myers wrote a medical permission for you to have a walker, wheelchair, and back brace on September 2nd, 2023.  He saw you on infirmary rounds on September 14th and 15th.  You were seen by the NP on infirmary rounds as the MD was on vacation from September 5th through September 12th.  Dr. Myers wrote an urgent collegial for an MRI in attempt to get you into an ortho follow up that was approved by Wexford on September 15th and you had an MRI on September 22nd.  You refused to see Dr. Myers for a post MRI follow up on September 22nd and September 26th citing negligence and retaliation in your refusals.  The treatment that Dr. Myers is facilitating is consistent with standard treatment protocols of transverse process fractures.

From Grievance #3145-09-23:  Many of the local area orthopedic specialists/clinics do not see patients for generalized back pain.
CONTINUED....

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the grievance be DENIED.

| J. Saddler, CCII | |
|---|---|
| Print Grievance Officer's Name | Grievance Officer's Signature |

**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response | | | |
|---|---|---|---|
| Date Received: 10/13/23 | ☒ I concur | ☐ I do not concur | ☐ Remand |
| Action Taken: | | | |

| | |
|---|---|
| Chief Administrative Officer's Signature | 10/13/23  Date |

| Offender's Appeal To The Director | |
|---|---|

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)**

| | B88097 | 10/16/23 |
|---|---|---|
| Offender's Signature | ID# | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE** (Continued)

Ex 9 x3

(cont'd)
Cornille B88097                                                                                  3146-09-23

Some of the facilities contacted would not schedule you based on your 9/2/23 CT scan without first having an MRI done. You had an MRI done on September 22nd. The facility schedulers have been trying to get you scheduled for an ortho follow up and have had to expand their search based on other facilities not being willing to see you based on your condition.
You are scheduled for an ortho evaluation. The HCUA, MD, and facility have no control over how quickly an outside appointment can be scheduled as that is determined by the outside facility's availability and how urgent they feel your consult is based on your CT and MRI results/scans.

Grievance officer response:
A medical hold can not be lifted unless approved by the HCUA.

Distribution:   Master File; Offender                        Page 2                          DOC 0047 (Rev. 3/2019)
Printed on Recycled Paper

J.B. Pritzker
Governor

Ex 68f



Latoya Hughes
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name:     Cornille, Bradley                                                          1/25/24

                                                                                       Date

ID# :     B88097

Facility:   ROB

This is in response to your grievance received on __10/19/23__ . This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding: Grievance dated:** 9/18/23     **Grievance Number:** 3145-09-23,3146-09-23  **Griev Loc:** PNK

☐   Medical _____

☐   Dietary _____

☐   Personal Property _____

☐   Mailroom/Publications _____

■   Staff Conduct _____ (9/16, 9/18/23) Claims staff misconduct by Dr. Meyers due to grievant has yet to be sent to to SIH for follow-up within two weeks as ordered.

☐   Commissary / Trust Fund _____

☐   Conditions (cell conditions, cleaning supplies, etc.) _____

☐   Disciplinary Report: Dated: _____  Incident # _____

☐   Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

☐   Affirmed

☐   Denied, in accordance with DR504F, this is an administrative decision.

■   Denied, this office finds the issue was appropriately addressed by the facility Administration.

■   Other: Treatment is at the discretion of licensed medical providers. After reviewing all available information, staff misconduct was not substantiated.

☐   Denied as the facility is following the procedures outlined in DR525.

☐   Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.

☐   Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

_____

FOR THE BOARD:                                          CONCURRED:

              Ryan Nothnagle                                        Latoya Hughes
              Administrative Review Board                           Acting Director

CC:  Warden, ROB _____ Correctional Center
      Cornille, Bradley _____ , ID# B88097

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**



SIH Memorial Hospital
Carbondale
405 West Jackson Street

Cornille, Bradley J
MRN: 1210478, DOB: 12/26/1991, Sex: M
Acct #: 100001288118
Adm: 9/22/2023, D/C: 9/22/2023

*Providers are independent contractors and
not employees of Southern Illinois Healthcare*

## Final Diagnoses (ICD-10-CM) (continued)

| Code | Description | POA | CC | HAC | Affects DRG |
|------|-------------|-----|----|----|-------------|
| R60.0 | Localized edema | | | | |

## Events

**Hospital Outpatient at 9/22/2023 0920**

Unit: SIH Memorial Hospital of Carbondale
Patient class: Outpatient

**Discharge at 9/22/2023 2359**

Unit: SIH Memorial Hospital of Carbondale
Patient class: Outpatient

## ED Events

None

## All Orders

Null

## All Orders

No orders found for this encounter

## Imaging - All Results

### MRI lumbar spine with and without contrast [92970949]

Resulted: 09/22/23 1124, Result status: Final result

Ordering provider: Non-Electronic Order 09/22/23 0920
Filed by: Interface, Merge311_Imaging_Orders_And_Results_Incoming 09/22/23 1128
Accession number: SIH2560008
Narrative:
EXAMINATION: MRI LUMBAR SPINE WITHOUT AND WITH IV CONTRAST.

Resulted by: Jonathan Mark Rindner, DO
Performed: 09/22/23 1022 - 09/22/23 1024

Resulting lab: RADIOLOGY LLB

History: Lumbar spine transverse process fracture.

Technique: Multiplanar, multisequence MRI of the lumbar spine without and with IV gadolinium contrast. 8 ml Gadavist administered IV.

Comparison: CT lumbar spine 09/02/2023.

