**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BRADLEY J. CORNILLE, Sr., #B88097,** | |
| **Plaintiff,** | |
| **vs.** | **Case No. 24-cv-01202-SMY** |
| **PERCY MYERS, PINCKNEYVILLE COMMUNITY HOSPITAL, JANE DOE 1, C/O JONES, JANE DOE 2, SOUTHERN ILLINOIS HOSPITAL, JOHN DAVIDSON, JAMIE KARALES, WEXFORD HEALTH SOURCES, INC., CHRISTINE BROWN, PHIL MARTIN, SHANE M. FRANK, C/O McVEY, CHAD JENNINGS, NURSE GRAY, JUSTIN SUMMERFIELD, S. BICKERS, JANE DOE 3, ADMINISTRATIVE REVIEW BOARD, WILLIAM LOY, GORDON CHU, GLEN STEVEN BABICH, STEPHENS, LATOYA HUGHES, STEVEN BOWMAN, STEVEN MEEKS, KIM SMITH, and KENNETH GRIFFIN,** | |
| **Defendants.** | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Bradley Cornille, an inmate in the custody of the Illinois Department of Corrections and incarcerated at Dixon Correctional Center, filed this civil rights action under 42 U.S.C. § 1983 alleging miscellaneous constitutional deprivations. The Complaint (Doc. 1) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from a defendant who is immune. 28 U.S.C.

§ 1915A. The Court must also determine whether any claims are improperly joined and subject to severance or dismissal. *Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

**Discussion**

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The allegations must be "simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Failure to comply with this Rule provides grounds for dismissal.

Plaintiff's Complaint violates Rule 8. Plaintiff names 28 defendants at 2 prisons in connection with 7-plus claims occurring over 6 months. His allegations describe events day-by-day during much of this time period. At 119 pages, the Complaint is too long and difficult to follow. Although Plaintiff organizes the allegations into 7 distinct counts under state and federal law, he subdivides them into claims that are too numerous to list or summarize here. He includes claims for discrimination under the Americans with Disabilities Act and Rehabilitation Act, retaliation under the First Amendment, deliberate indifference under the Eighth Amendment, due process violations under the Fourteenth Amendment, equal protection violations under the Fourteenth Amendment, intentional infliction of emotional distress under Illinois law, and medical malpractice under Illinois law. Each claim involves different defendants.

The Complaint also violates the rules of joinder, which preclude a plaintiff from pursuing unrelated claims against different defendants or groups of defendants in the same lawsuit. *See* FED. CIV. P. 18-21. Rule 20 allows multiple defendants in a single action if the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction(s) or occurrence(s) and presents a question of law or fact common to all. *See* FED. R. CIV. P. 20; *George*,

507 F.3d at 607. Relatedly, Rule 21 grants district courts broad discretion to sever or dismiss claims and parties that are improperly joined in the same action. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing FED. R. CIV. P. 21). District courts also have discretion to separate claims into distinct suits. *Dorsey*, 55 F.4th at 1103.

The Seventh Circuit encourages district courts faced with improper joinder problems to allow the plaintiff an opportunity to amend the complaint before screening it under 28 U.S.C. § 1915A. *Id*. This allows a plaintiff the first opportunity to decide which claim(s) and defendant(s) to pursue in this action and which ones to bring in separate actions. Under this approach, Plaintiff will incur another $405.00 filing fee for each additional case he files,[1] and he will also risk receiving a "strike" for any action dismissed pursuant to 28 U.S.C. § 1915(g). Even so, Plaintiff cannot include all of his grievances in a single complaint simply to avoid filing fees and strikes.

For these reasons, the Complaint will be dismissed without prejudice for violating Rules 8 and 18-21. Plaintiff will have an opportunity to file an Amended Complaint in this case. Before doing so, Plaintiff should decide which properly joined parties and claims he will pursue in this case and which ones he will bring in separate complaints.[2] If he chooses to file an Amended Complaint, Plaintiff should focus only on related claims involving common legal theories and defendants. Plaintiff is **WARNED** that the Court will sever or dismiss improperly joined claims or parties from the Amended Complaint into one or more new cases, and Plaintiff will be responsible for paying an additional filing fee of $405.00 for each new case and may also incur a strike for any case that is dismissed for one of the reasons set forth in 28 U.S.C. § 1915(g).

---

[1] Because he has been granted leave to proceed *in forma pauperis*, this fee is $350.00 instead of $405.00.
[2] Plaintiff is reminded that a 2-year statute of limitations applies to his claims under 42 U.S.C. § 1983.

**Disposition**

Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for violation of Federal Rules of Civil Procedure 8, 18-21.

Plaintiff is granted leave to file an Amended Complaint by **August 9, 2024.** Should Plaintiff file an Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "Amended Complaint" and list the case number for this action (No. 24-cv-01202-SMY) on the first page. Plaintiff should identify each defendant in the case caption and include sufficient allegations to describe what each defendant did, or failed to do, to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how. . . ."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. The Amended Complaint will be subject to review under 28 U.S.C. § 1915A. **Plaintiff is WARNED that the Court will exercise its discretion and sever or dismiss improperly joined parties and/or claims. *See* FED. R. CIV. P. 21.**

An amended complaint supersedes and replaces all prior versions of the complaint, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a previously filed complaint. The Amended Complaint must stand on its own, without reference to any earlier pleading.

If Plaintiff fails to file an Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case may be dismissed for failure to comply with a court order and for failure to prosecute his claims. FED. R. CIV. P. 41. The dismissal may count as a strike under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**To facilitate compliance with this Order, the Clerk of Court is DIRECTED to mail Plaintiff a civil rights complaint form along with this Order.**

**IT IS SO ORDERED.**

**DATED: July 11, 2024**

***s/ Staci M. Yandle***
**STACI M. YANDLE**
**United States District Judge**