United States District Court
Southern District Of Illinois

Bradley J. Corville Sr., B88097,          Case No. 24-CV-01202-SMY
          Plaintiff,                      Jury Trial Demanded

               vs.

(1) Percy Myers, (2) Pinckneyville
Community Hospital (PCH), (3) Jane
Doe #1, (4) Southern Illinois Hospital
(SIH-MH), (5) John Davidson, (6) Jamie
Karales, (7) Christine Brown, (8) Jane Doe #2.
          Defendant(s)

# Amended Compliant

Now comes Plaintiff, Bradley J. Corville Sr., B88097 held at Dixon CC, 2600 N. Brinton AVE, Dixon, IL 61021 by & through them self w/their Amended Compliant against these eight (8) Defendant(s)

(1) Percy Myers Medical Director of Pinckneyville CC 5835 State Rt. 154 Pinckneyville, IL 62224, employed by Wexford & contracted to Provide medical services to the Individuals In Custody (IIC) at IDoc Prisons.

(2) Pinckneyville Community Hospitals (PCH) 5383 IL-154 Pinckneyville IL 62224. Provides medical services to IIC's from IDoc Prison's by/through a contract w/the state which in accord w/case law: West V. Atkins, 487 U.S. 42 (1988) allows PCH to be sued via 1983.

(3) Jane Doe #1 an RN at Pinckneyville CC 5835 State Rt. 154 Pinckneyville, IL 62224, employed by Wexford & contracted to provide medical care to IIC's in IDoc Prison's.

(4) Southern Illinois Hospital (SIH-MH) 405 W. Jackson St. Carbondale, IL 62901, Provides medical services to IIC's from IDoc Prison's by/through

1/18

a contract w/ the state which in accord w/ case law: West V. Atkins, 487 U.S. 42 (1988) allows SIH-MH to be sued via 1983.

⑤ John Davidson 405 W. Jackson St. Carbondale, IL 62901 a Physician's Assitant (PA) working at SIH-MH Providing medical care to IIC's from IDOC Prison's by/through a contract w/ the state which in accord w/ case law: West V. Atkins, 487 U.S. 42 (1988) allows Davidson to be sued via 1983.

⑥ Jamie Karales Assistant Warden (AW) at Pinckneyville cc 5835 State Rt. 154, Pinckneyville, IL 62274, employed by IDOC at Pinckneyville & is responsible for direct over sight of the health care unit (HCU) & Karales

⑦ Christine Brown Health Care Unit Administrator (HCUA) at Pinckneyville cc 5835 State Rt. 154, Pinckneyville, IL 62274, employed by IDOC.

⑧ Jane Doe #2 an RN at Pinckneyville cc 5835 State Rt. 154 Pinckneyville, IL 62274, employed by Wexford & contracted to provide medical care to IIC's in IDOC Prison's.

(collectively, "Defendant(s)) in support thereof, upon personal knowledge as to themself, their actions, observations, & on information & belief as to all other matters, Plaintiff states as follows:

## Preliminary Statement

Plaintiff, Bradley J Carville Sr., Pro Per brings this Complaint for (1) declaratory relief, (2) damages for violations to their Constitutional Protections under 42 U.S.C. §1983, Illinois State Tort Law, Medical MalPractice, ADA, & RA. Plaintiff further contends that all eight (8) Defendant(s) were actively under the Color Of Law as State Of Illinois Officials (IDOC employee's & medical contractors on contract w/ the state) at the time the claims asserted in this Compliant arose. Plaintiff was denied their Constitutional Protections & State torts committed because Defendant(s) (who are being sued jointly, severly, & w/ indim-ification) specifically & knowingly committed the acts of:

2/18

1. Deliberate Indifference To Serious Medical Needs
2. Due Process & Equal Protection
3. Intentional Infliction Of Emotional Distress
4. Medical malpractice (medical staff/providers only)
5. ADA violations
6. RA violations
7. Retaliation

These torts/acts caused Plaintiff severe pain (thats ongoing), debilitating mental & emotional distress, physical manifestation; has rendered them unable to live without unnecessary pain; lasting long term effects/damage that can never be fully repaired/healed. Plaintiff thus to recover damages for having to struggle & suffer for an unacceptable amount of time for no medically necessary or acceptable reason. Plaintiff is suing each Defendant in their Individual & Official capacity.

## Jurisdiction & Venue

This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation under the color of State law, of rights secured by the Constitution Of the United States, ADA, & RA. The Court has jurisdiction under 28 U.S.C. Section 1331, Section 1343(a) 1,2,3; Supplemental Jurisdiction of Plaintiffs State Tort Law claims under 28 U.S.C. Section 1367(a). The Court has the authority to grant declatory relief under 28 U.S.C. § 2201 & § 2202 & Rule 57 of the Federal Rules Of Civil Procedure. The Southern District Of Illinois is the appropriate venue under 28 U.S.C. Section 1391(b) (2) due to the fact it is where the events giving rise to this claim occurred. Plaintiff on information & belief the Defendant(s) reside in this district. All Defendant(s) do business in this District.

# Exhaustion Of Remedies

Plaintiff has exhusted all their institutional & administrative remedies reasonably available to them prior to bringing this claim in accordance w/ the PLRA 42 U.S.C. 1997 (e) (q).

# Previous Lawsuits

1. Cornille V. Jones et.al., Fed. Ct. S. Dist. No. 18-CV-1496, Judge Gilbert Civil rights. Case w/drawn by self. Filed late 2018 closed 2019. Not dissmissed as a strike, frivolous, malicious, nor f/failure to state a claim.

2. Cornille v. Canton et.al., Fed. Ct. N. Dist. No. unknown, Judge unknown, civil rights, Case w/drawn by self. Filed 2012, closed 2014. Not dismissed in any manner.

3. Cornille v. Lashbrook et.al., Fed. Ct. S. Dist. No. 19-CV-2. Judge Rosenstengel, civil rights. Case w/drawn by self. Filed Jan 2019 Closed March 2019. Not dismissed in any manner.

4. Cornille V. Lutheran Social Services et.al., Fed. ct. S. Dist. No. 19-CV-47, Judge Yandle, civil rights. Case was not ripe dismissed w/o prejudice. Filed Jan 2019 close 02/22/2019. Not dismissed as a strike, frivolous, malicious, nor for failure to state a claim.

5. Cornille v. POPA, Fed. Ct. S. Dist. No. 19-CV-271 Judge Sison. civil rights, Case w/drawn by self. Filed Jan. 2019 Closed Dec. 2019. NO dismissed in any manner.

6. Cornille v. Groove et.al, Fed. ct. S. Dist. No. 019-CV-272, Judge Rosenstengel civil rights. Case w/drawn by self. Filed Jan 2019 Closed Dec 2019. Not dismissed in any manner.

7. Cornille Sr., V. Jeffreys et.al., Fed. Ct. S. Dist. No. 22-CV-01988-MAB, Judge Beatty. civil rights. Case is still ongoing. Fried August of 2019.

# Facts

1. September 01, 2023 Plaintiff was severely injured when they slipped & fell in biohazard waste (vomit) between 19:00 & 19:20 hours while Plaintiff was assigned to 5 D 17 at Pinckneyville CC under

IDOC when Plaintiff exited their assigned room for dayroom. IDOC staff neither gave any warning nor had the biohazard waste cleaned up before running dayroom despite IDOC staff knowing of the biohazard waste because they had Porters getting tools out to clean up the biohazard waste. Plaintiff's slip & fall resulted in their feet going airborne w/their head, neck, & back forcefully slamming into the concrete floor resulting in brief loss of consciousness w/extreme pain in their head, neck, & back, which is now extreme chronic pain. No IDOC rendered any aid till Plaintiff got themself to the wing door where Lt. Dudat finally called for a wheel chair, while Plaintiff waited on the wheel chair they overheard Lt. Dudat & other staff laughing about Plaintiff's fall & how bad it looked. Once in the base HCU Nurse Carol LPN did vitals (Exhibit 1 Offender Out-Patient Progress Note attached & incorporated herein by reference) placed a "c" collar on Plaintiff, & called for an ambulance to transport Plaintiff to Pinckney-ville Community Hospital (PCH) Plaintiff's condition continued to deteriorate while they waited on the ambulance w/total numbness from the waist down w/Plaintiff losing control of their bowels. Plaintiff was transported to PCH where they were discriminated on by PCH staff simply due to the fact they are a Prisoner. The discrimination by PCH led to further pain, suffering, deliberate indifference to serious medical needs & trauma. Plaintiff was treated as less then any normal free world patient would of been treated. Plaintiff was in great distress when entering the ER in a "c" collar on where PCH medical staff were fully briefed on the seriousness of Plaintiff's slip & fall w/loss of consciousness w/cloudy/starry vision, numbness from waist down, & loss of bowel control yet PCH medical staff did no concussion protocol/exam, no head scans/exams only a baseline

5/18

CT was done of neck/lower lumbar. No blood draw, no attempts to establish an ability to walk not even medical staff assistance when the Plaintiff was discharged Prematurely & w/o the back brace PCH medical staff ordered & said Plaintiff desperately needed. (Exhibit 2 & 2A Patient Visit Information from PCH 9/1/23 attached & incorporated herein by reference)

    2. Sept. 02, 2023 Plaintiff was further injured when they fell when trying to move from their bed to their wheel chair while an unidentified RN Nurse at Pinckneyville cc (Jane Doe#1) had ordered the Plaintiff to get into their wheel chair between 07:30 & 08:00 hours, yet Jane Doe#1 RN left w/o assisting the Plaintiff being deliberately indifferent to Plaintiff's serious medical needs coupled w/ the fact PCH failed to issue Plaintiff the much needed back brace. Plaintiff fell from their bed as their wheel chair flipped away from them as RN Jane Doe#1 watched (while laughing at Plaintiff) Plaintiff fall by looking through the observation window in the door of HCU Iso-1, RN Jane Doe never rendered any aid, it was IIc HCU workers Tubbs & S Pivey who lifted the Plaintiff out of the floor & into their wheel chair. Plaintiff had extreme sharp Pain on their right side which led to them being sent to Carbondale Memorial Hospital (SIH-MH) ER were more CT was done on Plaintiff's lower lumbar (Exhibit 3 & 3A CT results 9/2/23 attached & incorporated herein by reference) While at SIH-MH the CT of Plaintiff's lower lumbar confirmed the fracture gave Plaintiff a full upper body brace & told to schedule an appointment w/ neurosurgery in (2) two weeks. Yet no attempts to walk, exams, no MRI or X-rays were done not even blood draws. Plaintiff was again treated as less then any free world Patient full discrimination because the Plaintiff is a Prisoner this discrimination was committed by SIH-MH & Prorder John A. Davidson PA all of who is working w/or for Prison officials/ State by contract & can be sued via 1983 in accord w/ case law.

3. Sept. 3, 23 Plaintiff wrote & filed an emergency grievance (later labeled #2992-09-23) over 9/1/23 & 9/2/23 falls (Exhibit 5, 5A, & 5B offender grievance w/ counseling summary 9/3/23 attached & incorporate herein by reference)

4. Sept. 3, 23 through Sept. 11, 23 Plaintiff had vitals done by various nurses at which time Plaintiff informed these nurses of their extreme level of pain in their back & the numbness below the waist, & their need for ADA/RA & speciality care. Every nurse denied Plaintiff ADA/RA stating Per Dr. Myers orders

5. Sept. 11, 23 Physical therapist (PT) Jen of Pinckneyville cc staff w/ nurse DeSaray Sanders came into Plaintiff's room telling Plaintiff "I am taking your walker because you are not allowed to be moving around walking until your back is fixed" Per Dr. Myers further denying Plaintiff RA/ADA.

6. Sept. 12, 23 through Sept. 15, 23 Plaintiff had vitals done by various nurses at which time Plaintiff informed these nurses of their extreme level of pain in their back, the numbness below the waist & their need for ADA/RA & speciality care. Every nurse denied Plaintiff ADA/RA again stating Per Dr. Myers orders.

