IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRADLEY J. CORNILLE, Sr., #B88097, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-01202-SMY |
| | ) | |
| PERCY MYERS, PINCKNEYVILLE COMMUNITY HOSPITAL, SOUTHERN ILLINOIS HOSPITAL, JOHN DAVIDSON, JAMIE KARALES, CHRISTINE BROWN, JANE DOE 1, and JANE DOE 2, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for consideration of the First Amended Complaint filed by Plaintiff Bradley Cornille, Sr. (Doc. 9). Plaintiff claims the defendants denied him medical care and accommodations for injuries he sustained in three falls at Pinckneyville Correctional Center in September 2023. He seeks monetary and declaratory relief under 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act, and Illinois state law. The First Amended Complaint is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from a defendant who is immune. *Id*.

### First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 9, pp. 1-60): Plaintiff slipped and fell in vomit on the prison's dayroom floor on September 1, 2023. *Id*. at 4-5. He sustained serious injuries to his back, neck, and head, including a loss of consciousness.

1

Lieutenant Dudat secured a wheelchair for Plaintiff, and Nurse Carol placed him in a neck collar. *Id*. at 5.  He was then transported by ambulance to Pinckneyville Community Hospital.  In route, Plaintiff lost feeling below the waist and bowel control.  Although the hospital's medical staff was advised of his condition, they denied him diagnostic testing and treatment and released him prematurely the same day.  *Id*. at 5-6.

Plaintiff was re-injured the following day when he fell from his wheelchair.  *Id*. at 6. Just before the fall, Nurse Jane Doe 1 ordered him to move from his bed to his wheelchair without offering any assistance.  She watched and laughed as the wheelchair flipped over and Plaintiff fell to the floor.  Inmate workers Tubbs and Spivey helped him back into the wheelchair.  When he reported sharp pain on his right side, Plaintiff was taken to the emergency room at Carbondale Memorial Hospital / Southern Illinois Hospital (SIH-MH).

At the hospital, P.A. John Davidson treated Plaintiff "less than human" because of his status as a prisoner.  When a CT scan revealed a fracture in his lower lumbar spine, Plaintiff was given a back brace and told to see a neurosurgeon within two weeks.  He was denied other basic tests, including mobility testing, blood work, and an MRI.  Plaintiff blames Defendants SIH-MH and Davidson for denying him medical care.

When he returned to the prison, Plaintiff filed an emergency grievance to address both falls. Plaintiff requested an ADA/RA attendant to assist him due to extreme back pain and numbness below the waist from September 3-15, 2023.  *Id*.  In response, nurses took his vital signs but denied his other requests per the orders of Dr. Myers.  Physical therapist "Jen" and Nurse Desaray Sanders confiscated Plaintiff's walker on September 11, 2023, after explaining that he should not be moving around at all.  *Id*. at 8.  Dr. Myers retaliated against Plaintiff for filing the emergency grievance and another pending lawsuit (Case No. 22-cv-1988-MAB) by reporting that his injuries

2

were not serious, canceling his prescription pain medicine, and moving him out of the HCU without a wheelchair on September 15, 2023. Dr. Myers issued Plaintiff a walker and said "he did not care" when Plaintiff pointed out that he could not use it. Warden David Mitchell, Major Lawless, and Nurse Sanders observed this interaction. The warden demanded a wheelchair and an ADA cell on Plaintiff's behalf.

Plaintiff met with Jamie Karales to request appropriate medical care and accommodations on September 18, 2023. After learning of the above-described events, Karales said, "Your [sic] not special Cornille[.] [D]eal with it." *Id*. at 9. Plaintiff then filed two grievances about the issues. From September 15-20, 2023, Plaintiff also filed detailed sick call slips each morning and evening to report nonstop and intense pain in his back and numbness in his lower half.

Nurses met with Plaintiff on September 21, 2023, but offered no treatment options. The next day, Plaintiff underwent an MRI at SIH-MR that revealed fractures and bulging discs in his spine, which proved that Dr. Myers lied when he reported that Plaintiff's injuries were not serious. Dr. Myers and Health Care Unit (HCU) Administrator Christine Brown then tried to force Plaintiff into an exam room under threat of disciplinary action, even though two other providers agreed to meet with him.

