IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRADLEY J. CORNILLE, Sr., B88097,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-01202-SMY |
| | ) |
| **PERCY MYERS,** | ) |
| **NURSE JANE DOE 1,** | ) |
| **NURSE JANE DOE 2,** | ) |
| **JAMIE KARALES,** | ) |
| **CHRISTINE BROWN,** | ) |
| and **WARDEN OF PINCKNEYVILLE** | ) |
| **CORRECTIONAL CENTER,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for a decision on Plaintiff's Motion to Appoint Counsel. (Doc. 37). Based on the allegations in the motion, and in consideration of the *Pruitt*[1] factors, the Court finds that Plaintiff requires counsel to assist him going forward. The motion is therefore **GRANTED**. Thus, counsel has been randomly selected through the Case Management/Electronic Case Filing ("CM/ECF") system to represent Plaintiff in this case.

In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **JONATHAN M. LIVELY** of **Segal McCambridge Singer & Mahoney** in Chicago, Illinois, is **ASSIGNED** to represent Plaintiff in this civil rights lawsuit. **Assigned counsel shall enter an appearance in this case on or before May 14, 2025**. Assigned counsel is free to share responsibilities with another attorney at the same law firm who is also admitted to practice in this

---

[1] *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).

district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that another attorney may also be working on the case. Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff should wait for assigned counsel to contact him in order to allow him an opportunity to review the court file. **<u>Now that counsel has been assigned, Plaintiff shall not personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation</u>**. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Plaintiff and Counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Assigned counsel may move for an exemption from PACER fees for this case.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. He can also be reached by phone at 773-769-1411; however, email is his preferred means of contact. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Mills as needed.

As of this date, Plaintiff's contact information is:

> **Bradley J. Cornille, Sr., #B88097**
> **Dixon Correctional Center**
> **2600 North Brinton Ave.**
> **Dixon, IL 61021**

The Clerk of Court is **DIRECTED** to transmit this Order and a copy of the docket sheet, First Amended Complaint (Doc. 9), Order for Service of Process (Doc. 12), and Doe Identification Order (Doc. 25) to Attorney **Lively**. The electronic case file is available through the CM/ECF system.

Plaintiff's Motion for Extension of Time (Doc. 41) is **TERMINATED**, and Plaintiff's counsel shall now file all further documents with the Court on behalf of Plaintiff. The Court *sua sponte* **EXTENDS** Plaintiff's deadline for identifying Nurses Jane Doe 1 and 2 by name in a motion to substitute defendant to June 23, 2025, consistent with the instructions set forth in the Doe Identification Order (Doc. 25).

**IT IS SO ORDERED.**

**DATED:  April 23, 2025**

                                                *s/ Staci M. Yandle*
                                                **STACI M. YANDLE**
                                                **United States District Judge**