THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRADLEY J. CORNILLE, SR., B88097, )<br>)<br>Petitioner, )<br>)<br>v )<br>) <br>PERCY MYERS, PINCKNEYVILLE )<br>COMMUNITY HOSPITAL, SOUTHERN )<br>ILLINOIS HOSPITAL, JOHN )<br>DAVIDSON, JAMIE KARALES, )<br>CHRISTINE BROWN, JANE DOE 1, and )<br>JANE DOE 2, )<br>)<br>Defendants. ) | Case No. 24-cv-1202-SMY |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, CHRISTINE BROWN, JAMIE KARALES, and JOHN BARWICK (in his official capacity only as Warden of Pinckneyville Correctional Center), by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby provide their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint [Doc. 9], in accordance with the Southern District Administrative Order ILSD-LR 8.2 and this Court's Merit Review [Doc. 12], stating as follows:

### First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 9, pp. 1- 60): Plaintiff slipped and fell in vomit on the prison's dayroom floor on September 1, 2023. *Id.* at 4-5. He sustained serious injuries to his back, neck, and head, including a loss of consciousness. Lieutenant Dudat secured a wheelchair for Plaintiff, and Nurse Carol placed him in a neck collar. *Id.* at 5. He was then transported by ambulance to Pinckneyville Community

Hospital. In route, Plaintiff lost feeling below the waist and bowel control. Although the hospital's medical staff was advised of his condition, they denied him diagnostic testing and treatment and released him prematurely the same day. *Id*. at 5-6.

**ANSWER: Defendant Barwick admits that Plaintiff slipped and fell but denies that it was in vomit. Defendant Brown admits knowledge that an individual in custody fell. Defendant Barwick admits that Lieutenant Dudat secured a wheelchair for Plaintiff and that Plaintiff was placed in a neck brace. Per records, Defendants admit Plaintiff was transported by ambulance to Pinckneyville Community Hospital. Per records, Defendants deny that Plaintiff was denied diagnostic testing and treatment and released prematurely. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.**

Plaintiff was re-injured the following day when he fell from his wheelchair. *Id*. at 6. Just before the fall, Nurse Jane Doe 1 ordered him to move from his bed to his wheelchair without offering any assistance. She watched and laughed as the wheelchair flipped over and Plaintiff fell to the floor. Inmate workers Tubbs and Spivey helped him back into the wheelchair. When he reported sharp pain on his right side, Plaintiff was taken to the emergency room at Carbondale Memorial Hospital / Southern Illinois Hospital (SIH-MH).

**ANSWER: Defendant Barwick denies that the plaintiff was reinjured the following day. Defendants admit that the Plaintiff was taken to the emergency room at Carbondale Memorial Hospital /Southern Illinois Hospital (SIH-MH) based on the medical records. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.**

At the hospital, P.A. John Davidson treated Plaintiff "less than human" because of his

status as a prisoner. When a CT scan revealed a fracture in his lower lumbar spine, Plaintiff was given a back brace and told to see a neurosurgeon within two weeks. He was denied other basic tests, including mobility testing, blood work, and an MRI. Plaintiff blames Defendants SIH-MH and Davidson for denying him medical care.

**ANSWER: Defendants currently lack knowledge and information sufficient to form a belief as to the truth of the allegations in the paragraph.**

When he returned to the prison, Plaintiff filed an emergency grievance to address both falls. Plaintiff requested an ADA/RA attendant to assist him due to extreme back pain and numbness below the waist from September 3-15, 2023. *Id*. In response, nurses took his vital signs but denied his other requests per the orders of Dr. Myers. Physical therapist "Jen" and Nurse Desaray Sanders confiscated Plaintiff's walker on September 11, 2023, after explaining that he should not be moving around at all. *Id*. at 8. Dr. Myers retaliated against Plaintiff for filing the emergency grievance and another pending lawsuit (Case No. 22-cv-1988-MAB) by reporting that his injuries were not serious, canceling his prescription pain medicine, and moving him out of the HCU without a wheelchair on September 15, 2023. Dr. Myers issued Plaintiff a walker and said "he did not care" when Plaintiff pointed out that he could not use it. Warden David Mitchell, Major Lawless, and Nurse Sanders observed this interaction. The warden demanded a wheelchair and an ADA cell on Plaintiff's behalf.

