**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

BRADLEY J. CORNILLE, SR., #B88097,  )
                                            )
        Plaintiff,                )
                                            )
v.                                       )      Case No: 3:24-CV-01202-SMY
                                            )
PERCY MYERS, et al,               )
                                            )
        Defendants.            )

**DEFENDANT DESIREE SANDIFER'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION OF ADMINISTRATIVE REMEDIES**

COMES NOW Defendant Desiree Sandifer, by and through her counsel, and pursuant to Federal Rule of Civil Procedure 56 and the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq*. ("PLRA"), hereby files her Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies, stating as follows:

**INTRODUCTION**

This case involves Plaintiff Bradley J. Cornille, St., #B88097, an inmate with the Illinois Department of Corrections ("IDOC") who filed his 42 U.S.C. § 1983 Complaint on May 1, 2024, [Doc. #1] and his First Amended Complaint on August 6, 2024. [Doc #9].  Plaintiff's First Amended Complaint alleges that Nurse Sandifer ordered him to move from his bed to his wheelchair and he injured his back and hip while transferring. [Doc. #9, p. 6].  Plaintiff alleges that Nurse Sandifer failed to issue his back brace and that she laughed while his wheelchair rolled away during the fall.  *Id*.  Plaintiff also alleges that Nurse Sandifer confiscated his walker. [*Id*. at p. 7].  On Merit Review, the Court allowed Plaintiff to proceed on an Eighth Amendment deliberate indifference claim against Defendants Percy Myers, Jamie Karales, Christine Brown, Nurse Jane Doe 1, and Nurse Jane Doe 2. [Doc. 12].  The Court also allowed Plaintiff to proceed on a medical

negligence claim against Defendants Percy Myers, Jamie Karales, Christine Brown, Nurse Jane Doe 1[1], and Nurse Jane Doe 2.[2] *Id.*

Regarding the claims against Nurse Sandifer, Plaintiff was an inmate when he filed suit and was therefore required to exhaust his administrative remedies pursuant to the PLRA before filing suit. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006) ("Prisoners must now exhaust all "available" remedies, not just those that meet federal standards.") Plaintiff failed to exhaust his administrative remedies and therefore the Court should dismiss Nurse Sandifer.

## UNDISPUTED MATERIAL FACTS[3]

1. Plaintiff filed his Original Complaint on May 1, 2024, and his Amended Complaint on August 6, 2024, claiming acts that gave rise to this lawsuit occurred on September 2, 2023, September 11, 2023, September 15, 2023, and September 22, 2023. [Doc. #1, Doc. #9; Exhibit A – Plaintiff's First Amended Complaint].

2. Plaintiff was incarcerated at Pinckneyville Correctional Center at all times relevant to this lawsuit. [Doc. #9, Exhibit A – Plaintiff's First Amended Complaint].

3. On September 3, 2023, Plaintiff filed Emergency Grievance No. 2992-09-23. [Doc. #9, Exhibit 5-5A; Exhibit B – Grievance No. 2992-09-23]. He alleged that, on September 2, 2023, he was trying to use his upper body strength to move from his bed into the wheelchair, but without a brace for support he "felt like putty, a weak limp noodle and in immense pain which was only made worse when the wheelchair flipped away." [Doc. #9, Exhibit 5-5A; Exhibit B – Grievance No. 2992-09-23]. He alleged that "Nurses came in right as I hit the floor hard causing shooting pain/numbness in my right side and led to me

---

[1] Desiree Sandifer was substituted for Jane Doe #1 as a named defendant based on Plaintiff's identification of Sandifer as Jane Doe #1 [Doc. 56 and Docket Entry #57].
[2] Sabrina Bathon was substituted for Jane Doe #2 as a named defendant based on Plaintiff's identification of Bathon as Jane Doe #2 [Doc. 56 and Docket Entry #57].
[3] These facts are undisputed solely for the purposes of this Motion.

being sent on a med writ to Carbondale Memorial Hospital….” [Doc. #9, Exhibit 5-5A; Exhibit B – Grievance No. 2992-09-23].

