UNITED STATES DISTRICT COURT FOR
THE STATE OF ILLINOIS
SOUTHERN DISTRICT

|  |  |
|---|---|
| *BRADLEY CORNILLE,*<br><br>    Plaintiff,<br><br>v.<br><br>*PERCEY MYERS, WEXFORD HEALTH SOURCES, JAMIE KARALES, PINCKNEYVILLE COMMUNITY HOSPITAL, SOUTHERN ILLINOIS HOSPITAL, and JOHN DAVIDSON,*<br><br>    Defendants. | Case No.  3:24-cv-01202-SMY<br><br><br>**DEFENDANT DEMANDS TRIAL BY JURY OF 12** |

**DEFENDANTS SOUTHERN ILLINOIS HOSPITAL SERVICES d/b/a SIH MEMORIAL HOSPITAL OF CARBONDALE AND JOHN DAVIDSON'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT VII OF PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH 735 ILCS 5/13-212**

COME NOW Defendants Southern Illinois Hospital Services d/b/a SIH Memorial Hospital of Carbondale, incorrectly named as Southern Illinois Hospital, and John Davidson, by and through their attorneys, and for their Memorandum in Support of their Motion to Dismiss Count VII of Plaintiff's Second Amended Complaint for Failure to Comply with the Applicable Statute of Limitations set forth in 735 ILCS 5/13-212, state in support thereof:

## I.    Introduction

The procedural history of this action is significant in assessing the timeliness of Plaintiff's claim against Defendants SIH Memorial Hospital of Carbondale and John Davidson.  Plaintiff Bradley Cornille filed his initial Complaint on May 1, 2024, against 28 Defendants in connection with 7-plus claims over a 6-month period.  *See generally* Plaintiff's Complaint.  With respect to Defendants SIH Memorial Hospital of Carbondale and John Davidson, Plaintiff alleged medical

negligence arising out of care rendered on September 2, 2023. *See id.* On July 11, 2024, this Court dismissed that Complaint in its entirety for violation of Federal Rules of Procedure 8 and 18 through 21. *See* Hon. Staci Yandle's July 11, 2024 Order attached hereto as Exhibit A. Plaintiff filed his First Amended Complaint shortly thereafter on August 6, 2024, which included another medical negligence claim against SIH Memorial Hospital of Carbondale and Mr. Davidson arising out of his September 2, 2023, medical treatment. *See generally* Plaintiff's First Amended Complaint. This Court completed its review of Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915A on January 23, 2025, and ruled Plaintiff failed to state a claim against Defendants SIH Memorial Hospital of Carbondale and Mr. Davidson. *See* Hon. Staci Yandle's January 23, 2025 Order attached hereto as Exhibit B. As such, SIH Memorial Hospital of Carbondale and Mr. Davidson were formally dismissed without prejudice.

Over one year later on January 26, 2026, Plaintiff filed a Second Amended Complaint once again alleging medical negligence against SIH Memorial Hospital of Carbondale and Mr. Davidson arising out of treatment received on September 2, 2023. *See generally* Plaintiff's Second Amended Complaint. While Plaintiff's claims against SIH Memorial Hospital of Carbondale and John Davidson survived this Court's initial 28 U.S.C. § 1915A screening, Defendants move for dismissal of Count VII pursuant to 735 ILCS 5/13-212 and 5/2-619, as Plaintiff's Second Amended Complaint was filed outside the applicable two-year limitations period. *See* Hon. Staci Yandle's May 13, 2026 Order attached hereto as Exhibit C.

II.     **Legal Standard**

A motion to dismiss pursuant to 735 ILCS 5/2-619 admits the legal sufficiency of the complaint, but asserts certain defects, defenses, or other affirmative matters that act to defeat the claim. *Relf v. Shatayeva,* 998 N.E.2d 18, 24 (Ill. 2013). Section 2-619 affords litigants a means

of disposing of issues of law and easily proven issues of fact at the outset of a case. *Miner v. Fashion Enterprises, Inc.*, 342 Ill. App. 3d 405, 413 (1st Dist. 2003). Specifically, Section 2-619(a)(5) of the Illinois Code of Civil Procedure requires dismissal "when [an] action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5). Applicable here, 735 ILCS 5/13-212(a) provides that actions for damages for injury against a physician or hospital must be brought within two years of the injury.