Findings:
Vertebral body heights maintained. Vertebral body hemangioma at L2. Edema and enhancement is seen in the right transverse processes of L2, L3, and L4 in association with minimally displaced fractures at these locations. Marrow signal is otherwise normal. Lumbar alignment normal. Conus terminates at a normal level. Paraspinal tissues otherwise within normal limits.

L1/L2: No spinal canal stenosis or neural foraminal stenosis.

L2/L3: No spinal canal stenosis or neural foraminal stenosis.

L3/L4: Disc bulge. No spinal canal stenosis. Mild left neural foraminal stenosis.

L4/L5: Disc bulge. Central annular fissure. No spinal canal stenosis. Mild bilateral neural foraminal stenosis.

L5/S1: Disc bulge. Central annular fissure. No spinal canal stenosis or neural foraminal stenosis.

Impression:
Edema and enhancement seen in the right transverse processes of L2 - L4 in association with fractures at these locations. No evidence of cauda equina or nerve root injury. Lumbar alignment normal. Multilevel degenerative spondylosis without high-grade spinal canal or neural foraminal stenosis.

Electronically signed by: JONATHAN RINDNER D.O.
Date: 09/22/2023

Ex 8

Received Grievance Examination

SEP 25 2023

3208.09.23

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

Housing Unit 6    Cell # A36

| Date: 9-22-23 | Offender (please print): Cornille | ID # B38097 | Race (optional): NA/F |
|---|---|---|---|
| Present Facility: PNK | | Facility where grievance issue occurred: PNK | |

**Nature of grievance:**

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report

- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify):

- [X] Medical Treatment
- [ ] HIPAA

- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

_____ Date of report    _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and **place in the designated locked receptacle marked "grievance"**:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved)

09/22/23 While housed in 6A36 OF PNK I went out to SIH hospital in Carbondale for an MRI upon return to PNK I was denied the right to see another medical provider besides Dr. Perry Chester Myers who is transphobic (refuses to refer to me by my proper pronouns she/her, despite me having told Myers many many times) Myers also bases all his actions w/me on retaliation because of a current suit between myself & Myers see 22-CV-1988-MAB in which his conduct back then caused me to deteriorate medically till I landed in ER which now makes any all decisions etc by Myers questionable. Myers conduct/history of sexual abuse, retaliation, & his ties

[X] Continued on reverse

**Relief Requested:**

A permanent "KSF" placed between Perry Myers & myself, one of us needs to leave for my safety. Is medical at PNK can not see me w/o Perry Myers involvement then relocation needs to come immediately. That be/no the outside specialist be the only one to make any determination as to my four (4) current back fractures. Full rebook on this to IDOC chief medical + I.A. in Springfield.

[X] Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[ ] Check if this is **NOT** an emergency grievance.

_____ Offender's Signature    B38097 ID#    09/22/23 Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: _____    [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield IL 62794-9277

Response:

_____

_____ Print Counselor's Name    _____ Sign Counselor's Name    _____ Date

**Note to offender:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer

**EMERGENCY REVIEW:**    Date Received: 9/25/23

Is this determined to be of an emergency nature?

[X] Yes, expedite emergency grievance
[ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_____ Chief Administrative Officer's Signature    9/25/23 Date

Distribution: Master File, Offender    Page 1 of 2    DOC 0046 (Rev. 01/2020)

6     A36

ILLINOIS DEPARTMENT OF CORRECTIONS
Offender's Grievance

Abuse attitude & lying about medical issues puts my life, medical, & general safety
in serious risk of irreparable harm
CC: ACLU Attorney Camille Bennett & Myers Attorney John Gilbert

Ex 8A

6A36

Ex. 8B

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report |
|---|

| **Date Received:** 09/25/2023 | **Date of Review:** 10/12/2023 | **Grievance #** (optional): 3208-09-23 |
|---|---|---|

**Offender:** Cornille, Bradley                    **ID#:** B88097

**Nature of Grievance:**

Medical

**Facts Reviewed:**

Grievant states on 9/22/23 they were sent to SIH Carbondale for an MRI and was denied their right to see a medical provider that was not Dr. Myers because they are transphobic. Grievant claims they are being retaliated against because of an ongoing suit with Myers because they question his medical decisions. Grievant states Myers' history of sexual abuse, retaliation and transphobic attitude puts them at risk.

Relief requested:
A KSF on Percy Myers, ortho from outside specialist only make decisions on their 4 back fractures

HCUA response:
On September 22nd, 2023, when you refused to see Dr. Myers for your post MRI follow-up, IA was contacted by Wexford Office Coordinators to verify that there was nothing in place that would prohibit you from being seen by Dr. Myers.  Dr. Myers ordered your MRI, and it is consistent policy that individuals are followed up with by the provider that orders outside tests and evaluations.
Dr. Myers is the primary provider for individuals when they are housed in the infirmary, as you were from September 2nd through September 15th, and it is consistent for him to follow up with individuals when they are released from the infirmary back into general population.

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the grievance be DENIED.