7. Sept. 13, 23 Plaintiff was verbally attacked, harassed, & retaliated on by Doctor Percy Chester Myers because of prior grievances & current federal civil suit (No. 22-cv-1988-MAB) between Plaintiff & Myers. Dr. Myers took/"DC" Plaintiff's order for pain medication-Tramadol telling Plaintiff "I will do nothing for you" despite Plaintiff clear pain, distress, & need for care. Defendant Myers was again deliberatly indifferent to serious medical needs.

8. Sept. 15, 23 around 13:00 hours Plaintiff endured further harassment, retaliation & deliberate indifference to serious medical needs by Defendant Dr. Myers when Myers told Plaintiff "you have one very small fracture of the transverse process, there is not even any displacement" Myers was trying (in an effort to retaliate) to have the Plaintiff kicked out of the base HCU where Plaintiff would be wheeled out to five (5) house of Pinckneyville cc where security (not medical)

7/18

Staff would then take Plaintiff's wheel chair leaving them w/a walker (despite the fact Plaintiff couldn't walk) a walker that PT Jen had took telling Plaintiff they were were not to walk just four (4) days prior. Plaintiff had not stood or walked in fourteen (14) days at this point. W/RN Desaray Sanders, Major Lawless, & Warden David Mitchell all as witnesses Plaintiff expressed to Myers these facts & the lack of RA/ADA by Myers orders & for Myers to test this walker use while Plaintiff was still in the base HLU so when the Plaintiff fell medical care would be readily available. Myers refused stating "I need this cell, I do not care if you fall & get hurt but it will not be done here in front of me, you will do it out in the unit your going to." Plaintiff refused to allow Myers to put them in further harms way. Warden Mitchell was the one who stepped in & had Myers agree to let Plaintiff keep their wheel chair & be moved to an ADA cell. CT results prove Myers lied & was acting on desire for retaliation.

   9. Sept. 18, 23 Plaintiff talked to AW operations Jamie Karales (Plaintiff use to believe Karales was spelled Correlis) over issues w/ obtaining proper, basic, non-retaliatory medical care for their serious medical needs w/ their back, in this conversation Plaintiff fully detailed their pain, injuries, & the issues w/ Dr. Myers & begged w/ Karales to help to protect them from Myers by keeping Myers away from the Plaintiff & their medical care. Karales was deliberatly indifferent to Plaintiff's serious medical needs when he took no action to help in any manner despite Plaintiff expressing in great detail the seriousness of their condition. Especially Karales reply of "Your not special Camille deal with it." Later that day Plaintiff wrote & filed two (2) grievances, first was over lack of medical treatment labeled as

8/18

grievance # 3145-09-23 by PNK, this grievance fully exhusted was over the fact Plaintiff had not seen ortho/neuro for their follow up w/in two (2) weeks. The second grievance # 3146-09-23 by PNK, over staff conduct's fully exhusted was over Wexford Health Sources Inc. / Dr. Percy Chester Myers misconduct's retaliation to clout his judgement leading to Plaintiff's delay in medical treatment, healing, & deliberate indifference to their serious medical needs, myers actions were w/ malice, knowledge, intent, & direct involvement. (Exhibit 6, 6A, 6B, 6C, 6D, 6E, & 6F are both grievances w/ all responses attached & Incorporated herein by reference)

    10. Sept. 15 through Sept. 20, 23 Plaintiff filed very detailed sick call slips at both morning & evening medlines even told each nurse of the extreme non-stop back pain, numbness waist down, pleading for help best PT or specialist care.

    11. September 21, 23 Plaintiff was seen for sick call in response to Plaintiff's sick call request over the extreme non-stop back pain, numbness waist down, & pleas for PT or see specialist. Nurses had no relief options.

    12. Sept. 22, 23 Plaintiff went on a medical writ to SIH-MH in Carbondale, IL for an MRI, results that clearly proved Plaintiff has "vertebral body hemangioma at L2. Edem & enhancement is seen in the right transverse process of L2, L3, & L4 in association w/ minimally displaced fractures at these locations." As well as three (3) bulged disc. (Exhibit 7 Imaging Results attached & incorporated herein by reference) These results in conjunction w/ the 9/2/23 CT results prove Defendant Myers lied on 9/15/23 (#8 herein) upon returning from this medical writ Pinckneyville Health Care Unit Administrator (HCUA) Christine Brown & Medical Director Dr Percy Myers was trying to further retaliate on the Plaintiff by trying to force (by threats of discipline) Plaintiff into an exam room w/ Percy Myers. Plaintiff begged to see another provider

of which two(2) others were available ¦ even agreed to see Plaintiff. Christine Brown ¦ Percy Myers refused despite Plaintiff stating they fear for their safety w/ Myers because of Myers history (both w/ Plaintiff ¦ others) of abuse physically ¦ even sexually compounded by Myers history of lying to retaliate. (Exhibit 8, 8A, 8B, ¦ 8C is offender's grievance fully exhusted attached ¦, incorporated herein by reference)

13. Sept. 22, 23 around 19:06 hours Plaintiff re-injured their back when in their assigned cell 6A 36 PNK when Plaintiff was trying to transfer from their wheel chair to the toilet Plaintiff lost their grip falling backward slamming into an ADA grab bar on the wall above the toilet, this ADA bar directly hit the lower lumbar where Plaintiff was already injured this new injury caused Plaintiff to fall to the floor w/ extreme shooting pain from lower back to their head, struggling to breathe, ¦ numbness in their arm. After yelling for help w/o response Plaintiff w/ great difficulty got their self pulled back into their wheel chair (still in extreme pain) went to their cell door where they pushed the call button that notifies the control bubble ¦ no one responded, for 50+/- minutes Plaintiff pushed this button w/o response. At about 20:00 hours Sgt. Walker was handing out legal mail at which time the Plaintiff informed Sgt. Walker about their fall, lack of response from control, ¦ pleaed for medical attention. Sgt. Walker replied "The nurse is over on B wing doing meds ¦ will be over here in a moment but I will let them know". Approx. 20:25 hours c/o Jones (Jones was assigned to 6A on 3p-11p on 9/22/23, he is also a teacher at PNK « during the day) came w/ an unknown nurse now Defendant Jane Doe#2, passing out meds as Plaintiff received their meds they explained in detail to Nurse Jane Doe#2 their fall, the extreme pain, issues w/ breathing, ¦ Plaintiff's prior back injuries. Nurse Jane Doe#2 became irrate replying extremly loud (near yelling) "This is why I hate my fucking life!" So loud that my neighbor 6A 38 K. Cole Y36829 called over to ask why the nurse yelled that. Nurse Jane Doe#2 stated "I'm going to finish meds then see what HCU wants to do, I'll come back." Nurse Jane Doe#2 never returned, never offered medical care of any kind,

10/18

nor properly documented the matter. Nurse Jane Doe #2 was deliberatly indifferent to Plaintiff's serious medical needs, nurse Jane Doe #2 was more concerned w/ getting off work to begin her vacation time as Plaintiff later learned. (Exhibit 9, 9A, 9B, ½ 9C Plaintiff's grievance fully exhusted attached², incorporated herein by reference)

14. Sept. 22, 23 through sept. 24, 23 Plaintiff filed very detailed sick call slips at both morning & evening medlines telling each nurse of their extreme non-stop back pain, numbness from the waist down, & the reinjury on the 22nd (#13 herein)

15. Sept. 24, 23 on 3P-11P shift Plaintiff's pain was so extreme w/ labored breathing that Plaintiff couldn't even set up in bed nor get out of bed (while still in 6A3½) gallery c/o called medical emergency. Nurse Lori came to 6A36 where Lori helped Plaintiff set up then w/ the c/o helped move them to their wheelchair. Nurse Lori took Plaintiff's vitals (which were elevated), gave them medication, & told them they would see NP tomorrow. The Plaintiff explained to Nurse Lori their reinjury on 9/22/24 (#13 herein), & full details of Nurse Jane Doe #2 said, did, not do, & their denial of medical care. Nurse Lori was upset stating "That nurse did not even make any note in your chart concerning this, she was to concerned w/ her vcay."

16. Sept. 25, 23 around 09:15 hours Nurse Brooke completed sick call on the Plaintiff concering the extreme non-stop back pain, the numbness from the waist down, & full documention of Plaintiff's 9/22/23 reinjury (#13 herein) Nurse Brooke set Plaintiff to see the PA. Then around 12:30 hours Plaintiff met w/ Major Lawless, & Warden David Mitchell of PNKcc In Plaintiff's cell 6A36 where Plaintiff in great detail explained to Mitchell & Lawless all the ongoing medical issues, reinjuries, & the deliberate indifference to serious medical needs by ALW Karales, HCUA Brown, Dr. Myers, Jane Doe #1 & #2. Plaintiff also showed Mitchell & Lawless the CT results (Exhibit 3 herein) & the MRI results (Exhibit 7 herein) to which Mitchell then Lawless stated "Well these are clear proof Myers lied to all of us ten days ago, your back is a hell of

11/18

alot worse then Myers claimed & led us to believe." Plaintiff will call Lawless &
Mitchell to testify. At this time Plaintiff gave Major Lawless, Warden Mitchell
& Lt. Frank a request slip seeking Protection from Dr. Myers (Exhibit 10 copy
of said request attached & incorporated herein by reference)which Lawless &
Mitchell agreed to enforce. Later that evening Plaintiff Placed an emergency
request in the mail to A/w Karales (formally wrote Corrells) & HCUA C. Brown
Pleading for their help in Protecting the Plaintiff from Dr. Myers by lodging
an OIG complaint in accord w/ Wexford Health sources Inc. Contract.
(Exhibit 11 copy of this request attached & incorporated herein by
referenced) A/w Karales & HCUA Brown's lack of action & not replying
nor filing the OIG complaint is further evidence of their deliberate
indifference to serious medical needs, facilitation of these henious
acts by Myers, & denial of ADA/RA by Myers orders.

17. Sept. 26, 23 Plaintiff was called to the base HCU of PNK cc where
Defendant Brown & Myers tryed to trick the Plaintiff into seeing Myers so
Myers could further harm by retaliation the Plaintiff. Plaintiff refused citing
to Brown & Myers the complaints, snits, fears, lies, & attacks on Plaintiff by
Defendant Myers. Brown Stated "we do not care about your concerns Cornille
this is your only choice for medical care." Plaintiff begged to see someone
else (of which there were two (2) other medical Providers available) Myers
& Brown refused at which time Plaintiff declared a hunger strike due to
Plaintiff greatly fearing for their well being & need for safe medical care. In
response to Plaintiff declaring a hunger strike came the following day Sept. 27, 23
approx. 10:00 hours Plaintiff was pulled from their cell unexpectedly & led by C/o Brandy
Wallen to the base HCU of PNK cc where Plaintiff was finally seen by a different
medical Provider PA A. Desai who handled Plaintiff's medical concerns. PA Desai
examined Plaintiff's fourth (4th) volume medical record stated to the Plaintiff

12/18

Myers handwriting & alterations of these records are to the Point I cannot fully understand the depth of your injuries". Plaintiff then produced/showed PA Desai CT results 9/4/23 (exhibit 3 herein) & MRI results 9/22/23 (exhibit 7 herein) which after reviewing these PA Desai stated "You should have already been to see a neurosurgeon & most likely Post OP. I do not know why Myers has not done an emergency collegial, I will order the neurosurgery collegial now."

18. Sept. 29, 23 approx. 10:45 hours A/w Karales toured 6A at PNK cc where Plaintiff spoke 1 on 1 w/ Defendant Karales over their need (still) for medical care for their back, their need for express neurosurgery consult, & their issues w/ Dr. Myers & HWA Brown (both of whom answer to A/w Karales) as well as Plaintiff's request to Karales & Brown on 9/25/23 (exhibit 11 herein) Karales stated to the Plaintiff "Cornille why is it that you think your situation is any better or more important than anyone else's? I got your request & I'm not filing an complaint on Myers. Simply because you have pain does not mean you need to see a specialist now will you because I will not push it!" Plaintiff showed Karales the 9/2/23 CT results (exhibit 3 herein) & the 9/22/23 MRI results (exhibit 7 herein) as Karales examined these Plaintiff was explaining to Karales that it was not the fact the Plaintiff thought they were better than any one, it was the fact Plaintiff was injured by no fault of their own because staff left vomit on the floor (when staff knew it was there) & never warned any one or cleaned it up before letting ILL's out of their cells. Karales got angry stating" So it's all our fault you fell'. Well we will see if you get to a specialist now but I'd get comfortable if I were you," Karales proceeded to storm off continuing to be deliberately indifferent to Plaintiff's serious medical needs.