Plaintiff injured his lower back a third time when he fell from his wheelchair while transferring to the toilet on September 22, 2023. *Id*. at 10. He suffered from shooting pain in his lower back, radiating pain in his arm, and difficulty breathing. Plaintiff pushed the emergency call button, but no one responded. After more than 50 minutes, Sergeant Walker made rounds to pass out mail and stopped by Plaintiff's cell. Upon learning of Plaintiff's new injuries, Sergeant Walker assured Plaintiff that the nurse who was doing med rounds would arrive momentarily. C/O Jones and Nurse Jane Doe 2 arrived 25 minutes later. When Plaintiff reported his injuries, Nurse Jane

3

Doe 2 became irate and screamed, "This is why I hate my f*cking life!" *Id*. Nurse Doe 2 then said she would see what the HCU staff wanted to do about Plaintiff's latest injury after she completed her rounds. She left and never returned. *Id*. at 10-11.

From September 22-24, 2023, Plaintiff filed nurse sick call slips every morning and evening to report excruciating back pain, numbness in his lower half, and re-injury on September 22, 2023. *Id*. at 11. By September 24, 2023, Plaintiff could not sit up in bed. The gallery correctional officer called a medical emergency. Nurse Lori arrived and helped Plaintiff sit up, took his vitals, gave him medicine, and scheduled an appointment with a nurse practitioner the next day. In the process, Nurse Lori said that Nurse Jane Doe 2 made no record of Plaintiff's re-injury because she was only concerned about her "vcay." *Id*.

Plaintiff met with Nurse Brooke, Major Lawless, and Warden Mitchell around 9:15 on September 25, 2023. After hearing about his recent injuries and treatment, Warden Mitchell and Major Lawless both stated that Dr. Myers lied to them ten days earlier when they inquired about Plaintiff's condition. At that point, Plaintiff submitted a formal written request for protection from Dr. Myers. *Id*. at 12. Warden Mitchell, Major Lawless, and Lieutenant Frank agreed to protect him. The same evening, Plaintiff mailed an emergency request to A/W Karales and HCU Administrator Brown to lodge a complaint against Dr. Myers with OIG and Wexford Health Sources, Inc. They disregarded the request. Instead, HCU Administrator Brown and Dr. Myers attempted to coerce Plaintiff to meet with Dr. Myers on September 26, 2023, saying "[w]e do not care about your concerns." *Id*.

In protest, Plaintiff went on a hunger strike on September 27, 2023. *Id*. at 12-13. C/O Brandy responded by escorting Plaintiff to the HCU to meet with a new medical provider, P.A. Desai, who explained that Dr. Myers' alterations of Plaintiff's medical records were so

4

extensive the P.A. Desai could not comprehend the full scope of his medical issues or understand why Plaintiff had not been referred for neurosurgery. *Id*. at 13. Desai agreed to order the collegial review for neurosurgery without further delay. On September 29, 2023, A/W Karales spoke with Plaintiff while touring the wing and denied Plaintiff's request to file a complaint against Dr. Myers.

Plaintiff filed detailed sick call slips each morning and night from September 27, 2023 to October 19, 2023, prompting ISI Billy Stanhouse to interview Plaintiff on October 4, 2023. *Id*. at 14. When the investigator asked Plaintiff if he would like to transfer to a minimum security prison with better medical care, Plaintiff agreed that he would prefer to do so. Plaintiff requested emergency medical care two days later, and C/O McVey and C/O Adamski summoned Nurse Whitney who noted ten unfulfilled sick call requests on file. Plaintiff wrote a staff grievance to complain about the failure of A/W Karales and HCU Administrator Brown to file an OIG complaint about Dr. Myers. Plaintiff separately reported staff misconduct at Pinckneyville a week after he transferred to Robinson Correctional Center on October 23, 2023. *Id*. at 15.

## Preliminary Dismissals

Plaintiff mentions the following individuals in the statement of his claim but does not identify them as defendants in the First Amended Complaint: Warden David Mitchell, Lieutenant Dudat, Nurse Carol, Inmate Tubbs, Inmate Spivey, Physical therapist "Jen," Nurse Desaray Sanders, Sergeant Walker, C/O Jones, Lieutenant Frank, Major Lawless, C/O Brandy, P.A. Desai, Billy Stanhouse, C/O McVey, C/O Adamski, Nurse Whitney, Wexford, and miscellaneous nurses. The Court will not treat these individuals as defendants, and all claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

**Discussion**

The Court designates the following claims in the *pro se* First Amended Complaint:

Count 1: Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Plaintiff's head, neck, and back injuries sustained during three separate falls at the prison on September 1, 2, and 22, 2023.