**ANSWER: Defendants admit, based on records, that Plaintiff submitted various grievances during the relevant time period. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.**

Plaintiff met with Jamie Karales to request appropriate medical care and accommodations on September 18, 2023. After learning of the above-described events, Karales said, "Your [sic]

not special Cornille[.] [D]eal with it." *Id*. at 9. Plaintiff then filed two grievances about the issues. From September 15-20, 2023, Plaintiff also filed detailed sick call slips each morning and evening to report nonstop and intense pain in his back and numbness in his lower half.

**ANSWER: Defendant Karales denies meeting with Plaintiff or telling Plaintiff "Your [sic] not special Cornille[.] [D]eal with it." Defendants admit based on records that Plaintiff submitted various grievances during the relevant time period. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.**

Nurses met with Plaintiff on September 21, 2023, but offered no treatment options. The next day, Plaintiff underwent an MRI at SIH-MR that revealed fractures and bulging discs in his spine, which proved that Dr. Myers lied when he reported that Plaintiff's injuries were not serious. Dr. Myers and Health Care Unit (HCU) Administrator Christine Brown then tried to force Plaintiff into an exam room under threat of disciplinary action, even though two other providers agreed to meet with him.

**ANSWER: Defendant Brown denies that she tried to force Plaintiff into an exam room under threat of disciplinary action. Defendants currently lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.**

Plaintiff injured his lower back a third time when he fell from his wheelchair while transferring to the toilet on September 22, 2023. *Id*. at 10. He suffered from shooting pain in his lower back, radiating pain in his arm, and difficulty breathing. Plaintiff pushed the emergency call button, but no one responded. After more than 50 minutes, Sergeant Walker made rounds to pass out mail and stopped by Plaintiff's cell. Upon learning of Plaintiff's new injuries, Sergeant Walker assured Plaintiff that the nurse who was doing med rounds would arrive momentarily.

C/O Jones and Nurse Jane Doe 2 arrived 25 minutes later. When Plaintiff reported his injuries, Nurse Jane Doe 2 became irate and screamed, "This is why I hate my f*cking life!" *Id*. Nurse Doe 2 then said she would see what the HCU staff wanted to do about Plaintiff's latest injury after she completed her rounds. She left and never returned. *Id*. at 10-11.

**ANSWER: Defendants currently lack knowledge and information sufficient to form a belief as to the truth of the allegations in the above paragraph.**

From September 22-24, 2023, Plaintiff filed nurse sick call slips every morning and evening to report excruciating back pain, numbness in his lower half, and re-injury on September 22, 2023. *Id*. at 11. By September 24, 2023, Plaintiff could not sit up in bed. The gallery correctional officer called a medical emergency. Nurse Lori arrived and helped Plaintiff sit up, took his vitals, gave him medicine, and scheduled an appointment with a nurse practitioner the next day. In the process, Nurse Lori said that Nurse Jane Doe 2 made no record of Plaintiff's re-injury because she was only concerned about her "vcay." *Id*.

**ANSWER: Defendant Barwick denies that a gallery correctional officer called a medical emergency, based on records. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.**

Plaintiff met with Nurse Brooke, Major Lawless, and Warden Mitchell around 9:15 on September 25, 2023. After hearing about his recent injuries and treatment, Warden Mitchell and Major Lawless both stated that Dr. Myers lied to them ten days earlier when they inquired about Plaintiff's condition. At that point, Plaintiff submitted a formal written request for protection from Dr. Myers. *Id*. at 12. Warden Mitchell, Major Lawless, and Lieutenant Frank agreed to protect him. The same evening, Plaintiff mailed an emergency request to A/W Karales and HCU Administrator Brown to lodge a complaint against Dr. Myers with OIG and Wexford Health

Sources, Inc. They disregarded the request. Instead, HCU Administrator Brown and Dr. Myers attempted to coerce Plaintiff to meet with Dr. Myers on September 26, 2023, saying "[w]e do not care about your concerns." *Id*.