4.      Grievance No. 2992-09-23 does not name Nurse Sandifer, describe Nurse Sandifer, or accuse her of any misconduct. [Doc. #9, Exhibit 5-5A; Exhibit B – Grievance No. 2992-09-23].

5.      Grievance No. 2992-09-23 was deemed an emergency by the Chief Administrative Officer (“CAO”) on September 6, 2023, and submitted for expedited grievance review. [Doc. #9, Exhibit 5-5B].

6.      Plaintiff alleged in his First Amended Complaint that on September 11, 2023, Nurse Sandifer and a Physical Therapist identified only as “Jen” came into his room and told him that his walker was being confiscated.  [Doc. #9 at p. 7; Exhibit A – Plaintiff’s First Amended Complaint].

7.      Plaintiff has not filed any grievance at any time regarding Nurse Sandifer allegedly confiscating his walker on September 11, 2023. [*See* Doc. #1 and Doc. #9].

8.      On October 7, 2023, Plaintiff filed Grievance No. 3448-10-23 in which he stated that he accused Assistant Warden Correlis and HCUA Christine Brown of deliberate indifference. [Doc. #9, Exhibit 13-13A; Exhibit C – Grievance No. 3448-10-23].  Plaintiff also alleged that on September 15, 2023, Dr. Myers said his spine condition “was not serious” and that Warden David Mitchell, Major Lawless and “Nurse Desaray Sanders” were present.  *Id*.

9.      Grievance No. 3448-10-23 filed by Plaintiff on October 7, 2023, does not allege any misconduct by Nurse Sandifer and only alleges she was an observer when Dr. Myers allegedly made a statement that Plaintiff’s back injury was not serious.  *See id*.

**LEGAL STANDARD**

Summary judgment is proper when a moving party cannot establish the presence of a genuine dispute of material fact. Fed. R. Civ. P. 56(a). To survive a motion for summary judgment, the non-moving party must provide evidence on which a jury reasonably could find in his or her favor. *Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008). "The PLRA provides that '[n]o action shall be brought with respect to prison conditions under section 1983 ... until such administrative remedies as are available are exhausted.'" 42 U.S.C. § 1997e(a), *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011). This is because grievances are meant to allow prisons to address complaints before being subjected to a lawsuit. *Id*.

**ARGUMENT**

1. **Standard for Exhaustion under the PLRA**

Because Plaintiff was an inmate with the IDOC when his cause of action arose, the PLRA requires he exhaust his administrative remedies available at the prison through the Illinois Department of Corrections before bringing this lawsuit. Specifically, the PLRA mandates "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

To properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the applicable procedure rules. *Jones v. Beck*, 549 U.S. 199, 218 (2007) ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion").

For an Illinois inmate to satisfy the exhausting requirement, he must avail himself of a three-step grievance process. An offender must file a grievance with his or her institutional counselor or Grievance Officer within 60 days after the incident giving rise to the grievance. 20

4

IL ADC § 504.810(a). The Grievance Officer reviews the grievance and reports the findings and recommendations in writing to the Chief Administrative Officer within two months after receiving the written grievance. 20 IL ADC § 504.830. The Chief Administrative Officer reviews the findings and recommendations of the Grievance Officer and advises the offender of the final decision in writing. *Id*. The offender may then appeal the final decision in writing, which must be received by the Administrative Review Board within 30 days of the decision. 20 IL ADC § 504.850.

In situations where there is a substantial risk of imminent person injury or other serious irreparable harm, the offender must submit the grievance directly to the Chief Administrative Officer.  20 IL ADC § 504.840.  If the Chief Administrative Officer determines that the grievance is an emergency, he or she must expedite the processing of the grievance and respond to the offender by indicating what action will be taken.  *Id*.  If the Chief Administrative Officer determines the grievance is not an emergency, the offender must be notified in writing and informed that the grievance may be re-filed via the standard grievance process. *Id*.

Further, a prisoner is required to provide factual details regarding each aspect of their complaint, including what happened, when, where, and "the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." Ill. Admin. Code tit. 20, § 504.810 (emphasis added).