735 ILCS 5/2-616 permits a party to amend its pleadings after the expiration of the statute of limitations, but only when the "cause of action asserted ... grew out of the same transaction or occurrence set up in the original pleading" for existing defendants. 735 ILCS 5/2-616(b). Illinois law is clear that once a party is dismissed, further proceedings are unauthorized until the dismissal is vacated and the cause reinstated. *See Illinois Bone & Joint Institute v. Kime*, 920 N.E.2d 1231, 1236 (Ill. App. Ct. 2009). For new defendants, pleadings filed outside the limitations period are only permitted when the plaintiff can establish defendants received timely notice and, but for a mistake concerning their identity, would have been initially named in the action. 735 ILCS 5/2-616(b)-(d).

III.   **Argument**

A. Count VII against Defendants SIH Memorial Hospital of Carbondale and John Davidson should be dismissed because Plaintiff's medical negligence claim is time-barred.

Plaintiff's medical negligence claim against Southern Illinois Hospital Services d/b/a SIH Memorial Hospital of Carbondale, incorrectly named as Southern Illinois Hospital, and Mr. Davidson is subject to the statute of limitations period set forth in Section 13-212(a) of the Civil Code. In pertinent part, that Section holds that no action for damages for injury " shall be brought more than two years after the date on which the claimant knew, or through the use of reasonable

3

diligence should have known, or received notice in writing of the existence of the injury for which damages are sought in the action, whichever of such date occurs first." 735 ILCS 5/13-212(a). Illinois courts have held that a plaintiff's knowledge that an injury was wrongfully caused "does not mean knowledge of a specific defendant's negligent conduct or knowledge of the existence of a cause of action;" rather, the term "refers to that point in time when 'the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved." *Moon v. Rhode,* 67 N.E.3d 220, 230-31 (Ill. 2016).

In this case, Plaintiff alleges he suffered falls on September 1 and 2, 2023, and was evaluated at SIH Memorial Hospital of Carbondale on September 2, 2023, as a result. *See generally* Plaintiff's Second Amended Complaint. Plaintiff further alleges SIH Memorial Hospital of Carbondale and Mr. Davidson were negligent in their failure to order an MRI in evaluating his injuries. *See id.* ¶¶ 24, 68. Plaintiff underwent a CT scan that allegedly confirmed several fractures, but Plaintiff claims CT scans are ultimately ineffective in detecting soft tissue injuries. *See* Plaintiff's Second Amended Complaint, ¶¶ 24-26. Based on Plaintiff's representation of Defendants' negligence in failing to order an MRI, Plaintiff's statute of limitations began to run on September 2, 2023.

With respect to the timing of his filings, Plaintiff's original Complaint was filed on May 1, 2024, and his First Amended Complaint was filed on August 6, 2024. While those pleadings fall within the limitations period, Plaintiff's Second Amended Complaint does not. Plaintiff's claim against SIH Memorial Hospital of Carbondale and Mr. Davidson included in his First Amended Complaint was dismissed without prejudice by this Court on January 23, 2025, and Plaintiff was not expressly granted leave to amend his Complaint. *See* Hon. Staci Yandle's January 23, 2025

Order attached hereto as Exhibit B.  Plaintiff chose to refile his claim against SIH Memorial Hospital of Carbondale and Mr. Davidson under the guise of a Second Amended Complaint on January 26, 2026, which was several months beyond the two-year statute of limitations that ran on September 2, 2025.  As a result, Count VII of Plaintiff's Second Amended Complaint is untimely and should be dismissed pursuant to 735 ILCS 5/13-212 and 735 ILCS 5/2-619.