J. Saddler, CCII
_____
Print Grievance Officer's Name                    Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

**Date Received:** 10/13/23          ☒ I concur          ☐ I do not concur          ☐ Remand

**Action Taken:**

_____                                        10/13/23
Chief Administrative Officer's Signature                                        Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)**

_____          B88097          10/16/23
Offender's Signature                              ID#                  Date

J.B. Pritzker
Governor



Latoya Hughes
Acting Director

EX.8C

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name:    Cornille, Bradley                                    11/3/23
                                                                          Date
ID#:     B88097

Facility:  ROB

This is in response to your grievance received on __10/19/23__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: __9/22/23__    Grievance Number: __3208-09-23__    Griev Loc: __PNK__

☒ Medical _(9/22/23) Alleges being denied to see another medical provider besides Dr. Myers, whom grievant alleges is trans-phobic_

☐ Dietary _____

☐ Personal Property _____

☐ Mailroom/Publications _____

☐ Staff Conduct _____

☐ Commissary / Trust Fund _____

☐ Conditions (cell conditions, cleaning supplies, etc.) _____

☐ Disciplinary Report: Dated: _____ Incident # _____

☐ Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

☐ Affirmed

_____

☐ Denied, in accordance with DR504F, this is an administrative decision.

☒ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Other: _____

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.

☐ Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

_____

FOR THE BOARD: _____         CONCURRED: _____
                      Ryan Nothnagle                              Latoya Hughes
              Administrative Review Board                         Acting Director

CC: Warden, __ROB__ _____ Correctional Center
    Cornille, Bradley _____, ID# __B88097__

_Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization._

**www.illinois.gov/idoc**

Emergency due to serious ri~ of irrepairable harm/death!

RECEIVED

SEP - 5 2023    3214·09·23 a~

Housing Unit    6    Set # A36

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

2nd Level PC

| Date: 9-22-23 | Offender (please print) Cornille | ID #: B88097 | Race (optional): NA/F |
|---|---|---|---|
| Present Facility PNK | | Facility where grievance issue occurred: PNK | |

**Nature of grievance:**

☐ Personal Property  ☐ Mail Handling  ☒ Medical Treatment  ☐ ADA Disability Accommodation

☒ Staff Conduct  ☐ Dietary  ☐ HIPAA  ☐ Restoration of Sentence Credit

☐ Transfer Denial by Facility  ☐ Other (specify) _____

☐ Disciplinary Report

_____ Date of report    _____ Facility where issued

Ex 9

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved)

9-22-23 while here in bA36 bf PNK at apllox. 190 hours while has Said cell I was trying to move from wheel chair to toilet to use the restroom. When I slipped as I was trying to get set on toilet causing me to fall backward into the wall which has an ADA grab bar on it which slammed into my back bone right where I currently have four fractures at Ioraw "minimally displaced fracture of the right transverse process of L3. Nondisplaced fracture at the Posterior aspect of the right superior articulating facet of L3. Nondisplaced fractures of the right transverse Process of L2. Last a nondisplaced fracture at the right transverse Process of L4." See STH CT results Page from 09/02/23. once back in my

☒ Continued on reverse

**Relief Requested:**

To be seen by medical staff outside of PNK (like STH custodian) so as to Prevent any further harm & retaliatory acts. Ensure a Kts is in place between Myers & myself due to serious ongoing conflict, suit, & harm. for medical outside of PNK (like STH custodian) to take over my medical care t Prevent harm/death. Springfield IA to investigate Frank of IA, Brown & Myers of HCU. Medical Director Steven Bowman to investigate & remove S. Brown & P. Myers. Camera Footage of bA be placed free time of incident used to identify the nurse in question along

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance.

RELIEF Con. on bALK →

_____ Offender's Signature    B88097 ID#    9-22-23 Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received _____    ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield IL 62794-9277

Response: _____

_____ Print Counselor's Name    _____ Sign Counselor's Name    _____ Date

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW.**    Date Received: 9/25/23

Is this determined to be of an emergency nature?

☒ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure.

_____ Chief Administrative Officer's Signature    9/25/23 Date

ILLINOIS DEPARTMENT OF CORRECTIONS
Offender's Grievance

Ex 9A

wheel chair the pain was still so severe in my low back it was hard to breathe & my R leg was more numb/useless then before (had issues since original accidents on 09/01/23 & 09/02/23) but worse after this incident. I pushed the button in my cell by the door that is alleged to notify control yet no one responded till about 2000 hours when sgt. Walker did legal mail, when giving me my legal mail I informed him of what occurred & asked for him to please get medical for me. Walker replied the nurse is on B wing doing meds & will be over here in a moment but I will let them know. All coy. 2035 hours gallery 4 (to Jones) came to unknown white nurse passing meds, as I was handed my meds I told this unknown nurse w/ C/o Jones present full details of my fall, the severe pain I was in along w/ my back fracture issues, & even to point I was having trouble breathing. Unknown nurse replied very loud "This is why I hate my fucking life!" (So loud my neighbor Cole Y36829, 6 A38 called me & asked why nurse said that) Unknown nurse told me she was going to finish meds then see what HCU wanted to do. Yet this unknown nurse nor any medical staff returned nor offered any medical care. Next nurse I seen was an unknown nurse round 0100 hours & she knew nothing bout incident. The actions of this unknown nurse is a product of Christine Brown the HCU Admin. of PNK as well as Percy Sheeter Myers the MD of PNK HCU as well as Lt. Shane Frank of PNK IA for failing to take action on staff like Brown & Myers for creating an environment in PNK HCU that its acceptable of being deliberally indifferent to serious medical needs of IIC's w/o repercussions. CC: class action Att. S. Bennett, Myers Att Jom Gilberd.

RELIF CON. & w/the logbook which Sgt. Walker says nurses name in book alleges to begin w/a B.