19. Sept. 27, 23 through Oct. 19, 23 Plaintiff filed very detailed sick call slips at both morning & evening med lines even telling each nurse of the extreme non-stop

13/18

back pain, numbness from the waist down, & pleading for medical care. As well as the fact the lidocane patches & the Panalare was not helping at all. Plaintiff was told several times to keep putting m.slips "we're behind & your not a priority by Myers orders" by several nurses.

20. Oct. 04, 23 approx. 13:30 hours Plaintiff was called from their cell & sent to the wardens office at PNKcc where Plaintiff met IDOC Internal Security Investigator (ISI) Billy Stanhouse Jr who is stationed at the Marion, IL office. ISI Stanhouse interviewed the Plaintiff over several issues at PNKcc from Lt. Frank of IA, Plaintiff's extremly painful back injury, Defendant's Dr Myers, HCUA Brown, & A/w Kapales retaliation, deliberate indifference to serious medical needs, & Plaintiff's safety concerns. ISI Stanhouse after all of this & looking at Plaintiff's evidence (exhibits herein) asked Plaintiff "How do you feel about me reducing your security level to a minimum & have you transfered to a minimum security prison that still has cells so you keep your single cell but will also give you much better medical care?" Plaintiff quickly agreed stating "I'm all for it as long as I keep my single cell & I can finally get medical care."

21. Oct 06, 24 Plaintiff was in extreme pain w/ their back they tryed to get emergency medical attention so Plaintiff pushed the button in their cell 6A36 at PNKcc from 13:20 hours till 14:05 hours when C/o McVey toured Plaintiff requested medical. C/o McVey was covering for C/o Adamski while C/o Adamski was on lunch so upon returning from lunch Plaintiff again sought emergency medical attention which C/o Adamski did. Nurse Whitney came did an eval for vitals which were elevated, documented swelling in Plaintiff's legs/feet their pain & numbness. Whitney also noted/commented that Plaintiff had put in over ten (10) sick call slips w/o being seen. After Nurse Whitney was done & gone Plaintiff wrote an emergency grievance over this retaliation/denial of medical care. (exhibit 12, 12A, 12B, & 12c emergency grievance w/ response is attached & incorporated herein by reference)

14/18

22. Oct. 07, 23 Plaintiff wrote a staff conduct grievance on A/W Karales (formally believed to be spelt Correlis) & HCUA Brown for dereliction of their duties in reguards to the Plaintiff's medical care (lack thereof) & for both Karales an Brown not filing an OIG compliant of abuse by Defendant Dr. Myers towards the Plaintiff, copy of Plaintiff's request sent to Karales & Brown on 9/25/23 (Exhibit 11 herein) (Plaintiffs grievance Exhibit 13, 13A, 13B & 13C attached & incorporated herein by reference)

· 23· Nov. 01, 23 Plaintiff wrote a staff conduct grievance on Pinckneyville Correctional Center (after Plaintiff was transfered to Robinson cc 10/23/23) for PNKcc w/holding four (4) of Plaintiff's emergency grievances all done/w/held to hinder exhustion efforts (#1 2992-09-23, #2 3256-09-23, #3 3331-10-23, & #4 3450-10-23) In this Nov. 01, 23 grievance Plaintiff cited the case law Dole v. Chandler, 438 F.3d 804, 806-07 (7th Cir. 2006) hinderence of exhustion by prison officials leaves the issue's exhusted. Per Policy this grievance went directly to the ARB all denied. Exhibit 14, 14A, & 14 B are attached & incorporated herein by reference.

# Legal Claims For Relief
## Counts 1-7

1. Plaintiff incorporates each paragraph of this complant as if fully restated herein.

2. Plaintiff has the right to be free from cruel & unusual punishment, right to fair, equal, & basic adequate medical, right to ADA/RA, the right to be free from intentional infliction of emotional distress, retaliation, & medical malpractice.

3. In the manner described more fully above, the Defendant(s) acting under the color of law, engaged in extreme, outrageous, willful & wanton conduct. These actions are rooted in an abuse of power &/or authority. These actions were undertaken intentionally, w/ malice &/or reckless indifference to the rights of Plaintiff Bradley J Cornille Sr.

4. At all relevant times, acting under the color of law, all eight (8) Defendant(s)

maintained a policy or common practice of w/hold necessary medical screening, testing, &/or specialist care from IIC's which was a moving force behind the violations of Plaintiff's constitutional rights/protections.

5. As a direct result of Defendant(s) misconduct, Plaintiff did not receive adequate medical care for their serious medical conditions.

6. Medical Staff Providers Percy Myers, Pinckneyville Community Hospital, RN Jane Doe #1, RN Jane Doe #2, Southern Illinois Hospital, & John Davidson, Knowingly, willingly, & unreasonably denied Plaintiff necessary medical attention/care for no medical purpose, ADA/RA (w/all defendants) despite knowing of the substantial risk of serious harm yet all Defendant(s) failed to respond reasonably.

7. Percy Myers, Pinckneyville Community Hospital, Jane Doe #1 & #2, John Davidson & Southern Illinois Hospital as medical contractors from IDoc/State have an affirmative Duty to provide the Plaintiff w/ adequate, humane, medically necessary medical treatment to prevent pain, suffering, cruel, & unusal punishment which after all of Plaintiff's detailed compliants to all Defendant(s) they all knew of a substantial risk of serious irreparable harm & had the authority/power to step up/step in yet they did nothing they all failed the Plaintiff. Medical Malpractice.

8. Defendant(s) by & through their positions, has an affirmative duty to enact & uphold policies, practices, customs, as well as constitutional protections & provide for the training & oversight of medical staffs (through direct orders or command structure)

9. Defendant(s) acts as described above cause serious damages to Plaintiff, including, prolonged pain & suffering, mental & emotional distress causing physical symptoms, & shatter destroyed their day to day life.

10. Plaintiff seeks declatory relief against the Defendant(s) in their official capacity, then nominal, compensatory, emotional distress, loss of enjoyment of life, pain & suffering damages, & punitive damages against the Defendant(s) all (8) eight in their individual capacity, & "indemnification" for payment of any award against them jointly & severally.

16/18

# Prayer For Relief

Wherefore, Plaintiff ask that the Court enter a Judgement against the Defendant(s) & that the Court:

1. Declare the actions of the Defendant(s) violated the Plaintiff's rights & Protections under the constitution 8th & 14th Amendments.

2. Declare the actions of the Defendant(s) violated the Plaintiff's rights & Protections afforded to them by Illinois State Tort Law.

3. Declare the actions of the Defendant(s) violated the Plaintiff's rights & Protections afforded to them under ADA & RA.

4. Declare the actions of Defendant Percy Myers, Pinckneyville Community Hospital, Southern Illinois Hospital, John Davidson, Jane Doe #1 & #2 were medical malpractice/retaliation.

5. Nominal Damages in the amount of $100.00 (USD) against each Defendant, jointly & severely.

6. Compensatory Damages in the amount of $450,000.00 (USD) against each Defendant, jointly & severely.

7. Emotional Distress & Loss of enjoyment of life in the amount of $250,000.00 (USD)

8. Punitive Damages of $275,000.00 (USD) against each Defendant, jointly & severely, in their individual capacity.

9. A Jury Trial on all issues so triable in accordance w/ Federal Rules of civil Procedure, Rule 38.

10. All cost incurred by Plaintiff for this suit, including but not limited to attorney's fees.

11. Any additional relief this Court deems just, Proper, & equitable.

Respectfully submitted, Bradley F Cornille Sr.

Bradley J Cornille Sr, B88097

Pro-Se,  8/3/24

17/18

## Verification

I have read the foregoing Complaint (18 Pages w/ 14 exhibits) & hereby verify that the matters alleged therein are true & correct, except as to matters alleged on information & belief, & as to those I believe them to be true. I certify under Penalty of Perjury that the foregoing is true & correct. Executed at Dixon CC, Dixon, IL 8/3/24

S/ Bradley J Cornille Sr

Bradley J Cornille Sr, B88097

## Certificate Of Service

Undersigned certifies that on 8/6/24 they caused this Complaint (18 Pages w/ 14 exhibits) to be E-filed from Dixon CC to Fed. Ct. S. Dist.

S/ Bradley J Cornille Sr

Bradley J Cornille Sr, B88097

8/5/24

## Offender Outpatient Progress Notes

### Pinckneyville Correctional ____ Center

EX 1

**Offender Information:**

Cornille                    Bradley                    ID#: B88097
Last Name                   First Name        MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|-----------|-----------------------------------|-------|
| 9/1/23 8:00pm | Lpn Note Individual In Custody Brought over in W/C By Stiff to HCU. C/o severe pain To Cervical and lumbar area. Neck noted to Be Kept to Ⓡ Side resting on Shoulder. BP 163/98, 98, 98', 24 resp, 97% Spo². Skin Dry, warm, Intact. Stated His Legs felt numb - Dr. myerx) called. N.O. received To Send To ER By ambulance, place neck Brace on. ambulance Called, ER report given. Shift commander, mary notified. carl lum Lpn | |

*Ex. 2*

Pinckneyville Community Hosp

Patient:  Bradley Cornille
Acct Num:  PC0001012838
Med Rec Num:  PM00306773
Location:  Emergency Department
Primary Provider:  Reyes,Christopher
Date:  09/01/23

# Patient Visit Information

## You were seen today for:

Fracture of transverse process of lumbar vertebra

## Patient Instructions:

Received with this packet on 09/01/23 at 22:58
Transverse Process Fracture

## Activity Restrictions or Additional Instructions:

follow up with prison physician in 2 days . Rest and avoid heavy lifting. Patient needs a back brace. If noticed any weakness and increasing numbness to legs and loss of bladder or bowel control. Go back to ER

## Follow-Ups:

Bradley Cornille has been referred to the following clinics/specialists for follow-up care:

**1. PERCY C MYERS , M.D.  Date: 3 Days**
   1000 N MAIN ST
   ANNA, IL  62906
   (618) 357-9722

## Prescriptions:

1. gabapentin
      300 mg oral daily #30 cap
      300 mg
      capsule
      Refills: 0
2. hydrocodone-acetaminophen
      1 tab oral Q6H as needed #14 tab
      10-325 mg
      tablet
      Refills: 0
3. prednisone
      50 mg oral daily #7 tab
      50 mg
      tablet
      Refills: 0

## Additional Documents Given:

**Pinckneyville Community Hosp**

Ex. 2A

Patient: Bradley Cornille
Acct Num: PC0001012838
Med Rec Num: PM00306773
Location: Emergency Department
Primary Provider: Reyes,Christopher
Date: 09/01/23

Home Medications List

 **SIH**

SIH Memorial Hospital
Carbondale
405 West Jackson Street

Cornille, Bradley J
MRN: 1210478, DOB: 12/26/1991, Sex: M
Acct #: 100001278960
Adm: 9/2/2023, D/C: 9/2/2023

*Providers are independent contractors and
not employees of Southern Illinois Healthcare*

## Orders

Reason for Exam: lumbar spinous process fracture then glf again with right lumbar pain

### CT LUMBAR SPINE WO CONTRAST [90914122]
Electronically signed by: **John H Davidson, PA on 09/02/23 1130**
This order may be acted on in another encounter.
Ordering user: John H Davidson, PA 09/02/23 1130          Ordering provider: John H Davidson, PA
Authorized by: John H Davidson, PA                        Ordering mode: Standard
Indications comment: lumbar spinous process fracture then glf again with right lumbar pain

#### Questionnaire

| Question | Answer |
|---|---|
| Decision Support Exception | Emergency Medical Condition (MA) |

#### Screening Form

##### General Information

| Patient Name: Cornille, Bradley J | MRN: 1210478 |
|---|---|
| Date of Birth: 12/26/1991 | Home Phone: 618-357-9722 |
| Legal Sex: Male | Work Phone: 618-357-9722 |
| | Mobile: 618-357-9722 |

| Procedure | Ordering Provider | Authorizing Provider | Appointment Information |
|---|---|---|---|
| CT LUMBAR SPINE WO CONTRAST | John H Davidson, PA ☎618-942-2171 | John H Davidson, PA ☎618-942-2171 | 9/2/2023 12:40 PM SIH MHC CT ROOM 2 MHC CT |

##### Screening Form Questions

No questions have been answered for this form.