Count 2: First Amendment claim against Defendant Myers for denying Plaintiff adequate medical care, a wheelchair, and an ADA cell in retaliation for filing a prior lawsuit and emergency grievances against the doctor.

Count 3: Claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and/or Rehabilitation Act (Rehab Act), 29 U.S.C. §§ 794–94, against Defendants for failing to accommodate Plaintiff's physical disabilities that resulted from three falls in September 2023 and necessitated the use of a wheelchair, ADA cell, and ADA attendant at the prison.

Count 4: Illinois state law claim against Defendants for medical negligence, based on their inadequate treatment of Plaintiff's head, neck, and back injuries sustained during falls at the prison on September 1, 2, and 22, 2023.

Any other claim mentioned in the First Amended Complaint, but not addressed herein, is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Count 1**

An Eighth Amendment violation occurs when a government official acts with deliberate indifference to an inmate's serious medical needs and causes the unnecessary and wanton infliction of pain. *Rodgers v. Rankin*, 99 F.4th 415, 419 (7th Cir. 2024). To state a viable claim, a plaintiff must plead facts suggesting that he suffered from an objectively serious medical need and that the defendant(s) responded with deliberate indifference. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Plaintiff's alleged head, neck, and back injuries suggest the existence of a serious medical need. The injuries were diagnosed as requiring treatment by a neurosurgeon. Plaintiff's allegations also suggest that the following individuals knew of and disregarded Plaintiff's injuries

and ongoing complaints of pain, numbness, and immobility resulting from his falls: Defendants Myers, Karales, Brown, Doe 1, and Doe 2.

However, the allegations articulate no constitutional claim against Pinckneyville Community Hospital, Southern Illinois Hospital (SIH-MH), or P.A. Davidson. To state such a claim, Plaintiff must sufficiently allege that the hospitals and medical provider engaged in state action that subjected them to liability under 42 U.S.C. § 1983. Although Plaintiff sets forth conclusory allegations to this effect, he fails to plead deliberate indifference on the part of the hospitals or its staff.

Following a CT scan to diagnose his injuries, Plaintiff was issued a back brace and was recommended for treatment by a neurosurgeon. Plaintiff's claim against these defendants hinges on the denial of his preferred diagnostic testing and treatment. However, while inmates are entitled to adequate care, they are not entitled to their preferred course of treatment. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006).

Count 1 will proceed against Defendants Myers, Karales, Brown, Doe 1, and Doe 2. This claim will be dismissed without prejudice against Pinckneyville Community Hospital, Southern Illinois Hospital (SIH-MH), and P.A. Davidson for failure to state a claim.

## Count 2

An inmate has a First Amendment right to file grievances and lawsuits. *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010). In order to bring a claim for retaliation in this context, a plaintiff must plead facts suggesting that: (1) he engaged in constitutionally protected speech; (2) he suffered a deprivation likely to deter the protected speech; and (3) his protected speech was a motivating factor in the defendant's actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012).

Plaintiff alleges that Defendant Myers retaliated against him for filing emergency grievances in September 2023 and Case No. 22-cv-1988-MAB by misrepresenting the seriousness of his injuries, canceling his prescription pain medicine, moving him out of the HCU, confiscating his wheelchair, issuing him a walker, denying him an ADA attendant, and denying him placement in an ADA cell.  Based on these allegations, Count 2 will receive further review against Defendant Myers.  The allegations are insufficient to state a retaliation claim against the other defendants.  Therefore, this claim will be dismissed without prejudice against all others.

### Count 3

A plaintiff bringing claims under the ADA or Rehab Act must allege that (1) he is a qualified person with a disability; (2) he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by the entity; and (3) the denial or discrimination was because of his disability.  *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012).  Plaintiff alleges that he suffered physical injuries from three falls at the prison in September 2023, which qualified him as a person with a disability and necessitated a wheelchair, ADA cell, and ADA attendant.  Without these accommodations, Plaintiff was allegedly unable to mobilize inside or outside his cell.  The claim is appropriately brought against the state agency (*i.e.*, Illinois Department of Corrections) or a state official acting in an official capacity (*i.e.*, Warden, in an official capacity).  *Id*. at 670 (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131).  Therefore, Count 3 will receive further review against the current Warden of Pinckneyville Correctional Center, in an official capacity.  This claim will be dismissed with prejudice against all other defendants.