**ANSWER: Defendants Karales and Brown deny receiving an emergency request from Plaintiff and deny they disregarded such request. Defendant Brown denies attempting to coerce Plaintiff to meet with Dr. Myers and denies saying she did not care about Plaintiff's concerns. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.**

In protest, Plaintiff went on a hunger strike on September 27, 2023. *Id*. at 12-13. C/O Brandy responded by escorting Plaintiff to the HCU to meet with a new medical provider, P.A. Desai, who explained that Dr. Myers' alterations of Plaintiff's medical records were so extensive the P.A. Desai could not comprehend the full scope of his medical issues or understand why Plaintiff had not been referred for neurosurgery. *Id*. at 13. Desai agreed to order the collegial review for neurosurgery without further delay. On September 29, 2023, A/W Karales spoke with Plaintiff while touring the wing and denied Plaintiff's request to file a complaint against Dr. Myers.

**ANSWER: Defendants admit Plaintiff went on a hunger strike. Defendant Karales denies he spoke to Plaintiff while touring the wing and denied Plaintiff's request to file a complaint against Dr. Myers. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.**

Plaintiff filed detailed sick call slips each morning and night from September 27, 2023 to October 19, 2023, prompting ISI Billy Stanhouse to interview Plaintiff on October 4, 2023. *Id*. at 14. When the investigator asked Plaintiff if he would like to transfer to a minimum security

prison with better medical care, Plaintiff agreed that he would prefer to do so. Plaintiff requested emergency medical care two days later, and C/O McVey and C/O Adamski summoned Nurse Whitney who noted ten unfulfilled sick call requests on file. Plaintiff wrote a staff grievance to complain about the failure of A/W Karales and HCU Administrator Brown to file an OIG complaint about Dr. Myers. Plaintiff separately reported staff misconduct at Pinckneyville a week after he transferred to Robinson Correctional Center on October 23, 2023. *Id*. at 15.

**ANSWER: Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.**

## Discussion

The Court designates the following claims in the *pro se* First Amended Complaint:

Count 1: Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Plaintiff's head, neck, and back injuries sustained during three separate falls at the prison on September 1, 2, and 22, 2023.

**ANSWER: This claim proceeds only against Myers, Karales, Brown, Jane Doe 1, and Jane Doe 2. Defendants Karales and Brown deny the Eighth Amendment claim for deliberate indifference and deny exhibiting deliberate indifference to Plaintiff's head, neck and back injuries. Defendants deny violating Plaintiff's constitutional rights.**

Count 2: First Amendment claim against Defendant Myers for denying Plaintiff adequate medical care, a wheelchair, and an ADA cell in retaliation for filing a prior lawsuit and emergency grievances against the doctor.

**ANSWER: Defendants deny personal knowledge Plaintiff received inadequate medical care. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.**

Count 3: Claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*., and/or Rehabilitation Act (Rehab Act), 29 U.S.C. §§ 794–94, against Defendants for failing to accommodate Plaintiff's physical disabilities that resulted from three falls in September 2023 and necessitated the use of a wheelchair, ADA cell, and ADA attendant at the prison.

**ANSWER: This claim proceeds only against the Warden of Pinckneyville in an official capacity. Defendants deny the allegations contained within this paragraph**

and deny Plaintiff's rights under the ADA or Rehabilitation Act were violated.

Count 4: Illinois state law claim against Defendants for medical negligence, based on their inadequate treatment of Plaintiff's head, neck, and back injuries sustained during falls at the prison on September 1, 2, and 22, 2023.

**ANSWER: This claim proceeds only against Myers, Karales, Brown, Jane Doe 1, and Jane Doe 2. Defendants deny they are liable for an Illinois state law claim for negligence. Defendants deny Plaintiff was provided inadequate treatment for head, neck, and back injuries.**

## Relief Requested

Defendants deny Plaintiff is entitled to any relief whatsoever.

## Jury Demand

Defendants demand a jury trial on all issues triable by a jury.