"The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Edwards v. CBM Manages Services*, 2018 WL 2184289 at *3 (citing *Porter v. Nussle*, 534 U. S. 516, 532 (2002)).

While failure to exhaust administrative remedies is an affirmative defense to be raised by the defendant, "[a] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face." *Jones v. Beck*, 549 U.S. 199, 215 (2007)(quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3rd Cir. 2001)(internal quotations omitted)). Further, even though "Plaintiffs are not required to specifically plead or demonstrate exhaustion in their complaints," this does not forego a dismissal based on Plaintiff not exhausting their administrative remedies, it only means a Plaintiff is not required to affirmatively plead it in their Complaint. *Beck*, 549 U.S. at 216 ("As noted, that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim.")

Failure to follow the procedures through to their conclusion, including timely appealing a grievance denial, bars a suit under 42 U.S.C. § 1983. *Simmons v. Gilson*, 08-1288, 2009 WL 3614457, at *2 (C.D. Ill. Oct. 29, 2009). Unless a prisoner takes each step within the administrative process, he will be foreclosed from litigating, and the trial court should dismiss the litigation without prejudice. *Toney v. Briley*, 813 N.E.3d 295, 297 (Ill. App. 2004).

Lastly, a prisoner's grievance must raise the same claim as in the lawsuit. *Bowers v. Dart*, 1 F.4th 513, 518 (7th Cir. 2021), and provide enough information to indicate that the defendant is the target of the grievance. *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023).

2. **Plaintiff failed to properly exhaust his administrative remedies, thus his claims against Desiree Sandifer must be dismissed.**

Plaintiff failed to file grievances raising the same claims as those in his lawsuit.  In his First Amended Complaint, Plaintiff alleges that Nurse Sandifer ordered him to move to his wheelchair, laughed when he fell from his wheelchair, and left without assisting him.  [Doc. #9 at p. 6; Exhibit A].  In contrast, in Grievance No. 2992-09-23, Plaintiff did not allege anyone ordered him to move from his bed to his wheelchair and did not allege that anyone laughed at him as he fell.  [Doc. #9

6

Exhibit 5-5A; Exhibit B]. Furthermore, Plaintiff did not allege that Nurse Sandifer, or any nurse, failed to assist him and instead alleged in the grievance that he was sent to Carbondale Memorial Hospital. *Id*.

Moreover, Grievance No. 2992-09-23 cannot serve to exhaust Plaintiff's administrative remedies for claims against Nurse Sandifer because Plaintiff does not identify Nurse Sandifer by name, does not describe Nurse Sandifer, nor does his grievance allege any misconduct on the part of Nurse Sandifer. His grievance does not mention the alleged laughter or failure to assist that Plaintiff alleges in his First Amended Complaint.

This case is like *King v. Dart*, where an inmate alleged in his federal lawsuit that a correctional officer failed to facilitate proper medical attention because he was not examined until the day after he sustained burns from a hot coffee. 63 F.4th 602, 604 (7th Cir. 2023). The plaintiff filed a grievance in which he alleged a delay in treatment for his burns, but did not mention the officer, who was named as a defendant in the plaintiff's lawsuit by name, nor did the grievance mention any actions taken by correctional officers besides sending the plaintiff to the hospital. *Id*. The Seventh Circuit held that the plaintiff had not exhausted his administrative remedies because he had not mentioned the officer in his grievance and his only allegations regarding the correctional staff in his grievance was that they took him to the hospital. *Id*. at 608. Just like in *King*, Plaintiff's grievance here alleges only that the nurses entered his room as he fell and that he was sent to the hospital. [Doc. #9 Exhibit 5-5A; Exhibit B]. The grievance does not mention Nurse Sandifer and does not support the claim in his lawsuit; therefore, Plaintiff has not given the jail notice of his claim against Nurse Sandifer just as the plaintiff in *King* failed to give the jail notice of his claim against the correctional officer.