Further, Plaintiff's claim against SIH Memorial Hospital of Carbondale and Mr. Davidson does not fall within the narrow exception of actions that may be filed within one year of voluntarily dismissing a case under Illinois' savings statute.  Specifically, 735 ILCS § 5/13-217 provides that if an action is dismissed for want of prosecution, or dismissed by a United States District Court for lack of jurisdiction or improper venue, then the plaintiff may commence a new action within one year of dismissal.  If the dismissal does not fall into one of those excepted categories, then Plaintiff is bound by the applicable statute of limitations.  *See Sherrod v. Ramaswamy,* 732 N.E.2d 87, 90 (Ill. App. Ct. 2000).  Here, this Court previously dismissed Plaintiff's medical negligence claim against SIH Memorial Hospital of Carbondale and John Davidson for failure to state a claim- not a savings-statute qualifying reason, and Plaintiff refiled over a year after the dismissal.  *See* Hon. Staci Yandle's January 23, 2025 Order attached hereto as Exhibit B.  Thus, once the two-year limitations period involving Plaintiff's September 2, 2023, medical care, expired on September 2, 2025, Plaintiff's subsequent attempt to set forth a claim for medical negligence against SIH Memorial Hospital of Carbondale and John Davidson was unauthorized and untimely.

Because any refiling of claims against Defendants SIH Memorial Hospital of Carbondale and Mr. Davidson had to occur on or before September 2, 2025, Count VII of Plaintiff's Second Amended Complaint is time-barred and must be dismissed.

B. <u>Illinois' Relation Back Statute Does Not Permit Plaintiff to Add Defendants Previously Dismissed After the Statute of Limitations Expired.</u>

(1) Plaintiff cannot set forth a new claim against a previously dismissed defendant outside the statute of limitations under 735 ILCS 5/2-616(b).

Defendants anticipate Plaintiff may maintain Count VII of his Second Amended Complaint is permitted under Illinois' relation back statute set forth in 735 ILCS 5/2-616. Section 2-616(b) provides in pertinent part as follows:

> The cause of action… set up in any amended pleading shall not be barred by lapse of time under any statute…prescribing or limiting the time within which the action may be brought or right asserted if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted…grew out of the same transaction or occurrence set up in the original pleading.

735 ILCS 5/2-616(b).

In the context of medical negligence, the relation back doctrine has been applied to permit an amended complaint against an existing defendant medical provider when it received adequate notice of the same facts leading to the alleged medical negligence in an earlier, timely filed complaint. *See Lawler v. University of Chicago Medical Center*, 51 N.E.3d 1053, 1064 (Ill. App. Ct. 2016). Here, the distinction that prevents Plaintiff from relating his medical negligence claim set forth in Count VII back to his initial Complaint pursuant to §2-616(b) is that SIH Memorial Hospital of Carbondale and Mr. Davidson were no longer existing defendants when Plaintiff filed his Second Amended Complaint on August 6, 2024. *See* Hon. Staci Yandle's January 23, 2025 order dismissing SIH Memorial Hospital of Carbondale and Mr. Davidson attached hereto as Exhibit B. While §2-616(b) does permit new claims against existing defendants under certain circumstances, it does not permit adding back previously dismissed Defendants after the statute of limitations already expired. Illinois law is clear that once a party is dismissed, further proceedings are unauthorized until the dismissal is vacated and the cause reinstated. *See Illinois Bone & Joint*

6

*Institute v. Kime*, 920 N.E.2d 1231, 1236 (Ill. App. Ct. 2009) (holding that further proceedings are unauthorized against dismissed parties until the dismissal is vacated and the cause reinstated). Here, the January 23, 2025 order dismissing SIH Memorial Hospital of Carbondale and Mr. Davidson was not vacated, nor were they reinstated in the case.  Thus, Plaintiff's attempt to revive claims against parties previously dismissed under the guise of an "amended complaint" is unauthorized.  Because Section 2-616(b) does not permit Plaintiff to relate back claims against defendants previously dismissed from the case outside of the limitations period, Count VII of Plaintiff's Second Amended Complaint should be dismissed.

(2) Plaintiff cannot claim any mistake concerning SIH Memorial Hospital of Carbondale's and John Davidson's identity pursuant to 735 ILCS 5/2-616(d).