Distribution: Master File, Offender                    Page 2 of 3                    DOC 0046 (Rev. 01/2020)

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report | | |
|---|---|---|

Date Received: 09/25/2023          Date of Review: 10/13/2023          Grievance # (optional): 3214-09-23

Offender: Cornille, Bradley          ID#: B88097

**Nature of Grievance:**

Medical

**Facts Reviewed:**

Grievant states on 9/22/23 they slipped moving from their wheelchair to the toilet onto the ADA grab bar which slammed on their back brace where they have 4 fractures. Grievant states once they got back in their wheelchair they were in severe pain and had trouble breathing and their right leg was numb. Grievant states they pushed the button in their cell to notify staff but no one responded til about 2000 hours when Sgt. Walker did legal mail. Grievant states Sgt. Walker told them nurses were on B-wing passing meds and will be over. Grievant states at approx. 2025 hours, C/O Jones escorted a nurse passing meds and when they were handed their meds notfied the nurse of what happened. Grievant states the nurse replied "This is why I hate my fucking life". Grievant states the nurse then said she was going to finish meds and see what HCU wanted to do. Grievant states they never received medical care. Grievant states they saw a nurse at 0400 hours and did not know about the incident. Grievant states this is deliberately indifferent.

Relief requested:
Be seen by medical staff outside of PNK, KSF with Myers, Springfield IA investigate IA Frank, camera footage and log book be pulled

HCUA response:
You are scheduled to be seen by an outside facility later this month.

CONTINUED....

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the grievance be DENIED.

J. Saddler, CCII

Print Grievance Officer's Name          Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | |
|---|---|---|

Date Received: 10/16/23          ☑ I concur          ☐ I do not concur          ☐ Remand

**Action Taken:**

Chief Administrative Officer's Signature          Date 10/16/23

| Offender's Appeal To The Director | |
|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature          ID# B88097          Date 10/18/23

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE** (Continued)

(cont'd)
Cornille B88097                                                                3214-09-23

The nurse you reference in grievance 3214-09-23 has been spoken to by the Assistant Wexford Facility Manager. She does not recall the interaction you describe but she has been reminded of what is appropriate patient etiquette and proper reporting and documentation protocols.

Grievance officer response:
Staff investigations are an administrative decision.

"Provide the nurse's name you're unjustly w/holding"

J.B. Pritzker
Governor



Latoya Hughes
Acting Director

ex.9C

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name:    Cornille, Bradley                                           11/3/23
                                                                      Date

ID# :    B88097        B

Facility:  ROB

This is in response to your grievance received on __10/24/23__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding: Grievance dated:** 9/22/23   **Grievance Number:** 3214-09-23   **Griev Loc:** PNK

- ☑ Medical (9/22/23) Claims denied medical treatment by unknown nurse for back issues after fall in cell.

- ☐ Dietary

- ☐ Personal Property

- ☐ Mailroom/Publications

- ☐ Staff Conduct

- ☐ Commissary / Trust Fund

- ☐ Conditions (cell conditions, cleaning supplies, etc.)

- ☐ Disciplinary Report: Dated: _____ Incident # _____

- ☐ Other

**Based on a review of all available information, this office has determined your grievance to be:**

- ☐ Affirmed

- ☐ Denied, in accordance with DR504F, this is an administrative decision.

- ☑ Denied, this office finds the issue was appropriately addressed by the facility Administration.

- ☐ Other: _____

- ☐ Denied as the facility is following the procedures outlined in DR525.

- ☐ Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.

- ☐ Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

FOR THE BOARD: _____        CONCURRED: _____
                Ryan Nothnagle                              Latoya Hughes
                Administrative Review Board                  Acting Director

CC:  Warden, ROB _____ Correctional Center
     Cornille, Bradley _____, ID# B88097

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

Ex. 10

- Emergency Request - 9/25/23

To Major Lawless, Lt. Frank IA, & Warden D. Mitchell

From Cornille, B93597, 6A36

RE: KSF between me & Myers

I am Offically requesting for my safety, health, & well being that a KSF be placed between myself & Dr. Percy Chester Myers & that he be banned from any involvement oversight of my medical care due to Myers transphobic, abuse, & retaliation, grievances, & gwits are in.

Ty Corniile 9/25/23

Ex. 11

- Emergency Request - 9/25/23
To   Assit. Warden Correlis PNK & Christine Brown HCU Admin.
From  Cornille, B88097, 6A36, 9/25/23

I am officially requesting for you to formally lodge an OIG complaint of abuse by Dr. Percy Chester Myers reguarding Myers abuse on me. Myers is transphobic, deliberate Indifferent to my serious medical needs, & is basing any & all his decisions on retaliation for my complaints/suits. Per Wexford Health Sources Inc. Contract w/Illinois (IDOC) to provide medical services, Section 2.8.b (Pg 88) Fraud & Abuse Reporting to HFS (OIG) w/in three days. Will you please provide me your official written statement confirming abuse complaint has been filed? Also p/z protect me from Myers no contact w/me or my medical care. CC: Class Action Attorney Camille Bennett, Warden David Mitchell, & OIG

B. [signature] 9/25/23

- Emergency due 2 ser's risk of irrepairable harm/death!