Resulted: 09/02/23 1309, Result status: Final
result

### CT lumbar spine without contrast [90914122]
Ordering provider: John H Davidson, PA  09/02/23 1130          Resulted by: Derek Lee Fimmen, MD
Filed by: Interface,                                           Performed: 09/02/23 1238 - 09/02/23 1255
Merge311_Imaging_Orders_And_Results_Incoming
09/02/23 1314
Accession number: SIH2541926                                   Resulting lab: RADIOLOGY LLB
Narrative:
EXAM:  CT LUMBAR SPINE WITHOUT INTRAVENOUS CONTRAST 09/02/2023.  SAGITTAL AND CORONAL
REFORMATTED IMAGES OBTAINED

HISTORY:  Back pain.  Previous fracture.

COMPARISON:  None.

FINDINGS:  A normal lumbar lordosis is maintained.  Nondisplaced fracture of the right transverse process of L2.

Minimally-displaced fracture of the right transverse process of L3.  Nondisplaced fracture at the posterior aspect of
the right superior articulating facet of L3.

Nondisplaced fracture at the right transverse process of L4.



SIH Memorial Hospital
Carbondale
405 West Jackson Street

Cornille, Bradley J
MRN: 1210478, DOB: 12/26/1991, Sex: M
Acct #: 100001278960
Adm: 9/2/2023, D/C: 9/2/2023

*Providers are independent contractors and*
*not employees of Southern Illinois Healthcare*

The remaining osseous structures appear intact.

IMPRESSION:
1.  Nondisplaced fracture at the right transverse process of L2 and L4.
2.  Minimally-displaced fracture of the right transverse process of L3.
3.  Nondisplaced fracture at the posterior margin of the the right superior articulating facet of L3.
4.  Normal anatomic alignment is maintained.  No bony encroachment on the spinal canal.  The remaining osseous structures appear intact.

All CT scans are performed using dose optimization techniques as appropriate to the performed exam and include at least one of the following: Automated exposure control, adjustment of the mA and/or kV according to size, and the use of iterative reconstruction technique.

Electronically signed by: DEREK FIMMEN M.D.
Date:    09/02/2023
Time:    13:00
Acknowledged by: Susan C Hoyle, RN on 09/06/23 1638

Testing Performed By

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| 51 - RADIOLOGY LLB | RADIOLOGY LLB | Unknown | Unknown | 11/07/16 1053 - Present |

## END OF REPORT

Ex. 4

# AFTER VISIT SUMMARY
**Bradley J. Cornille** MRN: 1210478          📅 9/2/2023  📍 SIH Memorial Hospital of Carbondale 618-529-0491

## Instructions

Maintain your TLSO with weight-bearing you can take it off to sleep but otherwise keep it on keep taking your pain medications already prescribed follow-up with neuro surgery in 2 weeks. No heavy lifting nothing more than 10 lb.

 **Read the attached information**
1. Transverse Process Fracture (English)
2. Lumbar Spine Fracture (English)

 **Schedule an appointment with Alicia Markley, PA-C as soon as possible for a visit in 2 weeks (around 9/16/2023)**
Specialty: Physician Assistant, Family Medicine
Contact: 2553 Ken Gray Blvd
West Frankfort IL 62896
618-932-3937

 **Schedule an appointment with Gordon Chu, MD as soon as possible for a visit in 2 weeks (around 9/16/2023)**
Specialty: Neurosurgery
Contact: 305 W Jackson St Ste 400
Carbondale IL 62901
618-351-4972

## What's Next
You currently have no upcoming appointments scheduled.

## Today's Visit
You were seen by John H Davidson, PA
**Reason for Visit**
Back Pain
**Diagnoses**
- Closed fracture of spinous process of lumbar vertebra with routine healing, subsequent encounter
- Closed fracture of third lumbar vertebra, unspecified fracture morphology, initial encounter

🖼 **Imaging Tests**
CT lumbar spine without contrast

🏥 **Done Today**
Back brace:

💟 Blood Pressure
**122/84**

🌡 Temperature (Oral)
**98.1 °F**

💗 Pulse
**90**

🫁 Respiration
**18**

Oxygen Saturation
**98%**

Emergency due to serious risk of irreparable harm/damage

1st Lvl rec:     ILLINOIS DEPARTMENT OF CORRECTIONS     Housing Unit: HCU 1501   Bed #:

2nd Lvl rec:

**Individual in Custody's Grievance**

Ex. 5

| Date: 9-3-23 | Individual in Custody (please print): Cornille | ID #: B89097 | Race (optional): |

| Present Facility: Pinckneyville | Facility where grievance issue occurred: Pinckneyville |

**Nature of grievance:**

☐ Personal Property    ☐ Mail Handling    ☐ Medical Treatment    ☐ ADA Disability Accommodation

☐ Staff Conduct    ☐ Dietary    ☐ HIPAA    ☐ Restoration of Sentence Credit

☒ Other (specify): Failure To Protect/health, safety, & sanitation

☐ Disciplinary Report     Date of report _____     Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) **and place in the designated locked receptacle marked "grievance":**

    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board

    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor

    Chief Administrative Officer, only if EMERGENCY grievance

    Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

9-1-23 while house 5D17 PNK between 1900 & 1920 hours my slip/fall occurred in N5 or D wing apprx 35/36 cell (camera footage #12 full) present at the time of the incident I was housed in 5D17 at PNK was coming out of dayroom. After I slip/fell I tryed to ignore the extreme pain I invine on yet during the incident I fell really hard (even several lak-hourso staff & IIC's said as much) feel overload brief loss of consciousness w/ cloudy star vision, extreme pain from head, really shoulders, mild & lower back. As I return the term by phone I learned several IIC's/ staff that someone on top deck/top deck had day **Continued on reverse ➤**

**Relief Requested:**

Preservation of all video footage from PNK 5D unit on 09/01/23 between 1800 & 1930 hours. Provide me/my a copy of any & all 434's or any other documents written pertaining to this matter by any staff on 09/01/23 or thereafter. Referral of this for criminal charges for putting my/our HYK in toxic body waste/fluid from a drug addict who smoked too much/ vomit/ch everywhere. Medical con-eentry to ensure this drug addict (who can be ID by urine) does not have any communicable, retirecton-->

☒ Check **only** if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is **NOT** an emergency grievance.

| [signature] | B89097 | 9-3-23 |
| Individual in Custody's Signature | ID# | Date |

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: _____    ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

_____

_____

_____

_____

_____

_____

_____

| Print Counselor's Name | Sign Counselor's Name | Date |

**Note to individual in custody:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: _____

**Is this determined to be of an emergency nature:**

☐ Yes, expedite emergency grievance

☐ No, an emergency is not substantiated. Individual in custody should submit this grievance according to standard grievance procedure

_____     _____

Chief Administrative Officer's Signature     Date

Ex. 5A

room right before bottom deck) had gotten so high that they puked all over the floor (urine I say), shower, & wall & that "L" the porter was on the wing to clean it up by dayroom so bottom deck was called yet "L" did not get it cleaned before dayroom was called he was still getting tools out. There was no warning for us IIC's coming out, no wet floor signs, no mop bucket, there wasn't even staff warning to standing near the biohazard waste of some dude health nurse IDoc failed to protect not only myself but all IIC's from that unknown/hazzen biohazard waste. I manged to get myself to the D wing of bool to plead w/ staff I needed medical attention because I started to feel a tingling/numbness dressing through my back into my legs. Staff called for a wheel chair & it came while in time as my legs had begun to go numb. I was wheeled to PNK HCV where it was determined I would be sent out on an emergency med writ by Ambulance. I was placed in a C collar & waited for the ambulance to arrive. Yo Vaughn for IA came into HCV to ask me if there was any thing I needed to tell him before he watched the video, I told Vaughn no I'm not hurt. During my wait for the ambulance the numbness got to bad, an unknown female like told me I had been on myself & I had a like I had. I was transported to Pinckneyville Community hospital by ambulance staff shortly thereafter where it was determined by CT Scans that I had a fracture the lumbar fracture in my lower right back to the right of my spine. I was gave meds for pain told to wear a brace at all times, bed rest, no lifting, no stairs, & take medication, yet the hospital did not have a brace & still sent me back to the prison despite my inability to stand/walk - paragraph L) to Evesheart was a lifesaver the nailed lift me from the hospital bed into a wheel chair then up into the transport van then back into the wheelchair & into PNK HCV & I will call on L) Evesheart for testimony of my condition & flaws in care from Pinckneyville Community hospital which I greatly believe lead to me retaining the following morning in PNK HCV I on 09/09/23 I was trying to use my upper body strength to move from my bed into the wheelchair yet w/o brace for support I sent like putty, a weak limp noodle & in immense pain which was only made worse when the wheelchair rolled away. Nurses came in right as I hit the floor hard causing shooting pain/numbness into my right side & leads to me being sent on a med writ to Carbondale memorial hospital where more CT was done confirming the lower lumbar fracture before discharge I was given a full upper body brace that covers from waist to shoulder. I now live in extreme pain consistantly, struggle to stand or even walk at all, mostly in a wheel chair for now, & will forever have I had Icabble damage because a biohazard mess was not cleaned up before next dayroom was called had that been an officer who fell insted of an IIC there would be a lot more reprecussions for the addict who puked every where & well as those who let it be there despite knowing it was there & risk vt posed. EOS BL

_____

**Relief wan:** dispose protection from any & all retaliation in any manner from anyone.

# State of Illinois - Department of Corrections
## Counseling Summary

EX. 5B

| | | | |
|---|---|---|---|
| **IDOC #** | B88097 | **Counseling Date** | 09/06/23 14:23:08:087 |
| **Offender Name** | CORNILLE, BRADLEY J. | **Type** | Collateral |
| **Current Admit Date** | 09/04/2018 | **Method** | Grievance |
| **MSR Date** | 08/17/2032 | **Location** | PNK HEALTH CARE UNIT |
| **HSE/GAL/CELL** | H -01-01 | **Staff** | SKORCH, DIANE, Office Coordinator |

✓ Emergency grievance # 2992-09-23 regarding conditions, dated 9/3/23 has been deemed emergency by CAO for expedited grievance review.

**Print Date** 9/6/2023

*handwritten at top:* I spoke w/him 9/18/23 & he is expecting this grievance. Ty

Ex: 6

3:45.09.23 full

A36

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

| Date: 9-18-23 | Offender (please print): Cormille, Bradley | ID #: B88097 | Race (optional): NA |
|---|---|---|---|
| Present Facility: PNK | | Facility where grievance issue occurred: PNK | |

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify):
- [x] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

_____ Date of report _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and place in the designated locked receptacle marked "grievances".

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

9-2-23 While I was held in PNK HCU I was R-med wit to SHH Carbondale due to a second fall w/in 24 hours. the Doctor at SHH ordered a full ortho follow up w/in 2 weeks. That 2 weeks expired 9-16-23 & I've still not seen ortho due to Dr. Percy Myers not filing Covergin Papers on 9/2/23. cc: Att. Bennett & Myers Attorney John Wilbeck & Phillip Berson

_____

[ ] Continued on reverse

**Relief Requested:** To see ortho immediately with ordered follow complied w/by medical of IDoc.

_____

[ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[ ] Check if this is NOT an emergency grievance.

| Cormille | B88097 | 9-18-23 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: _____    [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

_____
_____
_____
_____
_____

| Print Counselor's Name | Sign Counselor's Name | Date |
|---|---|---|

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: _____

Is this determined to be of an emergency nature?