**Count 4**

Because a medical negligence claim in Illinois derives from the same facts as the federal claims, this Court will exercise supplemental jurisdiction over Count 4. 28 U.S.C. § 1367(a). To proceed with the negligence claim, Plaintiff must allege that each defendant owed him a duty of care, breached the duty, and the breach was the proximate cause of his injuries. *Thompson v. Gordon*, 948 N.E. 2d 39, 45 (Ill. 2011). The allegations articulate a claim against Defendants Myers, Karales, Brown, Doe 1, and Doe 2.

However, Plaintiff has not provided the affidavit and physicians report required under 735 ILL. COMP. STAT. § 5/2-622 stating that there is a reasonable and meritorious cause for litigation of the medical negligence claim against each defendant. *Young v. United States*, 924 F.3d 349 (7th Cir. 2019). While Plaintiff's failure to file the affidavit and report is not dispositive of his claim at this stage, he must comply with § 5/2-622 to survive summary judgment. Count 4 will be allowed to proceed against Defendants Myers, Karales, Brown, Doe 1, and Doe 2. Because the allegations fail to state a claim against Pinckneyville Community Hospital, Southern Illinois Hospital (SIH-MH), or P.A. Davidson. Count 4 will be dismissed without prejudice against these defendants.

**Identification of Unknown Defendants**

Counts 1 and 4 survive screening against Nurses Jane Doe 1 and 2. These defendants must be identified with particularity, so the lawsuit can be served on them. The plaintiff will have an opportunity to engage in limited discovery to ascertain the identity of the defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The Warden of Pinckneyville Correctional Center will be added as a defendant in his or her official capacity for purposes of responding to discovery aimed at identifying the unknown defendant. Once the names of the

unknown nurses are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the caption and First Amended Complaint.

### Disposition

The First Amended Complaint (Doc. 9) survives screening under 28 U.S.C. § 1915A as follows:

- **COUNT 1** will proceed against **PERCY MYERS, JAMIE KARALES, CHRISTINE BROWN, NURSE JANE DOE 1,** and **NURSE JANE DOE 2**, in their individual capacities. This claim is **DISMISSED** without prejudice against **ALL OTHER DEFENDANTS** for failure to state a claim.

- **COUNT 2** will proceed against **PERCY MYERS**, in an individual capacity. This claim is **DISMISSED** without prejudice against **ALL OTHER DEFENDANTS** for failure to state a claim.

- **COUNT 3** will proceed against the **WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER**, in an official capacity. This claim is **DISMISSED** with prejudice against **ALL OTHER DEFENDANTS** for failure to state a claim.

- **COUNT 4** will proceed against **PERCY MYERS, JAMIE KARALES, CHRISTINE BROWN, NURSE JANE DOE 1,** and **NURSE JANE DOE 2**. This claim is **DISMISSED** without prejudice against **ALL OTHER DEFENDANTS** for failure to state a claim.

- The **CURRENT WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER** is hereby **ADDED** as a defendant, in an official capacity, in connection with the ADA/Rehab Act claim in **COUNT 3**, the identification of Nurses Jane Doe 1 and 2 in **COUNTS 1** and **4**, and the request for injunctive relief.

The Clerk shall prepare for Defendants **PERCY MYERS, JAMIE KARALES, CHRISTINE BROWN, NURSE JANE DOE 1, NURSE JANE DOE 2, in their individual capacities,** and the **CURRENT WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER, in his official capacity only:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 9), and this

Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant. The Court will require that Defendant to pay the full costs of formal service, as authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file appropriate responsive pleading to the First Amended Complaint (Doc. 9) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**The Clerk's Office is DIRECTED to ENTER the Court's standard HIPAA-Qualified Protective Order; ADD the CURRENT WARDEN OF PINCKNEYVILLE**

CORRECTIONAL CENTER, in an official capacity only, as a defendant in CM/ECF; and TERMINATE Defendants PINCKNEYVILLE COMMUNITY HOSPITAL, SOUTHERN ILLINOIS HOSPITAL, and JOHN DAVIDSON as defendants in CM/ECF.

**IT IS SO ORDERED**.

DATED: 1/23/2025

s/ *Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, Defendants will enter their appearances and file Answers to your First Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have all filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' attorneys have filed appearances will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.