## Affirmative Defenses

**Exhaustion of Administrative Remedies**

Plaintiff has filed suit concerning incidents which occurred while Plaintiff was incarcerated within the Department of Corrections. To the extent Plaintiff has failed to properly exhaust administrative remedies as is required prior to filing suit under 42 U.S.C. §1983, his claims are, therefore, barred by the Prison Litigation Reform Act (42 U.S.C. § 1997e(a)) and *Perez v. Wisconsin Dept. of Corrections*, 182 F. 3d 532 (7th Cir. 1999).

**Eleventh Amendment Sovereign Immunity**

Any claim made by Plaintiff for monetary damages against Defendants in their official capacity is precluded by the Eleventh Amendment, which bars an action for damages in federal court against a State or a State official sued in their official capacity.

**Qualified Immunity**

At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are, therefore, protected from liability for civil rights claims by the doctrine of qualified immunity.

**Limitations on Damages**

Punitive damages are unavailable under Title II of the ADA and § 504 of the Rehabilitation Act. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002).

Compensatory damages are only available under the ADA if the result of "intentional discrimination." *Lacy v. Cook Cty.*, 87 F.3d 847, 862 (7th Cir. 2018). Here, there is no intentional discrimination attributed to IDOC.

Plaintiff filed this federal civil action while a prisoner in the Illinois Department of Corrections, and Plaintiff seeks compensatory damages for alleged acts by prison officials. The Prison Litigation Reform Act prohibits recovery for mental or emotional injury suffered in such actions without a prior showing of physical injury or the commission of a sexual act. 42 U.S.C. § 1997e(e). Due to the nature of Plaintiff's claims, Plaintiff may be barred from seeking compensatory damages in this matter based upon Count 3.

**State-Law Sovereign Immunity**

Here, Defendants were acting within the scope of their employment as to Count 4, which, if established, means that the tort claims against Defendants are barred by the immunity provided in the State Lawsuit Immunity Act. The State Lawsuit Immunity Act, 745 ILCS 5/1 *et seq.*, provides for sovereign immunity in Illinois and prevents suits against the State or its employees except as provided by the Court of Claims Act, 705 ILCS 505/8. The Court of Claims is the

exclusive forum for resolving lawsuits against the State of Illinois or employees acting within the scope of their employment for certain actions, including tort actions. 705 ILCS 505/8(d).

**Public Official Immunity**

At all times relevant to the complaint, the Defendants were performing official discretionary duties in good faith and they are entitled to Public Official Immunity as to Plaintiff's tort claim (Count 4).

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff, and deny and all relief requested by Plaintiff in this matter.

Respectfully submitted,

CHRISTINE BROWN, JAMIE KARALES, and JOHN BARWICK,

Defendants,

KWAME RAOUL, Attorney General,
State of Illinois,

Attorney for Defendants,

By:     s/Phoenix Mason
Phoenix Mason, #6328761
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Telephone: (217) 785-4555
Facsimile: (217) 782-8767
E-Mail: Phoenix.Mason@ilag.gov

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRADLEY J. CORNILLE, SR., B88097, )<br>)<br>Petitioner, )<br>)<br>v )<br>)<br>PERCY MYERS, PINCKNEYVILLE )<br>COMMUNITY HOSPITAL, SOUTHERN )<br>ILLINOIS HOSPITAL, JOHN )<br>DAVIDSON, JAMIE KARALES, )<br>CHRISTINE BROWN, JANE DOE 1, and )<br>JANE DOE 2, )<br>)<br>Defendants. ) | Case No. 24-cv-1202-SMY |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2025, the foregoing document, ***Answer and Affirmative Defenses***, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant:

BRADLEY J. CORNILLE, SR., B88097
Dixon Correctional Center
Individual In Custody Legal Mail
2600 North Brinton Ave
Dixon, Illinois 61021

Respectfully submitted,

By: <u>s/Phoenix Mason</u>

Phoenix Mason, #6328761
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Telephone: (217) 785-4555

Facsimile: (217) 782-8767  
E-Mail: Phoenix.Mason@ilag.gov