Furthermore, Plaintiff's allegations in the First Amended Complaint are substantively different from his allegations in the grievance. He alleges in the grievance that he moved to his

wheelchair voluntarily and that nurses were not present until he fell.  [Doc. #9 Exhibit 5-5A; Exhibit B].  In his First Amended Complaint, he alleges that Nurse Sandifer ordered him to move to his wheelchair, laughed when he fell, and failed to offer assistance after he fell.  [Doc. #9 at p. 6; Exhibit B].  In cases where there is such a disconnect between the grievance and complaint, a plaintiff has not exhausted administrative remedies.  *See Bowers v. Dart*, 1 F.4th 513, 517-18 (7th Cir. 2021)(holding that a plaintiff failed to exhaust administrative remedies where allegations in a grievance that officers ignored him during an attack by another inmate were substantively different from allegations in the lawsuit that the inmate requested to moved to a different housing unit and that the officers failed to protect him before the attack occurred).

Grievance No. 3448-10-23 similarly cannot serve to exhaust Plaintiff's administrative remedies because he merely alleges in the grievance that Nurse Sandifer was present for an alleged conversation with Dr. Myers where he stated that Plaintiff's condition "was not serious."  [Doc. #9 Exhibit 13-13A; Exhibit C].  Plaintiff's allegations in his First Amended Complaint that Nurse Sandifer confiscated his walker and did not assist him when he fell out of his wheelchair are fundamentally different and do not describe the same events as the sole grievance where Nurse Sandifer is named as a witness to the alleged act of deliberate indifference of another person.  These discrepancies between Plaintiff's First Amended Complaint and his grievances are even more severe than those in *King* and *Bowers*, and, therefore, Plaintiff has not exhausted his administrative remedies.

Plaintiff also alleged in his First Amended Complaint that on September 11, 2023, Nurse Sandifer and a Physical Therapist identified only as "Jen" came into his room and told him that his walker was being confiscated.  [Doc. #9 at p. 7; Exhibit A].  Plaintiff has not filed ***any*** grievance at any time regarding this alleged conduct, in violation of 20 IL ADC § 504.810(a).  *See* Doc. #1 and Doc. #9.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendant Nurse Desiree Sandifer respectfully requests that this Honorable Court enter an Order granting her Motion for Summary Judgment, dismiss Plaintiff's claims against her, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

BRINKER & DOYEN, L.L.P.

*/s/ Julia A. SantaLucia*
Lawrence R. Smith, #6189754
Bridgette N. Fu, #6317239
Julia A. SantaLucia, #6347299
34 N. Meramec Avenue, 5th Floor
Clayton, Missouri 63105
314-863-6311 Phone
314-863-8197 Fax
smith@brinkerdoyen.com
bfu@brinkerdoyen.com
jsantalucia@brinkerdoyen.com
***Attorneys for Defendant***
***Desiree Sandifer***

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February 2026 the foregoing was filed electronically with the Clerk of Court via PACER and served on all of the following counsel of record via the Court's electronic filing system:

Stephen H. Weil, (Pro Hac Vice)
Romanucci & Blandin
321 N. Clark St., Ste. 900
Chicago, IL 60654
312-458-1000 Phone
312-458-1002 Fax
sweil@rblaw.net
***Attorney for Plaintiff Bradley J. Cornille, Sr.***

9

Robert S. Tengesdal, #6288650
Victor F. Price, #6313766
Connolly Krause LLC
500 West Madison St, Ste. 3900
Chicago, IL 60661
312-253-6200 Phone
312-253-6201 Fax
rtengesdal@cktrials.com
vprice@cktrials.com
***Attorney for Defendants***
***Percy Myers and Sabrina Bathon***

Kyrstin Beasley, #6323618
Illinois Attorney General-Belleville- 4
201 West Pointe Drive, Suite 7
Belleville, IL 62226
618-236-8781 Phone
618-236-8620 Fax
Kyrstin.Beasley@ilag.gov
***Attorney for Defendants***
***Jamie Karales, Christine Brown***
***and Defendant Warden***

Samuel Rhymes, #6353741
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
217-557-9351 Phone
217-782-8767 Fax
Samuel.Rhymes@ilag.gov & gls@ilag.gov
***Attorney for Defendants Jamie Karales, Christine Brown***
***and Defendant John Barwick (Warden)***

/s/ Julia A. SantaLucia

10