Defendants additionally anticipate Plaintiff may argue Count VII of his Second Amended Complaint is permitted pursuant to 735 ILCS 5/2-616(d), which permits newly added defendants outside the statute of limitations when the plaintiff did not initially know the identity of all involved in the event giving rise to the complaint.  *See Zlate v. Millette,* 43 N.E.3d 153, (Ill. App. Ct. 2015).  In order for Plaintiff's claim against SIH Memorial Hospital of Carbondale and Mr. Davidson to relate back to the filing of the original complaint under Section 2-616(d), he must satisfy the following terms and conditions set forth in the statute:

(1) the time prescribed or limited had not expired when the original action was commenced; (2) the person…received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading…

735 ILCS 5/2-616(d).

7

Plaintiff fails to meet his burden of demonstrating statutory compliance, specifically that SIH Memorial Hospital of Carbondale and Mr. Davidson were timely notified of the action and knew it would have been brought against them but for a mistake concerning their identity. *See Owens v. VHS Acquisition Subsidiary No. 3, Inc.*, 78 N.E.3d 470, 480 (Ill. App. Ct. 2017). SIH Memorial Hospital of Carbondale and Mr. Davidson did not have any notice of the suit prior to receiving the May 14, 2026, request from this Court to waive service, as they were never served with Plaintiff's initial Complaint or First Amended Complaint, nor did the Court request them to waive service. Additionally, Plaintiff clearly did not make a mistake identifying SIH Memorial Hospital of Carbondale and Mr. Davidson prior to the filing of his Second Amended Complaint, as they were named Defendants in his initial Complaint filed on May 1, 2024. *See generally* Plaintiff's Complaint. As such, Plaintiff fails to satisfy the necessary conditions set forth in Section 2-616(d) and cannot add SIH Memorial Hospital of Carbondale and Mr. Davidson back as Defendants after the limitations period expired under the relation back doctrine.

## IV.    Conclusion

The limitations period for Plaintiff's medical negligence claim against SIH Memorial Hospital of Carbondale and Mr. Davidson ran on September 2, 2025, which makes Count VII of his Second Amended Complaint filed on January 26, 2026, time barred. Plaintiff is unable to add SIH Memorial Hospital of Carbondale and Mr. Davidson back as defendants outside the limitations period under Illinois' relation back doctrine, nor is he able to claim any mistake initially identifying them as Defendants pursuant to 735 ILCS 5/2-616. As a result, Count VII of Plaintiff's Second Amended Complaint is time-barred and should be dismissed.

WHEREFORE, Defendants Southern Illinois Hospital Services d/b/a SIH Memorial Hospital of Carbondale and John Davidson respectfully request that this Honorable Court enter an

Order dismissing Count VII against Southern Illinois Hospital Services d/b/a SIH Memorial Hospital of Carbondale and John Davidson with prejudice, and for any and all further relief this Court deems just and equitable.

BARTOSIAK MAKEPEACE, P.C.

By:  */s/ Hayley C. Bohnert*
Nicole C. Larch, #6282119
Hayley C. Bohnert, #6333943
8866 Ladue Road, Suite 260
St. Louis, MO  63124
314.269.8701
314.665.1387 (Fax)
nlarch@bmlblaw.com
hbohnert@bmlblaw.com
*Attorneys for Defendants Southern Illinois Hospital Services d/b/a SIH Memorial Hospital of Carbondale and John Davidson*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 13th day of July 2026, the foregoing was filed electronically with the Clerk of Court through ECF and was served upon all counsel of record via the court's CM/ECF filing system.

Stephen H. Weil
Romanucci & Blandin, LLC
sweil@rblaw.net
*Attorneys for Plaintiff*

Kyrstin Beasley
Assistant Attorney General
Kyrstin.beasley@ilag.gov
gls@ilag.gov
*Attorneys for Defendant Jamie Karales*

Robert S. Tengesdal
Victor F. Price
Connolly Krause, LLC
rtengesdal@cktrials.com
vprice@cktrials.com
*Attorneys for Defendant Percy Myers*

*/s/ Hayley C. Bohnert*

9