Assigned Grievance #: _____    Housing Unit: 6    Cell # A36

OCT 11 2023    3949. 10.23 ave    ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

| Date: 10/6/23 | Offender (please print): Cornille | ID #: B89097 | Race (optional): NALE |
|---|---|---|---|

| Present Facility: PNK | Facility where grievance issue occurred: PNK |
|---|---|

**Nature of grievance:**

☐ Personal Property          ☐ Mail Handling          ☐ Medical Treatment          ☐ ADA Disability Accommodation

☒ Staff Conduct              ☐ Dietary                ☐ HIPAA                      ☐ Restoration of Sentence Credit

☐ Transfer Denial by Facility   ☐ Other (specify)

☐ Disciplinary Report

Date of report _____    Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved)

This is an emergency grievance due to serious risk of irrepairible harm/death due to retaliation by staff of PNK after I met IDOC Internal Security Investigator Billy Stanhouse Jr (stationed outside of PNK) on Wednesday 10/04/23 over several grievances w/staff (for example only not subject here just foundation E-3215-09-23) on 10/6/23 Friday around 13:20 hrs I began pushing the emergency button in my cell 6 A36 of PNK where I am housed due to being in wheel chair after I got (4) four seizures in my back on 9/1/23 (just background this 9/1/23 injury already grieved) I pushed the emergency button in my

☒ Continued on reverse

**Relief Requested:**

Full documentation of the retaliation I am being forced to endure unjustly. That Stanhouse be notified of this retaliation. No further retaliation & that I be transfered immediately before I die & hurt worse. No retaliatory writ (more than already done). Preserve all video from date/time listed here as evidence for criminal/civil trials.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self

☐ Check if this is NOT an emergency grievance.

Offender's Signature _____    ID# B88092    Date 10/6/23

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**    Date Received: _____    ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield IL 62794-9277

Response:

_____

Print Counselor's Name _____    Sign Counselor's Name _____    Date _____

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer

**EMERGENCY REVIEW:**    Date Received: _____

Is this determined to be of an emergency nature?

☒ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_____    Chief Administrative Officer's Signature    Date 10/11/23

6    A3L

ILLINOIS DEPARTMENT OF CORRECTIONS
Offender's Grievance

cell from 13:20hrs till 14:05 hrs when C/o McBey (C/o assigned to 6B on 10/6/23 7A-3P) came on to A wing where I tried speaking to C/o McBey over the medical issue I was currently dealing w/t needing medical attention C/o McBey replied "Not my wing not my problem" as he kept walking yet C/o McBey signed A wing log book & was covering for C/o Skeet while C/o Skeet was on lunch break. After C/o McBey made the above statement I requested that C/o McBey follow protocol, his training, & base command decorum & escalate this matter to his superior who on this day/time was Sgt. Simmons who never responded/come. Whether C/o McBey notified his superior Sgt. Simmons or not C/o McBey's actions & conduct violated policy & training. All at the same time the unknown female c.e. c/o was in the wrong violated policy & training for not getting STAFF to my cell sooner because 45 mins of an individual pushing their emergency button is unacceptable. Around 14:15 hours C/o Skeet returned where I informed him of all the facts herein & need for medical attention due to pain, feet swelling, & numbness. C/o Skeet told me "I'm gonna go call medical" 14:25 hrs Nurse Whitney came asap w/vitals (wh'ch were elevated), took notes, & documented my 14 day w/pain/swelling/numbness, & even fact that I've put in over ten (10) sick call in ten days on w/o reply or action. It should be clearly established that prior to my 10/4/23 meeting w/Stanhouse 6A Staffs (especially those listed) had never treated nor acted in this unprofessional manner w/me before, & this is clear evidence to me the word had gotten out over my meeting & I'm being targeted even more'. CC: Att. Camille Bennett & Billy Stanhouse Jr. Marion Office

Ex 12 A

Distribution: Master File: Offender    Page 2 of 2    DOC 0045 (Rev. 3/2005)

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report | | |
|---|---|---|
| Date Received: 10/11/2023 | Date of Review: 10/16/2023 | Grievance # (optional): 3449-10-23 |
| Offender: Cornille | | ID#: B88097 |

**Nature of Grievance:**

Staff

**Facts Reviewed:**

Grievant claims after she met with Internal Security Investigator Stanhouse over several grievances with staff on 10/6/23 she began pushing the emergency button in her cell 6A36. Grievant claims she pushed the button from 13:20 to 14:05 when C/O McBey came onto A wing and she began to speak to him about needing medical attention, and the C/O said "Not my wing, not my problem" as he kept walking and signed the A wing log book as he was covering for C/O Skeet. Grievant claims after C/O McBey made the above statement she requested he follow protocol and escalate the matter to his superior Sgt. Simmons who never responded or came. Grievant claims C/O Skeet returned and she informed him of the need for medical attention, and Nurse Whitney came and did vitals (which were elevated) took notes and documented the issue. Grievant claims she's put in over 10 sick calls in ten days without reply or action, and it should be established that prior to her 10/4/23 meeting with Stanhouse, she'd never been treated in this unprofessional manner.

Relief requested: Full documentation of the retaliation I'm being forced to endure unjustly. That Stanhouse be notified of this retaliation. No further retaliation and that I be transferred immediately before I get hurt worse. No retaliation (more than already done). Preserve all video from date/time listed herein as evidence for criminal/civil trials.

CONTINUED....

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the grievance be DENIED.

M. Lively, CCII

_____          _M.Lively, CCII_
Print Grievance Officer's Name              Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | |
|---|---|---|
| Date Received: 10/16/23 | ☑ I concur    ☐ I do not concur    ☐ Remand | |

**Action Taken:**

_____          10/16/23
Chief Administrative Officer's Signature              Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

_____          B88097          10/18/23
Offender's Signature                         ID#            Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE** (Continued)

Page 2 (con't)                                                                              Grievance #3449-10-23

Cornille #B88097

RESPONSE:
Any communication to outside agencies, or requests to forward grievance information to outside entities or agencies must be handled by the grievant.