[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure.

_____
Chief Administrative Officer's Signature    Date

DOC 0046 (Rev. 01/2020)

RECEIVED
SEP 19 2023

3-46-09-23 PNK

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

Ex. 6A

Housing unit: 6    Dec # A36

| Date: 9-18-23 | Offender (please print): Cornille | ID #: B38097 | Race (optional): NA/F |
|---|---|---|---|
| Present Facility: PNK | | Facility where grievance issue occurred: PNK | |

**Nature of grievance:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify):
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report ____ Facility where issued ____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance".

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

The base case of this grievance is the staff conduct of Wexford Health Services Inc. Doctor Percy Chester Myers I, all herein that follows is the following evidence of Myers misconduct as it related 9/18/23 while held in bd 36 of PNK all of this began 9/1/23 when I was housed in SDN & injured when falling in liberated habit b/f D (not case of this grievance 1st plugg/ranked thru) I have been denied adequate medical standard here cause medical attention by Dr. Percy Myers, this is retaliatory based because Percy Chester Myers I allowing his personal feelings over a current suit between myself & Myers (see Fed. Ct. 5. Dist. As 22- [x] Continued on reverse

**Relief Requested:**

All medical hold of any nature lifted so as to allow my immediate transfer to Graham CC (where I am already approved for) when my transition from wheel chair to walker under supervision of trained physical therapist (not Myers) asker of the has cleared the transition but because Percy Myers conduct (assigned physical) please I will never be given b color medical care here at PNK due to being medical doctor admin...

[ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self. No mother fatality in 3 yr olds.

[ ] Check if this is NOT an emergency grievance

| Offender's Signature | B38097 ID# | 9-18-23 Date |
|---|---|---|

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)** Date Received: ____   [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

_____
_____
_____
_____
_____
_____

| Print Counselor's Name | Sign Counselor's Name | Date |
|---|---|---|

**Note to offender:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:** Date Received: ____

Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure.

| Chief Administrative Officer's Signature | Date |
|---|---|

EX-6B

cv-1488-MA for his prior actions mediating that harmed me) to suit his current judgement decision making, I is driving Myers to take imminent actions fueled by retaliation and anger with new orders every rection/for the lack there of by Myers/or the finneyville either label Myers control because Myers is the medical admin doctor @ PNK Hospital SIH is responsible made the order for me to follow w/ b/o the w/in 14 days of 9/2/23 when I was sent out to SIH hospital they have as is evident by it being 9/18/23 twelve(12) days past that order for me to follow w/ b/o the I still waiting to be seen because Myers saved in to the needed colorectal paperwork on 9/2/23, Myers finally did the colorectal order on 9/14/23 twelve days too late. I ask I cite to this grievance the video evidence of Myers actions, this medical treatment grievance is Myers failing Myers actions has caused a great delay in my medical, my healing, I Myers has willingly malice, knowledge, intent, & direct involvement carried out the actions or lack there of for retaliation, abuse, harassment, discrimination, he is to a answer to. CC: Att. Bennett & Myers Attorneys John Gilbert & Phillip Brice It should be noted Nurse #435 have done what they can w/in their power concerning this incident & it is appreciated, Myers is the issue.

6A36

EX. 6C

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report | | |
|---|---|---|
| **Date Received:** 09/19/2023 | **Date of Review:** 10/12/2023 | **Grievance #** (optional): 3145-09-23 |
| **Offender:** Cornille, Bradley | | **ID#:** B88097 |

**Nature of Grievance:**

Medical

**Facts Reviewed:**

Grievant states on 9/2/23 they were given an e-med writ to SIH Carbondale due to a second fall w/in 24 hours. Grievant states the doctor of SIH ordered a full ortho follow up w/in 2 weeks and that expired 9/16/23 and still have not seen them due to Dr. Myers not filing collegial papers on 9/2/23.

**Relief requested:**
To see ortho immediately with their orders fully complied

**HCUA response:**
Many of the local area orthopedic specialists/clinics do not see patients for generalized back pain. Some of the facilities contacted would not schedule you based on your 9/2/23 CT scan without first having an MRI done. You had an MRI done on September 22nd. The facility schedulers have been trying to get you scheduled for an ortho follow up and have had to expand their search based on other facilities not being willing to see you based on your condition.
You are scheduled for an ortho evaluation. The HCUA, MD, and facility have no control over how quickly an outside appointment can be scheduled as that is determined by the outside facility's availability and how urgent they feel your consult is based on your CT and MRI results/scans.

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the grievance be DENIED.

J. Saddler, CCII
Print Grievance Officer's Name          Grievance Officer's Signature
**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response | | |
|---|---|---|
| **Date Received:** 10/13/23 | ☑ I concur ☐ I do not concur | ☐ Remand |

**Action Taken:**

Chief Administrative Officer's Signature          10/13/23
Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature          B88097          10/16/23
ID#          Date

Distribution: Master File; Offender          Page 1          DOC 0047 (Rev. 3/2019)
*Printed on Recycled Paper*

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report |
|---|

Date Received: 09/19/2023          Date of Review: 10/12/2023          Grievance # (optional): 3146-09-23

Offender: Cornille, Bradley                                              ID#: B88097

Ex. 60D

**Nature of Grievance:**

Medical

**Facts Reviewed:**

Grievant states as of 9/18/23 they have been denied adequate medical standard care by Dr. Myers since the incident that occurred on 9/1/23. Grievant states they were supposed to follow up at SIH within 14 days after 9/2/23.

Relief requested:
Medical holds be lifted to allow transfer to GRA

HCUA response:
Dr. Myers wrote a medical permission for you to have a walker, wheelchair, and back brace on September 2nd, 2023. He saw you on infirmary rounds on September 14th and 15th. You were seen by the NP on infirmary rounds as the MD was on vacation from September 5th through September 12th. Dr. Myers wrote an urgent collegial for an MRI in attempt to get you into an ortho follow up that was approved by Wexford on September 15th and you had an MRI on September 22nd. You refused to see Dr. Myers for a post MRI follow up on September 22nd and September 26th citing negligence and retaliation in your refusals. The treatment that Dr. Myers is facilitating is consistent with standard treatment protocols of transverse process fractures.

From Grievance #3145-09-23: Many of the local area orthopedic specialists/clinics do not see patients for generalized back pain.
CONTINUED....

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the grievance be DENIED.

J. Saddler, CCII
_____
Print Grievance Officer's Name                    Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 10/13/23          ☒ I concur          ☐ I do not concur          ☐ Remand

Action Taken:

_____                                        10/13/23
Chief Administrative Officer's Signature                         Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

_____                    B88097          10/16/23
Offender's Signature                          ID#              Date

(cont'd)
Cornille B88097                                                                                            3146-09-23

Some of the facilities contacted would not schedule you based on your 9/2/23 CT scan without first having an MRI done.
You had an MRI done on September 22nd.  The facility schedulers have been trying to get you scheduled for an ortho
follow up and have had to expand their search based on other facilities not being willing to see you based on your
condition.
You are scheduled for an ortho evaluation.  The HCUA, MD, and facility have no control over how quickly an outside
appointment can be scheduled as that is determined by the outside facility's availability and how urgent they feel your
consult is based on your CT and MRI results/scans.

Grievance officer response:
A medical hold can not be lifted unless approved by the HCUA.

J.B. Pritzker
Governor

Ex 6DF



Latoya Hughes
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name: Cornille, Bradley

ID# : B88097

Facility: ROB

Date: 1/25/24

This is in response to your grievance received on 10/19/23 . This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: 9/18/23    Grievance Number: 3145-09-23,3146-09-23    Griev Loc: PNK

- [ ] Medical _____
- [ ] Dietary _____
- [ ] Personal Property _____
- [ ] Mailroom/Publications _____
- [■] Staff Conduct _____ (9/16, 9/18/23) Claims staff misconduct by Dr. Meyers due to grievant has yet to be sent to to SIH for follow-up within two weeks as ordered.
- [ ] Commissary / Trust Fund _____
- [ ] Conditions (cell conditions, cleaning supplies, etc.) _____
- [ ] Disciplinary Report: Dated: _____ Incident # _____
- [ ] Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

- [ ] Affirmed _____

- [ ] Denied, in accordance with DR504F, this is an administrative decision.

- [■] Denied, this office finds the issue was appropriately addressed by the facility Administration.

- [ ] Denied as the facility is following the procedures outlined in DR525.

- [ ] Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.

- [ ] Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

- [■] Other: Treatment is at the discretion of licensed medical providers. After reviewing all available information, staff misconduct was not substantiated.

_____

FOR THE BOARD: _Ryan Nothnagle_
Ryan Nothnagle
Administrative Review Board

CONCURRED: _Latoya Hughes_
Latoya Hughes
Acting Director

CC: Warden, ROB Correctional Center
Cornille, Bradley , ID# B88097

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc



SIH Memorial Hospital
Carbondale
405 West Jackson Street

Cornille, Bradley J
MRN: 1210478, DOB: 12/26/1991, Sex: M
Acct #: 100001288118
Adm: 9/22/2023, D/C: 9/22/2023

*Providers are independent contractors and
not employees of Southern Illinois Healthcare*

## Final Diagnoses (ICD-10-CM) (continued)

| Code | Description | POA | CC | HAC | Affects DRG |
|---|---|---|---|---|---|
| R60.0 | Localized edema | | | | |

## Events

**Hospital Outpatient at 9/22/2023 0920**

    Unit: SIH Memorial Hospital of Carbondale
    Patient class: Outpatient

**Discharge at 9/22/2023 2359**

    Unit: SIH Memorial Hospital of Carbondale
    Patient class: Outpatient

## ED Events

None

## All Orders

Null

## All Orders

No orders found for this encounter

## Imaging - All Results

**MRI lumbar spine with and without contrast [92970949]**

Resulted: 09/22/23 1124, Result status: Final result

| | |
|---|---|
| Ordering provider: Non-Electronic Order 09/22/23 0920 | Resulted by: Jonathan Mark Rindner, DO |
| Filed by: Interface, Merge311_Imaging_Orders_And_Results_Incoming 09/22/23 1128 | Performed: 09/22/23 1022 - 09/22/23 1024 |
| Accession number: SIH2560008 | Resulting lab: RADIOLOGY LLB |

Narrative:
EXAMINATION: MRI LUMBAR SPINE WITHOUT AND WITH IV CONTRAST.

History: Lumbar spine transverse process fracture.

Technique: Multiplanar, multisequence MRI of the lumbar spine without and with IV gadolinium contrast. 8 ml Gadavist administered IV.

Comparison: CT lumbar spine 09/02/2023.

Findings:
Vertebral body heights maintained. Vertebral body hemangioma at L2. Edema and enhancement is seen in the right transverse processes of L2, L3, and L4 in association with minimally displaced fractures at these locations. Marrow signal is otherwise normal. Lumbar alignment normal. Conus terminates at a normal level. Paraspinal tissues otherwise within normal limits.

L1/L2: No spinal canal stenosis or neural foraminal stenosis.

L2/L3: No spinal canal stenosis or neural foraminal stenosis.

L3/L4: Disc bulge. No spinal canal stenosis. Mild left neural foraminal stenosis.

L4/L5: Disc bulge. Central annular fissure. No spinal canal stenosis. Mild bilateral neural foraminal stenosis.

L5/S1: Disc bulge. Central annular fissure. No spinal canal stenosis or neural foraminal stenosis.

Impression:
Edema and enhancement seen in the right transverse processes of L2 - L4 in association with fractures at these locations. No evidence of cauda equina or nerve root injury. Lumbar alignment normal. Multilevel degenerative spondylosis without high-grade spinal canal or neural foraminal stenosis.