There is not a C/O Skeet that is employed at this facility.

Per Sgt. Simmons: On 10/623 this Sgt was on R6B wing addressing an issue when the A wing officer notified me that he called HCU for individual Cornille #B88097 needing medical attention. Once B wing issue was resolved I then stepped on A-wing and witnessed nurse Whitney and another unidentified nurse evaluating individual Cornille. I was told they checked her vitals and no further action was needed and cleared to be placed back in R6A36. Individual Cornille stated she pressed the emergency call button, this facility is only equipped with multipurpose buttons.

Per C/O McVey: On 10/6/23 this R/O McVey stopped at Individual in custody Cornille B88097 cell to address a question about the dayroom schedule for R6A wing. Individual Cornille B88097 stated they were not getting enough out of cell time. This R/O McVey brought the concern to the proper chain of command's attention. At no time while I was stopped at Individual Cornille B88097 cell was a medical question or concern ever brought to this R/O McVey's attention.

Per HCUA: She was seen by Nurse Whitney at 14:20 10/6/23 – her levels were a bit high 150/80bp, 121bpm pulse 98% oxygen saturation.

There is an NSC request that was stamped 9/25 (Cornille did not date), 9/20, 9/15, (was housed in infirmary 9/2-9/15). No corresponding slips, but was seen on NSC 9/16, 9/21, 9/25, and 10/6.

Per IA: There is no relevant camera footage available.

"C/o Skeet 13 h's nickname, C/o J. Adumski badge 7754, 32 yr old white male, approx. 6'7" 150/160 lbs."

J.B. Pritzker
Governor



Latoya Hughes
Acting Director

Ex.12c

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name:  Cornille, Bradley                                                          11/9/23
                                                                                        Date

ID# :  B88097

Facility:  ROB

This is in response to your grievance received on __10/24/23__. This office has determined the issue will be addressed without a formal hearing.  A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted.  For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding:  Grievance dated:** 10/6/23    **Grievance Number:** 3449-10-23    **Griev Loc:** PNK

- ☒ Medical  Claims putting in multiple sick call slip without reply from medical
- ☐ Dietary
- ☐ Personal Property
- ☐ Mailroom/Publications
- ☒ Staff Conduct    (10/6/23) Claims C/O McVey denied grievant medical attention
- ☐ Commissary / Trust Fund
- ☐ Conditions (cell conditions, cleaning supplies, etc.)
- ☐ Disciplinary Report: Dated: _____ Incident # _____
- ☐ Other

**Based on a review of all available information, this office has determined your grievance to be:**

- ☐ Affirmed
  _____
- ☐ Denied, in accordance with DR504F, this is an administrative decision.
- ☒ Denied, this office finds the issue was appropriately addressed by the facility Administration.

- ☐ Denied as the facility is following the procedures outlined in DR525.
- ☐ Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.
- ☐ Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30.  This office is reasonably satisfied the offense cited in the report was committed.

- ☒ Other:  After reviewing all available information, staff misconduct was not substantiated.

FOR THE BOARD: _____        CONCURRED: _____
                        Ryan Nothnagle                                        Latoya Hughes
                   Administrative Review Board                            Acting Director

CC:  Warden,  ROB                      Correctional Center
      Cornille, Bradley              , ID# B88097

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

~ Emergency Grievance due to serious risk of harm ~

Assigned Grievance #/Identification                                                    Housing Unit __6__    Bed # __A36__

OCT 11 2023    3448.10.23 AM    OCT 16 2023    ILLINOIS DEPARTMENT OF CORRECTIONS
                                **Offender's Grievance**                              2nd Lvl Inc

| Date: 10-7-23 | Offender (please print): Coraille | ID #: B88097 | Race (optional): NA/F |

EX. 13

| Present Facility: PNK | Facility where grievance issue occurred: PNK |

**Nature of grievance:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Disciplinary Report

- ☐ Mail Handling
- ☐ Dietary
- ☐ Other (specify).

- ☐ Medical Treatment
- ☐ HIPAA

- ☐ ADA Disability Accommodation
- ☐ Restoration of Sentence Credit

Date of report                          Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

This grievance is brought as an emergency due to the serious risk of irrepairable harm due to staff's lack of conduct to carry out the responsibility of their positions & their duty/obligation to protect IIC's from harm. As of today 10/7/23 while housed in bA36 of PNK I am through this grievance formally lodging a complaint against assistant warden Corrells (who provides direct oversight of medical) & health care administrator Christine Brown both hold their position's at PNK, for their dereliction of duty, failure to protect, betrayal/abuse of the authority entrusted to them in their position's & deliberate indifference to serious medical needs all of which has put my safety, wellbeing, & line in jeapordy which can cause serious irrepairable harm/death. On 9/25/23 I sent

☒ Continued on reverse

**Relief Requested:**

Formally lodge the abuse complaint w/DIG on Percy Chester Myers. Then formally document w/an independant investigation into warden Corrells & HCU Admin. Brown of PNK for violation of policy, custody, & their failures w/ results of their termination along w/ myers. No retaliation KIF between myers & I.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance.

| Offender's Signature | B88097    ID# | 10/7/23    Date |

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: _____    ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

| Print Counselor's Name | Sign Counselor's Name | Date |

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: _____

Is this determined to be of an emergency nature?