Electronically signed by: JONATHAN RINDNER D.O.
Date:        09/22/2023

Emergency Grievance Due to tertary risk of irreparable harm + death.

SEP 25 2023

2208.09.23.1

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

Ex B

| Date: 9-22-23 | Offender (please print): Corville | ID# B38097 | Race (optional): NA/F |
|---|---|---|---|
| Present Facility: PNK | | Facility where grievance issue occurred: PNK | |

**Nature of grievance:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify):
- [x] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____    Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved)

09/22/23 While housed in 6A36 OF PNK I went over to SIH hospital in Carbondale for an MRI. Upon return to PNK I was denied the right to see another medical provider besides Dr. Percy Chester Myers who is transphobic (refuses to refer to me by my proper pronouns she/her, despite me having told Myers many many times.) Myers also tapes all my actions while on retaliation because of a current suit between myself & Myers see 22-CV-1988-MAB in which his conduct brother than caused me to deteriorate mediuly till I landed in ER which now makes any & all decisions etc by Myers questionable. Myers conduct/history of sexual abuse, retaliation & his tags
[x] Continued on reverse

**Relief Requested:**

A Recreasion "KSF" placed between Percy Myers & myself, one of us needs to leave to my satisfaction. If medical in PNK can not see me w/o Percy Myers involvement then recreasion needs to come immediately. There being the outside specialist be the only one to make any determination as to my four (4) current back fractures. Full report by this to IDOC unless medium & IA as of fingers ill.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self
[ ] Check if this is NOT an emergency grievance.

| Offender's Signature | B38097 ID# | 09/22/23 Date |
|---|---|---|

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: _____    [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield IL 62794-9277

Response:

Print Counselor's Name _____    Sign Counselor's Name _____    Date _____

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW**    Date Received: 9/25/23

Is this determined to be of an emergency nature?
[x] Yes, expedite emergency grievance
[ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure.

Chief Administrative Officer's Signature _____    9/25/23 Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

Phonic attitude & lying about medical issues Puts my life, medical, & general safety in serious risk of irreparable harm.

CC: ACLU Attorney camille Bennett & Myers Attorney John Gilbert

Ex 8A

Ex. 8B

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report | | |
|---|---|---|
| **Date Received:** 09/25/2023 | **Date of Review:** 10/12/2023 | **Grievance #** (optional): 3208-09-23 |
| **Offender:** Cornille, Bradley | | **ID#:** B88097 |

**Nature of Grievance:**

Medical

**Facts Reviewed:**

Grievant states on 9/22/23 they were sent to SIH Carbondale for an MRI and was denied their right to see a medical provider that was not Dr. Myers because they are transphobic. Grievant claims they are being retaliated against because of an ongoing suit with Myers because they question his medical decisions. Grievant states Myers' history of sexual abuse, retaliation and transphobic attitude puts them at risk.

Relief requested:
A KSF on Percy Myers, ortho from outside specialist only make decisions on their 4 back fractures

HCUA response:
On September 22nd, 2023, when you refused to see Dr. Myers for your post MRI follow-up, IA was contacted by Wexford Office Coordinators to verify that there was nothing in place that would prohibit you from being seen by Dr. Myers. Dr. Myers ordered your MRI, and it is consistent policy that individuals are followed up with by the provider that orders outside tests and evaluations.
Dr. Myers is the primary provider for individuals when they are housed in the infirmary, as you were from September 2nd through September 15th, and it is consistent for him to follow up with individuals when they are released from the infirmary back into general population.

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the grievance be DENIED.

| J. Saddler, CCII | |
|---|---|
| Print Grievance Officer's Name | Grievance Officer's Signature |

**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response | | |
|---|---|---|
| **Date Received:** 10/13/23 | ☒ I concur   ☐ I do not concur   ☐ Remand | |
| **Action Taken:** | | |

| David Mitchell | 10/13/23 |
|---|---|
| Chief Administrative Officer's Signature | Date |

**Offender's Appeal To The Director**

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)**

| | B88097 | 10/16/23 |
|---|---|---|
| Offender's Signature | ID# | Date |

J.B. Pritzker
Governor



Latoya Hughes
Acting Director

EX.8C

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name:     Cornille, Bradley                                                                11/3/23
                                                                                            Date
ID# :     B88097

Facility:  ROB

This is in response to your grievance received on __10/19/23__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding: Grievance dated:** 9/22/23     **Grievance Number:** 3208-09-23     **Griev Loc:** PNK

- [X] Medical _(9/22/23) Alleges being denied to see another medical provider besides Dr. Myers, whom grievant alleges is trans-phobic_
- [ ] Dietary _____
- [ ] Personal Property _____
- [ ] Mailroom/Publications _____
- [ ] Staff Conduct _____
- [ ] Commissary / Trust Fund _____
- [ ] Conditions (cell conditions, cleaning supplies, etc.) _____
- [ ] Disciplinary Report: Dated: _____ Incident # _____
- [ ] Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

- [ ] Affirmed
  _____
- [ ] Denied, in accordance with DR504F, this is an administrative decision.
- [■] Denied, this office finds the issue was appropriately addressed by the facility Administration.
- [ ] Other: _____

- [ ] Denied as the facility is following the procedures outlined in DR525.
- [ ] Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.
- [ ] Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

FOR THE BOARD: _____     CONCURRED: _____
                    Ryan Nothnagle                                Latoya Hughes
                Administrative Review Board                        Acting Director

CC: Warden, __ROB__  _____ Correctional Center
      Cornille, Bradley _____, ID# B88097

*Mission:* To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.

**www.illinois.gov/idoc**

Emergency due to serious ri_ of irreparable harm/death!

RECEIVED

____ 02? _ 5 2023    3214.09.23 2_    ILLINOIS DEPARTMENT OF CORRECTIONS
Offender's Grievance

Housing Unit __6__    Bed # A36

2 st un rec

| Date: 9-22-23 | Offender (please print) Cornille | ID #: 888097 | Race (optional): NA/F |

| Present Facility: PNK | Facility where grievance issue occurred: PNK |

**Nature of grievance:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer: Denial by Facility
- [ ] Disciplinary Report

- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify)

- [x] Medical Treatment
- [ ] HIPAA

- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____    Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance".

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

9-22-23 while being in 6A36 of PNK at approx. 1900 hours while persaid cell I was trying to move from wheel chair to toilet to use the restroom when I slipped as I was trying to get set on toilet causing me to fall backward into the bow which has an ADA grab bar on it which slammed into my back brace right where I currently have four fractures or serious "minimally displaced fracture of the right transverse process of L2. Non-displaced fracture on the posterior aspect of the right superior articulating facet of L3. Non-displaced fracture of the right transverse process of L2. Have a non-displaced fracture on the right transverse process of L4." See STH CT results page from 09/12/23. Once back in my

[x] Continued on reverse

**Relief Requested:**

To be seen by medical staff outside of PNK (like STH sacraday) So as to prevent my further harm previously arise. Ensure a Hoyer-lift is in place between Myers & Myers due to ongoing conflict, so I, I have to go for medical outside of PNK (like STH sacraday) to take overseeing medical care to prevent harm/death. Springfield, IA to review - Igone Frank of IA, Diana & Myers of HCU, medical director Steven Bowman investigate, remove C. Brown & P. Myers-Cornaia footage of CA be physical fracture or quickens used to identify the nurse in question along

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[ ] Check if this is NOT an emergency grievance.

RELIEF Con. on back ➝

Offender's Signature ____    888097  ID#    9-22-23  Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**    Date Received _____    [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield IL 62794-9277

Response: _____

Print Counselor's Name _____    Sign Counselor's Name _____    Date _____

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW**    Date Received: 9/25/23

Is this determined to be of an emergency nature?

[x] Yes, expedite emergency grievance

[ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure.

Chief Administrative Officer's Signature _____    9/25/23  Date

Ex 9

Where about the pain was still to severe in my low back it was hard to breath & my R leg was more numb/useless then before (had issues since 09/01/23 & 09/02/23) but worse after this incident. I pushed the button in my cell by the door that is alleged to notify control yet no one responded til about 2000 hours when Sgt. Walker did legal mail, when giving me my legal mail I informed him of what occurred & asked for him to please get medical for me. Walker replied the nurse is on & was doing meds & I will be over here in a moment, but I will let them know. All rox 2025 hours gallery to Jones came to unknown white nurse passing meds, as I was handed my meds I told this unknown nurse w/ C/o Jones present full details of my fall, the severe pain I was in along w/ my back fracture issues, & even to point I was having trouble breathing, unknown nurse replied very loud "This is why I hate my fucking life!" (so loud my neighbor Cole Y76899, 6A38 called me & asked why nurse said that.) Unknown nurse told me she was going to finish meds then see what HCU wanted to do. Yet this unknown nurse nor any medical staff returned me or offered any medical care. Next nurse I seen was an unknown nurse round 0630hrs & she knew nothing bout incident. The denial of this unknown nurse is a product of Christine Brown the HCU Admin. of PNK as well as being Shester Myers the AND of PNK HCU as well as Lt. Shane Frank of PNK IA for failing to take action on staff like Brown & Myers for creating an environment in PNK HCU that it's acceptable of being deliberately indifferent to serious medical needs of I.I.C's w/o repercussions. CC: Class action Att. C. Bennett, Myers Att. John Gilbert.

RELIEF con. & w/ the logbook which Sgt. Walker says nurses name in book all ears to begin w/ a B.

Ex 9 B

### Grievance Officer's Report

| | | |
|---|---|---|
| Date Received: 09/25/2023 | Date of Review: 10/13/2023 | Grievance # (optional): 3214-09-23 |
| Offender: Cornille, Bradley | | ID#: B88097 |

**Nature of Grievance:**

Medical

**Facts Reviewed:**

Grievant states on 9/22/23 they slipped moving from their wheelchair to the toilet onto the ADA grab bar which slammed on their back brace where they have 4 fractures. Grievant states once they got back in their wheelchair they were in severe pain and had trouble breathing and their right leg was numb. Grievant states they pushed the button in their cell to notify staff but no one responded til about 2000 hours when Sgt. Walker did legal mail. Grievant states Sgt. Walker told them nurses were on B-wing passing meds and will be over. Grievant states at approx. 2025 hours, C/O Jones escorted a nurse passing meds and when they were handed their meds notfied the nurse of what happened. Grievant states the nurse replied "This is why I hate my fucking life". Grievant states the nurse then said she was going to finish meds and see what HCU wanted to do. Grievant states they never received medical care. Grievant states they saw a nurse at 0400 hours and did not know about the incident. Grievant states this is deliberately indifferent.

Relief requested:
Be seen by medical staff outside of PNK, KSF with Myers, Springfield IA investigate IA Frank, camera footage and log book be pulled

HCUA response:
You are scheduled to be seen by an outside facility later this month.

CONTINUED....

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the grievance be DENIED.

J. Saddler, CCII

| Print Grievance Officer's Name | Grievance Officer's Signature |
|---|---|

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

Date Received: 10/16/23   ☑ I concur   ☐ I do not concur   ☐ Remand

**Action Taken:**

Chief Administrative Officer's Signature        10/16/23   Date

### Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature        B88097   ID#        10/18/23   Date

(cont'd)
Cornille B88097

3214-09-23

The nurse you reference in grievance 3214-09-23 has been spoken to by the Assistant Wexford Facility Manager. She does not recall the interaction you describe but she has been reminded of what is appropriate patient etiquette and proper reporting and documentation protocols.

Grievance officer response:
Staff investigations are an administrative decision.

"Provide the nurse's name you're unjustly w/holding"

Ex 9 43



J.B. Pritzker
Governor

Latoya Hughes
Acting Director

gx. 9c

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name: Cornille, Bradley                                                 11/3/23

ID# : B88097        JB                                                    Date

Facility: ROB

This is in response to your grievance received on **10/24/23**. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding: Grievance dated: 9/22/23     Grievance Number: 3214-09-23     Griev Loc: PNK**

- ☑ Medical (9/22/23) Claims denied medical treatment by unknown nurse for back issues after fall in cell.