☐ Yes, expedite emergency grievance
☒ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

| David Mitchell    Chief Administrative Officer's Signature | 10/11/23    Date |

Distribution: Master File; Offender          Page 1 of 2          DOC 0046 (Rev. 01/2020)

Assigned Grievance #/Institution: _____    Housing Unit: __6__    Bed #: _A36_

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

1st Laters:    2nd Laters:

EX13A

Exhibit 1 to Assit. warden Correlis of PNK & Christine Brown HCU Admin. then I "CC:" the same Request to several others including PNK Head warden David Mitchell, in this request I offically requested for Correlis & Brown to formally lodge an OIG complaint of abuse by Dr. Percy Chester Myers the MD of PNK HCU who me not only over my current medical issues of four (4) fractures in my back - nondisplaced fractures at the right transverse process of L2 & L4, minimally displaced fracture of the right transverse process of L3 & nondisplaced fracture at the posterior margin of the right superior articulating facet of L3 - which has only gotten worse & now pending for me to see Neurosurgery (which this & here forward is used for context herein) but Myers is allowing past complaints, grievances, lawsuits, & Myers is transphobic attitude which directly effected me by Myers refusing to use proper pronouns (she/her) w/me as much as Myers anger/aggression all of these factors are clouding Myers medical judgement & therefore Myers medical judgement is in question especially after Myers was caught out right lying about my current medical condition to myself, warden David Mitchell & Major Lawless w/nurse Desaray Sanders present on Sept. 15, 2023 around 13:18 hrs in PNK HCU by HCU Iss. i video will prove all as was present when Myers stated to me "your condition is not serious you only have one small nondisplaced fracture in your transverse process" yes when the SIH hospital records from 09/02/2023 (which are in my medical file so please review these results before you reply) become aware to people other than Dr. Myers is proved Myers lied. 9/25/23 after I showed Lawless SIH results Major lawless even stated "that is not what Myers said your condition was on the 15th" for all of these & yes & more I used the formal process on 09/25/23 to Correlis & Brown to lodge an abuse complaint w/OIG which I have yet to get proof of Correlis & Brown doing so despite the fact per Wexford Health services Inc. contract w/Idoc clearly states on Pg 88 section 2.8.6 - Fraud & Abuse Reporting to HFS (OIG) w/in three days. Well three (3) days from 9/25/23 expired 9/28/23 & here it's (4) nine days past that & still nothing. CC: Att. Camille Bennett

Exhibit 1 of grievance
3448-10-23

- Emergency Request -

To: Assit. Warden Cornelis PNK & Christine Brown HCU Admin.

From: Cornille, B88097, 6A36, 9/25/23

I am officially requesting for you to formally lodge an OIG complaint of abuse by Dr. Percy Chester Myers reguarding Myers abuse on me. Myers is trans phobic, deliebrate indifferent to my serious medical needs & is basing any/all his decisions on retaliation for my complaionts/suits. Per Wexford Health Sources Inc. contract w/ Illinois (IDOC) to provide medical services, Section 7.3.6 (Pg 88) Fraud & Abuse Reporting to HFS (OIG) w/in three days. Will you please Provide me your official written statement confirming Abuse complaint has been Filed? Also Plz Protect me from Myers no contact w/me or my medical care. CC: Class Action Attorney Camille Bennett & Warden David Mitchell, & OIG

Cornille      9/25/23

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

*1B*

*Ex. 13 B*

| | **Grievance Officer's Report** | |
|---|---|---|
| Date Received: 10/16/2023 | Date of Review: 11/22/2023 | Grievance # (optional): 3448-10-23 |
| Offender: Cornille, Bradley | | ID#: B88097 |

**Nature of Grievance:**

Medical

**Facts Reviewed:**

Grievant claims she asked for a complaint to be filed against Dr. Percy Meyers over her current medical issues of fractures in her back and pending to see neurosurgery. Grievant claims Myers refused to use her proper pronouns with her and Myers medical judgment is in question. Grievant claims Myers lied about her current medical condition saying it wasn't serious and only had one small fracture but the 9/2/23 hospital records proved different.

Relief requested: Formally lodge the above complaint with OIG on Percy Myers. Then formally document with an independent investigation into Warden Correlis, HCU Admin Brown of PNK for violation of policy, contract, and their failure with results of their termination along with Myers. No retaliation. KSF between Myers and I.

RESPONSE:
Staff discipline is an administrative decision.

Records reflect grievant was transferred to Robinson CC on 10/23/23.

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the grievance be DENIED.

M. Lively, CCII

_____
Print Grievance Officer's Name

_____
Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| | **Chief Administrative Officer's Response** | |
|---|---|---|
| Date Received: 11/22/23 | ☒ I concur    ☐ I do not concur | ☐ Remand |
| Action Taken: | | |

_____
Chief Administrative Officer's Signature

11/22/23
Date

| **Offender's Appeal To The Director** | |
|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

_____
Offender's Signature

B88097
ID#

12/14/23
Date

J.B. Pritzker
Governor



Latoya Hughes
Acting Director

EX. 13C

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name:    Cornille, Bradley

ID# :    B88097

Facility:    ROB

2/13/24
Date

This is in response to your grievance received on __12/21/23__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding: Grievance dated:** 10/7/23    **Grievance Number:** 3448-10-23    **Griev Loc:** PNK

- ☐ Medical _____
- ☐ Dietary _____
- ☐ Personal Property _____
- ☐ Mailroom/Publications _____
- ■ Staff Conduct _____ (9/25/23) Claims lodging an OIG complaint regarding Dr. Myers medical negligence regarding grievant's fractures in back,
- ☐ Commissary / Trust Fund _____
- ☐ Conditions (cell conditions, cleaning supplies, etc.) _____
- ☐ Disciplinary Report: Dated: _____ Incident # _____
- ■ Other    Staff conduct continued: and improper use of grievant's pronouns.