- ☐ Dietary
- ☐ Personal Property
- ☐ Mailroom/Publications
- ☐ Staff Conduct
- ☐ Commissary / Trust Fund
- ☐ Conditions (cell conditions, cleaning supplies, etc.)
- ☐ Disciplinary Report: Dated: _____ Incident # _____
- ☐ Other

**Based on a review of all available information, this office has determined your grievance to be:**

- ☐ Affirmed

- ☐ Denied, in accordance with DR504F, this is an administrative decision.

- ☑ Denied, this office finds the issue was appropriately addressed by the facility Administration.

- ☐ Other:

- ☐ Denied as the facility is following the procedures outlined in DR525.

- ☐ Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.

- ☐ Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

FOR THE BOARD: _____        CONCURRED: _____
                    Ryan Nothnagle                                      Latoya Hughes
              Administrative Review Board                              Acting Director

CC: Warden, ROB _____ Correctional Center
    Cornille, Bradley _____, ID# B88097

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

Ex. 10

- Emergency Request — 9/25/23

To Major Lawless, Lt. Frank IA, & Warden D. Mitchell

From Cornille, B99597, 6A36

RE: KSF between me & Myers

    I am Officially requesting for my Safety, health, & well being that a KSF be placed between myself & Dr. Percy Chester Myers & that he be banned from any involvement oversight of my medical care due to Myers transphobic, abuse, & retaliation, grievances, & shits are so.

    Ty Cornille 9/25/23

Ex. 11

- Emergency Request - 9/25/23

To  Assit. Warden Correllis PNK & Christine Brown Hcu Admin.

From  Cornille, B88097, 6A36, 9/25/23

I am offically requesting for you to formally lodge an OIG complaint of abuse by Dr. Percy Chester Myers reguarding Myers abuse on me. Myers is transphobic, deliberate indifferent to my serious medical needs, & is basing any & all his decisions on retailiation for my complaints/suits. Per Wexford Health Sources Inc. contract w/Illinois (IDOC) to provide medical services, Section 2.8.6 (pg 88) fraud & abuse reporting to HFS (OIG) w/in three days. Will you please provide me your official written statement confirming abuse complaint has been filed? Also, plz protect me from Myers no contact w/me or my medical care. CC: Class Action Attorney Camille Bennett, Warden David Mitchell & OIG

_[signature]_  9/25/23

*— Emergency due 2 ser___ risk of irreparable harm/death!*

OCT 11 2023  3949 10:23 AM

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

| Date: 10/6/23 | Offender (please print): Cornille | ID #: B33091 | Race (optional): NAIF |

| Present Facility: PNK | Facility where grievance issue occurred: PNK |

**Nature of grievance:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report

- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify) _____

- [ ] Medical Treatment
- [ ] HIPAA

- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____    Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

This is an emergency grievance due to serious risk of irreparable harm/death due to retaliation by staff of PNK after I met IDOC Internal security Investigator Billy Stanhouse Jr (stationed outside of PNK) on Wednesday 10/04/23 over several grievances w/staff (for example only not subject here just foundation: E-3215-09-23) on 10/6/23 Friday around 13:30 hrs I began pushing the emergency button in my cell A36 of PNK where I am housed due to being in wheel chair after I got (4) screws in my back on 9/1/23 (just barely came this 9/1/23 injury already grieved) I pushed the emergency (in my [x] Continued on reverse

**Relief Requested:**

Full documentation of the retaliation I was being forced to endure to this. That Stanhouse be notified of this retaliation. No further retaliation & that I be transferred immediately before I get hurt worse. No retaliatory hits (more than already done). Preserve all video from Date/time listed here as not evidence for criminal/civil trial.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self
[ ] Check if this is NOT an emergency grievance.

Offender's Signature _____    ID#: B33091    Date: 10/6/23

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: _____    [ ] Send directly to Grievance Officer
[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277
Response:

_____
_____
_____
_____
_____
_____

Print Counselor's Name _____    Sign Counselor's Name _____    Date _____

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received _____

Is this determined to be of an emergency nature?
[x] Yes, expedite emergency grievance
[ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure.

Chief Administrative Officer's Signature: David Mitchell _____    Date: 10/11/23

*EX 12* (margin)

Ex 12 A

Cell from 13:20 hrs till 14:05 hrs when C/o McBey (C/o assigned to b B on 12/6/23 7A-3P) came on to A wing where I tryed speaking to C/o McBey over the medical issue I had currently dealing w/ & needing medical attention C/o McBey replied "Not my wing not my problem" as he kept walking, Yet C/o McBey signed A wing log book & was covering for C/o Skeet while C/o Skeet was on lunch break. After C/o McBey made the above statement I requested that C/o McBey follow his protocol, his training, & base command decency & escalate this matter to his Superior who on this day/time was Sgt. Simmons who never responded/came. So rather C/o McBey notified his superior Sgt. Simmons or not C/o McBey actions & conduct violated policy & training. All at the same time the unknown female (i.e. the who's in the wrong) violated policy & training for not getting staff to my cell sooner because 45 mins of an individual pushing their emergency button is unacceptable. Around 14:15 hours C/o Skeet returned where I informed him of all the facts herein & need for medical attention due to pain, fever, queasiness, & numbness. C/o Skeet told me "I'm gonna go call medical 14:35 hrs Nurse Whitney came w/ vital's (w/h in were elevated), took notes, & documented my issues w/ pain/sweating/numbness, & even fact & that I've had it over ten (10) sick calls to ten days all w/o reply or action. It should be clearly established that prior to my 12/4/23 meeting w/ Stanhouse b A Staffs (especially those listed) had never treated nor acted in this unlawful/despicable manner w/me before & this 14 clear evidence to me the worst has gotten out over my meeting & I'm betraying, worse even more! CC: Att. Camille Bessett & Billy Stanhouse Jr. Marcus Dill___

## Grievance Officer's Report

**Date Received:** 10/11/2023    **Date of Review:** 10/16/2023    **Grievance # (optional):** 3449-10-23

**Offender:** Cornille    **ID#:** B88097

**Nature of Grievance:**

Staff

**Facts Reviewed:**

Grievant claims after she met with Internal Security Investigator Stanhouse over several grievances with staff on 10/6/23 she began pushing the emergency button in her cell 6A36. Grievant claims she pushed the button from 13:20 to 14:05 when C/O McBey came onto A wing and she began to speak to him about needing medical attention, and the C/O said "Not my wing, not my problem" as he kept walking and signed the A wing log book as he was covering for C/O Skeet. Grievant claims after C/O McBey made the above statement she requested he follow protocol and escalate the matter to his superior Sgt. Simmons who never responded or came. Grievant claims C/O Skeet returned and she informed him of the need for medical attention, and Nurse Whitney came and did vitals (which were elevated) took notes and documented the issue. Grievant claims she's put in over 10 sick calls in ten days without reply or action, and it should be established that prior to her 10/4/23 meeting with Stanhouse, she'd never been treated in this unprofessional manner.

Relief requested: Full documentation of the retaliation I'm being forced to endure unjustly. That Stanhouse be notified of this retaliation. No further retaliation and that I be transferred immediately before I get hurt worse. No retaliation (more than already done). Preserve all video from date/time listed herein as evidence for criminal/civil trials.

CONTINUED....

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the grievance be DENIED.

M. Lively, CCII

Print Grievance Officer's Name          Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

## Chief Administrative Officer's Response

**Date Received:** 10/16/03          ☑ I concur    ☐ I do not concur    ☐ Remand

**Action Taken:**

Chief Administrative Officer's Signature          10/16/3?     Date

## Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature          B88097     ID#     10/18/23     Date

Page 2 (con't)                                                                                          Grievance #3449-10-23

Cornille #B88097

RESPONSE:
Any communication to outside agencies, or requests to forward grievance information to outside entities or agencies must be handled by the grievant.

There is not a C/O Skeet that is employed at this facility.

Per Sgt. Simmons: On 10/623 this Sgt was on R6B wing addressing an issue when the A wing officer notified me that he called HCU for individual Cornille #B88097 needing medical attention. Once B wing issue was resolved I then stepped on A-wing and witnessed nurse Whitney and another unidentified nurse evaluating individual Cornille. I was told they checked her vitals and no further action was needed and cleared to be placed back in R6A36. Individual Cornille stated she pressed the emergency call button, this facility is only equipped with multipurpose buttons.

Per C/O McVey: On 10/6/23 this R/O McVey stopped at Individual in custody Cornille B88097 cell to address a question about the dayroom schedule for R6A wing. Individual Cornille B88097 stated they were not getting enough out of cell time. This R/O McVey brought the concern to the proper chain of command's attention. At no time while I was stopped at Individual Cornille B88097 cell was a medical question or concern ever brought to this R/O McVey's attention.

Per HCUA: She was seen by Nurse Whitney at 14:20 10/6/23 – her levels were a bit high 150/80bp, 121bpm pulse 98% oxygen saturation.

There is an NSC request that was stamped 9/25 (Cornille did not date), 9/20, 9/15, (was housed in infirmary 9/2-9/15). No corresponding slips, but was seen on NSC 9/16, 9/21, 9/25, and 10/6.

Per IA: There is no relevant camera footage available.

"C/o Skeet is h's nickname, C/o J. Adamski badge 7754, 32 yr old white male, approx. 6'4" 150/160 lbs."



Latoya Hughes
Acting Director

EX.12c

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name: Cornille, Bradley                                    11/9/23
                                                           Date
ID#: B88097

Facility: ROB

This is in response to your grievance received on __10/24/23__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding:** Grievance dated: 10/6/23   Grievance Number: 3449-10-23   Griev Loc: PNK

- ☑ Medical Claims putting in multiple sick call slip without reply from medical
- ☐ Dietary
- ☐ Personal Property
- ☐ Mailroom/Publications
- ☑ Staff Conduct (10/6/23) Claims C/O McVey denied grievant medical attention
- ☐ Commissary / Trust Fund
- ☐ Conditions (cell conditions, cleaning supplies, etc.)
- ☐ Disciplinary Report: Dated: _____ Incident # _____
- ☐ Other

**Based on a review of all available information, this office has determined your grievance to be:**

- ☐ Affirmed
- ☐ Denied, in accordance with DR504F, this is an administrative decision.
- ☑ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ☑ Other: After reviewing all available information, staff misconduct was not substantiated.

- ☐ Denied as the facility is following the procedures outlined in DR525.
- ☐ Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.
- ☐ Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

FOR THE BOARD: _____     CONCURRED: _____
                Ryan Nothnagle                              Latoya Hughes
             Administrative Review Board                    Acting Director

CC: Warden, ROB _____ Correctional Center
    Cornille, Bradley _____, ID# B88097

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

*— "Emergency Grievance" due to serious risk of harm —*

OCT 17 2023   3:48 & 10:23 pm                                      EX. 13

| Date: | Offender (please print) | ID #: | Race (optional): |
|---|---|---|---|
| 10-7-23 | Cornire | B88097 | NA/F |

| Present Facility: | Facility where grievance issue occurred: |
|---|---|
| PNK | PNK |

**Nature of grievance:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report

- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify)

- [ ] Medical Treatment
- [ ] HIPAA

- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____    Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document** (such as a Disciplinary Report, Search Record, etc.) **and place in the designated locked receptacle marked "grievance":**

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

This grievance is brought as an emergency due to the serious risk of irreplaceable harm due to staffs lack of conduct to carry out the responsibility of their postings & their duty/obligation to Protect IIC's from harm. As of today 10/7/23 while housed in bA36 of PNK I am through this grievance formally lodging a complaint against Assistant Warden Carrgers (who provides direct oversight of medical) & healthcare administrator Christine Brown both hold their position's at PNK, for their dereliction of duty, failure to Protect, betrayal & abuse of the authority entrusted to them in their position's & deliberate indifference to serious medical needs all of which has put my safety, well being, & line in jeopardy which can cause serious irreparable harm/death. On 9/25/23 I sent

[x] Continued on reverse

**Relief Requested:**

Formally lodge the above complaint w/ DI & on Peggy Chester Myers. Then formally document w/ an independent investigation into warden Carrgers & HCU Admin. Brown of PNK for violation of policy, customs, & their failures w/ results of their to contor bring along w/ Myers. No retaliation KIT between Myers & I.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[ ] Check if this is NOT an emergency grievance.