**Based on a review of all available information, this office has determined your grievance to be:**

- ☐ Affirmed
- ☐ Denied, in accordance with DR504F, this is an administrative decision.
- ■ Denied, this office finds the issue was appropriately addressed by the facility Administration.

- ☐ Denied as the facility is following the procedures outlined in DR525.
- ☐ Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.
- ☐ Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

- ■ Other:   Treatment is at the discretion of licensed medical professionals. Follow up with the HCU at your current facility if you are still experiencing medical issues.

FOR THE BOARD:   _Ryan Nothnagle_
Ryan Nothnagle
Administrative Review Board

CONCURRED:   _Latoya Hughes_
Latoya Hughes
Acting Director

CC:  Warden, ROB _____ Correctional Center
Cornille, Bradley _____, ID# B88097

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

Ex. 14

Bed #: 5-6

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Individual in Custody's Grievance**

1st Lvl rec: _____

2nd Lvl rec: _____

| Date: 11-1-23 | Individual in Custody (please print): Cornille, Bradley | ID #: B88097 | Race (optional): |

| Present Facility: RoB | Facility where grievance issue occurred: PNK |

**Nature of grievance:**

☐ Personal Property  ☐ Mail Handling  ☐ Medical Treatment  ☐ ADA Disability Accommodation

☒ Staff Conduct  ☐ Dietary  ☐ HIPAA  ☐ Restoration of Sentence Credit

☐ Other (specify): _____

☐ Disciplinary Report

Date of report _____  Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document** (such as a Disciplinary Report, Search Record, etc.) **and place in the designated locked receptacle marked "grievance":**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor
**Chief Administrative Officer,** only if **EMERGENCY** grievance
Mail to **Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

As of today 10-1-23 while held in 1B of RobJ currently have (4) four Emergency grievances from PNK that PNK is holding in an effort to hinder exhustion, which is only further evidence of PNK's corruption, retaliation, dereliction of duty, i failed leadership. Case law Dole v. Chandler, 438 F.3d 904, 906-07 (7th Cir. 2006) Cover's hinderance of exhustion by Prison Official's leaves the issue's exhusted. Emergency grievances per IDoc AD's 04.01.14 States w/in (5) five Auto Day's i since these are all way past the five(5) day time line IDOC Staff at PNK are guility of violations. 1st E-Grievance 9/3/23 # 2992-09-23 2nd

☒ Continued on reverse

**Relief Requested:**

Exhust these grievances immediatly so I can move on to the courts.

☐ Check **only** if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☒ Check if this is **NOT** an emergency grievance.

Individual in Custody's Signature _____  ID#: B88097  Date: 11/1/23

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)  Date Received: _____  ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

_____

Print Counselor's Name _____  Sign Counselor's Name _____  Date _____

**Note to individual in custody:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**  Date Received: _____

Is this determined to be of an emergency nature?

☐ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated. Individual in custody should submit this grievance according to standard grievance procedure

Chief Administrative Officer's Signature _____  Date _____

Distribution: Master File; Individual in Custody    Page 1 of 2    DOC 0046 (Rev. 8/2023)

Housing Unit: 1B    Bed #: 5-b

Assigned Grievance #/Institution:

1st Lvl rec: _____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Individual in Custody's Grievance**

2nd Lvl rec: _____

9/22/23 #3256-09-23, 3rd 10/2/23 #3331-10-23, & 4th 10/7/23 #3450-10-23 all way over five (5) day limits. (It is noted here for Preservation of issue for future PNK is holding (2) two nonemergency grievances 1st 10/7/23 #3448-10-23, 2nd 10/18/23 #3528-10-23 Not subject herein (has to Preserve), FDS BC.

Ex. 14A

J.B. Pritzker
Governor



Latoya Hughes
Acting Director

Ex.148

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name:     Cornille, Bradley                                          1/30/24

ID# :     B88097                                                    Date

Facility:  ROB

This is in response to your grievance received on **11/09/23**        . This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding:** Grievance dated: 11/1/23        **Grievance Number:** _____  **Griev Loc:** PNK

☐  Medical _____

☐  Dietary _____

☐  Personal Property _____

☐  Mailroom/Publications _____

☐  Staff Conduct _____

☐  Commissary / Trust Fund _____

☐  Conditions (cell conditions, cleaning supplies, etc.) _____

☐  Disciplinary Report: Dated: _____  Incident # _____

☑  Other   (11/2/23) Claims emergency grievances #2992-09-23, #3256-09-23, #3331-10-23, #3450-10-23 being held at PNK CC to prevent grievant's exhaustion of the grievance process.

**Based on a review of all available information, this office has determined your grievance to be:**

☐  Affirmed

☐  Denied, in accordance with DR504F, this is an administrative decision.

☐  Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐  Denied as the facility is following the procedures outlined in DR525.

☐  Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.

☐  Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

☑  Other:  Per records, grievance's #2992-09-23, #3256-09-23, #3331-10-23, and #3450-10-23 are pending facility

response at Pinckneyville C.C. -Denied.

FOR THE BOARD: _____          CONCURRED: _____
                    Ryan Nothnagle                                      Latoya Hughes
                    Administrative Review Board                          Acting Director

CC:  Warden,  ROB _____ Correctional Center
     Cornille, Bradley _____ ID# B88097

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*