Offender's Signature _____    B88097    10/7/23
                                    ID#         Date
(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**   Date Received: _____   [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

Print Counselor's Name _____   Sign Counselor's Name _____   Date _____

**Note to offender:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**   Date Received: _____

Is this determined to be of an emergency nature?

[ ] Yes, expedite emergency grievance
[x] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

David Mitchell (for)
Chief Administrative Officer's Signature                     10/11/23
                                                              Date

EX 13A

Exhibit 1 to Assist. Warden Correli's of PNK & Christina Brown HCU Admin. then I "CC" the same re-
quest to several others including PNK Head Warden David Mitchell, in this request I officially requested
for Correli's & Brown to formally lodge an DIG complaint of Abuse by Dr. Percy Chester Myers
the MD of PNK HCU who we not only over my current medical issues of four (4) fractures in
my back—Nondisplaced fractures of the right transverse process of L2 & L4, minimally displaced frac-
ture of the right transverse process of L3 & nondisplaced fracture at the posterior margin of the
right superior articulating facet of L3—which has only gotten worse & now Pending for me to see
Neurosurgery (which this & here forward is used for context herein) but Myers is allowing Past com-
plaints, grievances, law suits & Myers's trans phobic attitude which directly effected me by
Myers refusing to use proper pronouns (she/her) when as much as Myers's anger/aggression all of these
factors are clouding Myers medical judgement & therefore Myers's medical judgement is in que-
stion especially after Myers was caught out right lying about my current medical condition
to myself, Warden David Mitchell & Major Lawless w/nurse Desaray Sanders present on Sep,
15, 2023 around 13:18 hrs in PNK HCU by HCU Issus1 video will prove all he was pretend when
Myers stated to me "Your condition is not serious you only have one small nondisplaced
fracture in your transverse process" yet when the STH hospital records from 09/02/2023
(which are in my medical file so please review these results before you reply) become
aware to People other than Dr. Myers it proved Myers lied, 9/25/23 after I showed
Lawless STH results Major Lawless even stated "that is not what Myers said your
condition was on the 15th" for all of these facts & more I used the formal process on
09/25/23 to Correli's & Brown to lodge an abuse complaint w/OIG which I have yet
to get proof of Correli's & Brown doing so despite the fact per Wexford Health services
Inc. contract w/IDoc clearly states on pg 88 section 2.8.6—Fraud & Abuse Reporting to
HFS (OIG) with three days, well three (3) days from 9/25/23 expires 9/28/23 & here it's
9 nine days past that & still nothing. CC: Att. Camille Bennett

Exhibit 1 of grievance
3448-10-23

~ Emergency Request ~

To: Assit. Warden Correlis PNK & Christine Brown Hcu Admin.

From: Cornille, B88097, 6 A 36, 9/25/23

I am officially requesting for you to formally lodge an OIG complaint of abuse by Dr. Percy Chester Myers reguarding Myers abuse on me. Myers is transphobic, deliberate Indifferent to my serious medical needs & is basing any/all his decisions on retaliation for my complaints/suits. Per Wexford Health Sources Inc. contract w/ Illinois (IDOC) to provide medical services, section 2.8.6 (pg 58) Fraud & Abuse Reporting to HFS (OIG) w/in three days. Will you please provide me your official written statement confirming Abuse complaint has been filed. Also plz protect me from Myers no contact w/ me or my medical care. CC: Class Action Attorney Camille Bennett's Warden David Mitchell, & OIG

Cornille     9/25/23

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

1B

Ex. 13 B

| Grievance Officer's Report | | |
|---|---|---|
| Date Received: 10/16/2023 | Date of Review: 11/22/2023 | Grievance # (optional): 3448-10-23 |
| Offender: Cornille, Bradley | | ID#: B88097 |

**Nature of Grievance:**

Medical

**Facts Reviewed:**

Grievant claims she asked for a complaint to be filed against Dr. Percy Meyers over her current medical issues of fractures in her back and pending to see neurosurgery. Grievant claims Myers refused to use her proper pronouns with her and Myers medical judgment is in question. Grievant claims Myers lied about her current medical condition saying it wasn't serious and only had one small fracture but the 9/2/23 hospital records proved different.

Relief requested: Formally lodge the above complaint with OIG on Percy Meyers. Then formally document with an independent investigation into Warden Correlis, HCU Admin Brown of PNK for violation of policy, contract, and their failure with results of their termination along with Myers. No retaliation. KSF between Myers and I.

RESPONSE:
Staff discipline is an administrative decision.

Records reflect grievant was transferred to Robinson CC on 10/23/23.

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the grievance be DENIED.

M. Lively, CCII

_M Lively, CCII_

Print Grievance Officer's Name | Grievance Officer's Signature

**(Attach a copy of Offender's Grievance, including counselor's response if applicable.)**

| Chief Administrative Officer's Response | | |
|---|---|---|
| Date Received: 11/22/23 | ☒ I concur ☐ I do not concur ☐ Remand | |

Action Taken:

_David Mitchell_
Chief Administrative Officer's Signature                    11/22/23
                                                              Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature               B88097        12/14/23
                                    ID#            Date

Distribution: Master File; Offender                    Page 1                    DOC 0047 (Rev. 3/2019)

J.B. Pritzker
Governor



Latoya Hughes
Acting Director

EX.13C

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name: Cornille, Bradley                                         2/13/24
                                                                  Date
ID# : B88097

Facility: ROB

This is in response to your grievance received on 12/21/23 . This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding: Grievance dated:** 10/7/23    **Grievance Number:** 3448-10-23    **Griev Loc:** PNK

- [ ] Medical _____
- [ ] Dietary _____
- [ ] Personal Property _____
- [ ] Mailroom/Publications _____
- [x] Staff Conduct ___ (9/25/23) Claims lodging an OIG complaint regarding Dr. Myers medical negligence regarding grievant's fractures in back,
- [ ] Commissary / Trust Fund _____
- [ ] Conditions (cell conditions, cleaning supplies, etc.) _____
- [ ] Disciplinary Report: Dated: _____ Incident # _____
- [x] Other    Staff conduct continued: and improper use of grievant's pronouns.

**Based on a review of all available information, this office has determined your grievance to be:**

- [ ] Affirmed
- [ ] Denied as the facility is following the procedures outlined in DR525.
- [ ] Denied, in accordance with DR504F, this is an administrative decision.
- [ ] Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.
- [x] Denied, this office finds the issue was appropriately addressed by the facility Administration.
- [ ] Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.
- [x] Other: Treatment is at the discretion of licensed medical professionals. Follow up with the HCU at your current facility if you are still experiencing medical issues.

FOR THE BOARD: _____        CONCURRED: _____
                     Ryan Nothnagle                                    Latoya Hughes
                Administrative Review Board                            Acting Director

CC: Warden, ROB _____ Correctional Center
      Cornille, Bradley _____, ID# B88097

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Individual in Custody's Grievance**

| 1st Lvl rec: | | | 2nd Lvl rec: |
|---|---|---|---|

| Date: 11-1-23 | Individual in Custody (please print): Cornille, Bradley | ID #: B88097 | Race (optional): |
|---|---|---|---|

| Present Facility: Rob | Facility where grievance issue occurred: PNK |
|---|---|

**Nature of grievance:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Other (specify):
- [ ] Disciplinary Report

- [ ] Mail Handling
- [ ] Dietary

- [ ] Medical Treatment
- [ ] HIPAA

- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____       Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) **and place in the designated locked receptacle marked "grievance":**

     **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
     **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor
     **Chief Administrative Officer,** only if EMERGENCY grievance
     **Mail to Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

As of today 10-1-23 while held in 1B of RobI currently have (4) Four Emergency grievances from PNK than PNK is holding in an effort to hinder exhaustion, which is only further evidence of PNK's corruption, retaliation, dereliction of duty, & failed leadership. Per Case law Dole V. Chandler 438 F. 3d. 904, 906-07 (7th Cir. 2006), Cover's hinderance of exhaustion by prison officials leaves the issues exhausted. Emergency grievances Per IDOC AD's D4, DM 114 States w/in (5) Five Business day's, & since these are all way past the five (5) day time line the IDOC Staff at PNK are guilty of violations. 1st E-Grievance 9/3/23 #2992-09-23, 2nd    [x] Continued on reverse

**Relief Requested:**

Exhust these grievance's immediatly so I can move on to the Courts.

- [ ] Check **only** if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [x] Check if this is **NOT** an emergency grievance.

_[signature]_                B88097              11/1/23
Individual in Custody's Signature          ID#             Date
(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: _____    [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

_____

| Print Counselor's Name | Sign Counselor's Name | Date |
|---|---|---|

**Note to individual in custody:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: _____

Is this determined to be of an emergency nature:

- [ ] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated. Individual in custody should submit this grievance according to standard grievance procedure

_____
Chief Administrative Officer's Signature                Date

Ex. 14

9/22/23 #3256-09-23, 3rd 10/2/23 #3331-10-23, & 4th 10/7/23 #3450-10-23 all way over five (5) day limit. (It is noted here for preservation of issue for future PNK is pending (2) two nonemergency grievances 1st 10/7/23 #3449-10-23, 2nd 10/18/23 # 3528-10-23 Not subject herein just to preserve). For BC.



J.B. Pritzker
Governor

Latoya Hughes
Acting Director

Ex.148

# The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name: Cornille, Bradley                                    1/30/24

ID# : B88097                                                Date

Facility: ROB

This is in response to your grievance received on __11/09/23__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding: Grievance dated:** 11/1/23 **Grievance Number:** _____ **Griev Loc:** PNK

- ☐ Medical _____
- ☐ Dietary _____
- ☐ Personal Property _____
- ☐ Mailroom/Publications _____
- ☐ Staff Conduct _____
- ☐ Commissary / Trust Fund _____
- ☐ Conditions (cell conditions, cleaning supplies, etc.) _____
- ☐ Disciplinary Report: Dated: _____ Incident # _____
- ☑ Other (11/2/23) Claims emergency grievances #2992-09-23, #3256-09-23, #3331-10-23, #3450-10-23 being held at PNK CC to prevent grievant's exhaustion of the grievance process.

**Based on a review of all available information, this office has determined your grievance to be:**

- ☐ Affirmed
  _____
- ☐ Denied, in accordance with DR504F, this is an administrative decision.
- ☐ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ☑ Other: Per records, grievance's #2992-09-23, #3256-09-23, #3331-10-23, and #3450-10-23 are pending facility

- ☐ Denied as the facility is following the procedures outlined in DR525.
- ☐ Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.
- ☐ Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

response at Pinckneyville C.C. -Denied. _____

FOR THE BOARD: _____        CONCURRED: _____
                Ryan Nothnagle                                  Latoya Hughes
                Administrative Review Board                     Acting Director

CC: Warden, ROB _____ Correctional Center
    Cornille, Bradley _____, ID# B88097

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**



UNITED STATES DISTRICT COURT
DISTRICT OF ILLINOIS

Southern

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, or pleading, to
the U.S. District Court for Southern District of Illinois for review and filing.

Cornille

B88092

Name

JD Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition?

Yes or (No)

If this is a habeas case, please circle the related statute: 28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition?

(Yes) or No

If yes, please list case number: 24-CV-01202-SMY

If yes, but you do not know the case number, mark here: _____

3. Should this document be filed in a pending case?

(Yes) or No

If yes, please list case number: 24-CV-01202-SMY

If yes, but you do not know the case number, mark here: _____

4. Please list the total number of pages being transmitted:

59 (60 w/ cover sheet)

5. If multiple documents, please identify each document and the number of pages for each
document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

| Name of Document | Number of Pages |
|---|---|
| Complaint w/ exhibits | 59 |
| | |
| | |
| | |

Please note that discovery requests and responses are NOT to be filed; instead they should be
forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned
unfiled.