IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRADLEY J. CORNILLE, Sr., #B88097,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24-cv-01202-SMY** |
| | ) | |
| **PERCY MYERS,** | ) | |
| **JAMIE KARALES,** | ) | |
| **CHRISTINE BROWN,** | ) | |
| **DESIREE SANDIFER,** | ) | |
| **SABRINA BATHON, and** | ) | |
| **WARDEN OF PICNKNEYVILLE** | ) | |
| **CORRECTIONAL CENTER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**YANDLE, Chief District Judge:**

This matter is before the Court for consideration of Plaintiff Bradley J. Cornille, Sr.'s, Motion for Leave to File Second Amended Complaint (Doc. 79). Plaintiff seeks to replead his claims against some defendants and omit his claims against others. Defendants did not respond to the motion. For the following reasons, Plaintiff's request to file a Second Amended Complaint is **GRANTED**.

**Background**

Plaintiff is an inmate in the Illinois Department of Corrections and brings this action under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), the Rehabilitation Act (Rehab Act), and Illinois state law. His claims arise from an alleged denial of medical care and housing accommodations necessitated by his spinal injuries at Pinckneyville Correctional Center in September 2023. (Docs. 1, 9). The following claims asserted in the First Amended Complaint (Doc. 9) survived screening under 28 U.S.C. § 1915A:

Count 1: Eighth Amendment claim against Percy Myers, Jamie Karales, Christine Brown, Desiree Sandifer, and Sabrina Bathon, in their individual capacities, for exhibiting deliberate indifference to Plaintiff's head, neck, and back injuries sustained during falls at the prison on September 1, 2, and 22, 2023.

1

**EXHIBIT C**

Count 2:      First Amendment claim against Percy Myers for denying Plaintiff adequate medical care, a wheelchair, and an ADA cell in retaliation for filing a prior lawsuit and emergency grievances against the doctor.

Count 3:      Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq*., and/or Rehabilitation Act (Rehab Act), 29 U.S.C. §§ 794–94, claims against the Warden of Pinckneyville Correctional Center, in an official capacity, for failing to accommodate Plaintiff's physical disabilities that resulted from his falls in September 2023 and necessitated the use of a wheelchair, ADA cell, and ADA attendant at the prison.

Count 4:      Illinois state law claim against Percy Myers, Jamie Karales, Christine Brown, Desiree Sandifer, and Sabrina Bathon, in their individual capacities, for medical negligence, based on their inadequate treatment of Plaintiff's head, neck, and back injuries sustained during falls at the prison on September 1, 2, and 22, 2023.

*See* Doc. 12.

The Court dismissed Plaintiff's claims against Pinckneyville Community Hospital, Southern Illinois Hospital (SIH-MH), and SIH-MH Physician Assistant John Davidson at screening. *Id*. After all defendants answered, the Court entered an Initial Scheduling Order setting Plaintiff's deadline for moving to amend the Complaint on or before December 4, 2025 (Doc. 70); the deadline was extended to January 26, 2026 (Doc. 78). Plaintiff's recruited counsel filed a motion seeking leave to amend the Complaint on January 26, 2026 (Doc. 79).

### Motion for Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court should "freely" give leave to amend "when justice so requires." *Id*. Plaintiff seeks leave to file a Second Amended Complaint to reinstate claims against some defendants and omit claims against others. Plaintiff's motion was timely filed, and Defendants do not oppose it. Accordingly, Plaintiff's motion for leave to amend complaint (Doc. 79) is **GRANTED**.

### Section 1915A Review

The Second Amended Complaint (Doc. 79-1) is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen and dismiss any portion that is legally frivolous or

2

malicious, fails to state a claim, or requests money damages from an immune defendant. 28 U.S.C. §§ 1915A(a)-(b).

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 79-1, pp. 1-16): Plaintiff slipped and fell in vomit on the prison's dayroom floor on September 1, 2023. *Id*. at ¶ 9. He briefly lost consciousness when his head, neck, and back struck the concrete floor, and he suffered extreme pain and serious injuries. *Id*. at ¶ 10. Plaintiff was taken to the prison's health care unit (HCU) in a wheelchair. *Id*. at ¶ 11. A nurse placed him in a cervical collar and called an ambulance. *Id*. at ¶ 12. While waiting, Plaintiff experienced total numbness from the waist down and lost bowel control. *Id*. at ¶ 13.

Plaintiff was then taken by ambulance to Pinckneyville Community Hospital (PCH). *Id*. at ¶ 14. PCH emergency room staff were fully briefed on the severity of his fall, including his loss of consciousness, visual disturbances, numbness from the waist down, and loss of bowel control. *Id*. at ¶ 15. These symptoms were consistent with a spinal cord injury, but PCH staff failed to order diagnostic testing to check for such injury. *Id*. at ¶¶ 16-17. They only performed a baseline CT scan of his neck and lower lumbar region. *Id*. at ¶ 18. Although Plaintiff was prescribed a back brace, the staff failed to provide it before discharging him. *Id*. at ¶¶ 19-20. A back brace would have stabilized his back and helped prevent further injury. *Id*. at ¶ 21.

Plaintiff was unable to walk after returning from PCH. *Id*. at ¶ 19. Even so, he was placed in a cell in the HCU that had no grab bars or other devices to assist paraplegics. *Id*. at ¶ 20. A nurse ordered him to transfer from his bed to a wheelchair without assistance on September 2, 2023. *Id*. at ¶ 21. While attempting to do so, Plaintiff fell and suffered extreme shooting pain on his right side. *Id*. at ¶¶ 22-23.

Plaintiff was transported to Southern Illinois Hospital (SIH-MH) Emergency Room. *Id*. at ¶ 22. His symptoms from the first fall were exacerbated by the second fall on September 2, 2023. *Id*. at ¶ 23. The symptoms indicated a potential soft tissue spinal injury, such as nerve compression or

impingement, but SIH-MH staff, including P.A. John Davidson, only performed a CT without contrast, which does not detect soft tissue injuries. *Id*. at ¶¶ 23-24. The CT confirmed several spinal fractures. *Id*. at ¶ 25. Although the fractures also indicated the potential for soft tissue injuries, SIH-MH staff did not attempt to identify this injury through additional testing. *Id*. at ¶ 26. SIH-MH staff provided Plaintiff with a full upper body brace and indicated that he would be scheduled for an appointment with a neurosurgeon within two weeks. *Id*. at ¶ 27.

Pinckneyville's medical director (Dr. Percy Myers) and others employed by Wexford Health Sources, Inc. to work at the prison received the results of the SIH-MH and PCH CT scans and neurosurgeon recommendations. *Id*. at ¶ 25. However, they failed to immediately arrange for additional testing or treatment with a neurosurgeon. *Id*. Plaintiff informed multiple nurses about his symptoms and requested treatment for extreme back pain and numbness below the waist from September 3 through 11, 2023. *Id*. at ¶ 26. The nurses denied his requests and cited "Dr. Myers's orders." *Id*. CPT Jen then confiscated Plaintiff's walker and explained that he was not allowed to walk until his back was "fixed" "per Dr. Myers" on September 11, 2023. *Id*. at ¶ 27.

When Plaintiff saw Dr. Myers on September 13, 2023, the doctor verbally attacked and harassed him, referencing Plaintiff's prior grievances and pending federal lawsuit against him (Case No. 22-cv-1988-MAB). *Id*. at ¶ 28. Dr. Myers discontinued Plaintiff's pain medication (Tramadol) without attempting to determine whether he was in pain, saying, "I will do nothing for you." *Id*. at ¶ 29. Dr. Myers then attempted to discharge Plaintiff from the HCU to the general population where he would be denied a wheelchair, stating he had only "one very small fracture" with "no displacement." *Id*. at ¶ 30. At the time, Plaintiff had been unable to stand or walk for fourteen days. *Id*. at ¶ 31. Warden David Mitchell asked the doctor to allow Plaintiff the opportunity to test a walker while still in the HCU so that medical care would be available if he fell. *Id*. at ¶ 32. Dr. Myers refused, stating, "I need this cell, I do not care if you fall and get hurt, but it will not be done here in front of me[;] you will do it out in the unit you're going to." *Id*. at ¶ 33. Warden Mitchell intervened and required

4

Dr. Myers to allow Plaintiff to transfer to an ADA-accessible cell where he could keep his wheelchair. *Id.* at ¶ 34.

Sometime before September 22, 2023, Plaintiff's case was sent to a neurosurgeon who insisted that an MRI be performed before a surgical consultation. *Id.* at ¶ 35. The MRI revealed a vertebral body hemangioma at L2, edema enhancement in the right transverse process of L2, L3, and L4, minimally displaced fractures in L2, L3,and L4, and three bulging discs. *Id.* at ¶ 37. These results directly contradicted Dr. Myers's statement that Plaintiff had only "one very small fracture" and "no displacement" on September 15, 2023. *Id.* at ¶ 38. The MRI results and CT results demonstrated that his injuries were far more serious than the doctor represented. *Id.* at ¶ 39. When Plaintiff returned from the MRI, Dr. Myers and HCU Administrator Christine Brown attempted to force him to undergo an examination with Dr. Myers by threatening to discipline him, if he refused. *Id.* at ¶ 40. Plaintiff begged to see someone else, but they denied his request even though two other providers were available. *Id.* at ¶ 41.

Plaintiff declared a hunger strike on September 27, 2023. *Id.* Physician Assistant A. Desai met with him, reviewed his medical records, and indicated that Dr. Myers's handwriting and alterations made it difficult to understand the full extent of his injuries. *Id.* at ¶ 42. Desai reviewed the CT from September 2, 2023 and MRI from September 22, 2023 and stated Plaintiff "should have already been to see a neurosurgeon, most likely post-op." Desai questioned why Dr. Myers had not completed an emergency collegial review and ordered a neurosurgery collegial review without delay. *Id.* at ¶ 43.

Due to these delays in treatment, Plaintiff suffered permanent and severe injuries. *Id.* at ¶¶ 44-46. He has been unable to walk since September 1, 2023. *Id.* at ¶ 47. He is permanently paralyzed and incontinent. *Id.* at ¶ 48. Defendants' acts and omissions also caused him to suffer from severe physical and emotional pain. *Id.* ¶ 49.

**Discussion**

The Court designates the following claims in the Second Amended Complaint, consistent with

Plaintiff's designation of the same:

Count 1: Eighth Amendment claim against Dr. Percy Myers for exhibiting deliberate indifference to Plaintiff's objectively serious spinal fractures, vertebral body hemangioma with edema, nerve compression, lower limb paralysis, and loss of bowel control beginning on September 1, 2023, *id*. at ¶¶ 50-56.[1]

Count 2: First Amendment claim against Dr. Percy Myers for taking adverse action against Plaintiff for filing grievances against the doctor and pursuing a federal civil rights lawsuit against him in Case No. 22-cv-1988-MAB by discontinuing his pain medication, refusing to arrange a neurosurgical consultation, attempting to discharge him from medical housing, and explicitly stating "I will do nothing for you," *id*. at ¶¶ 57-62.

Count 3: Illinois state law claim against Dr. Percy Myers for medical negligence between September 3-27, 2023, *id*. at ¶¶ 41-46.

Count 4: Americans with Disabilities Act (ADA) claim against Jamie Karales, in an official capacity, for denying Plaintiff the benefits of IDOC's housing program by placing him in an inaccessible cell on September 1 and 2, 2023 without adequate grab bars necessary for wheelchair use and safe transfers despite his spinal fractures and paralysis, *id*. at ¶¶ 47-52.

Count 5: Rehabilitation Act (Rehab Act) claim against Jamie Karales, in an official capacity, for failing to accommodate Plaintiff's physical disabilities (spinal fractures, paralysis, and nerve damage) when placing him in a cell on September 1 and 2, 2023 without adequate grab bars necessary for wheelchair transfers despite his paralysis and need for accessible facilities, *id*. at ¶¶ 53-59.

Count 6: Illinois medical malpractice claim against Pinckneyville Community Hospital for breaching the applicable duty of care it undertook to provide Plaintiff during his emergency medical visit on September 1, 2023, *id*. at ¶¶ 60-65.

Count 7: Illinois medical malpractice claim against Southern Illinois Hospital and P.A. John Davidson for breaching the applicable duty of care they undertook to provide Plaintiff during his emergency medical visit on September 2, 2023, *id*. at ¶¶ 66-71.

---

[1] Plaintiff has misnumbered several paragraphs in the Second Amended Complaint, so the Court has strived to use the same paragraph numbering in its citations to the Second Amended Complaint to avoid further inconsistencies and confusion.

(Doc. 79-1). Any other claim mentioned in the Second Amended Complaint, but not addressed herein, is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Preliminary Dismissals

Plaintiff mentions the following individuals in the statement of his claim but does not identify them as Defendants in the Second Amended Complaint: Warden David Mitchell, CPT Jen, Christine Brown, A. Desai, and nurses, among others. Therefore, the Court will not treat these individuals as defendants, and all claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

Wexford Health Sources is named as a Defendant, but the Second Amended Complaint contains no allegations against the private medical corporation. Because the doctrine of *respondeat superior* liability is not recognized under § 1983, Wexford cannot be liable simply for employing those medical providers who allegedly denied the plaintiff adequate medical care at the prison. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford can only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Plaintiff identifies no policy or custom attributable to Wexford; it will be dismissed without prejudice from this action.

### Counts 1 through 7

The Court previously noted the applicable legal standard for each claim under the First Amendment, Eighth Amendment, ADA, Rehab Act, and Illinois law (*See* Doc. 12, pp. 6-9). Although Plaintiff renumbered his claims herein, all seven claims survive screening under 28 U.S.C. § 1915A. Counts 1 through 7 will therefore proceed against those defendants named in connection with each claim above.

**Disposition**

The Second Amended Complaint survives screening under 28 U.S.C. § 1915A, as follows:

- **COUNTS 1, 2,** and **3** will proceed against **DR. PERCY MYERS**, in his individual capacity. This claim is **DISMISSED** without prejudice against **ALL OTHER DEFENDANTS** for failure to state a claim.

- **COUNTS 4** and **5** will proceed against **JAMIE KARALES**, in an official capacity. This claim is **DISMISSED** without prejudice against **ALL OTHER DEFENDANTS** for failure to state a claim.

- **COUNT 6** will proceed against **PINCKNEYVILLE COMMUNITY HOSPITAL.** This claim is **DISMISSED** without prejudice against **ALL OTHER DEFENDANTS** for failure to state a claim.

- **COUNT 7** will proceed against **SOUTHERN ILLINOIS HOSPITAL (SIH-MH)** and **JOHN DAVIDSON.** This claim is **DISMISSED** without prejudice against **ALL OTHER DEFENDANTS** for failure to state a claim.

- **WEXFORD HEALTH SOURCES** is **DISMISSED** without prejudice because the Second Amended Complaint fails to state a claim against his defendant.

- Because they are omitted from the Second Amended Complaint, **CHRISTINE BROWN, DESIREE SANDIFER, SABRINA BATHON,** and **WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER (official capacity)** are **DISMISSED** without prejudice and **TERMINATED** as defendants.

Plaintiff's counsel is **DIRECTED** to file Doc. 79-1 as the "Second Amended Complaint" in CM/ECF *instanter*, and it supersedes and replaces all prior versions, rending them **VOID**.

The Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 81) filed by Desiree Sandifer is **DISMISSED** as **MOOT** because this individual is not named as a defendant in the Second Amended Complaint.

The Clerk shall prepare for Defendants **DR. PERCY MYERS, JOHN DAVIDSON, JAMIE KARALES (official capacity only), PINCKNEVYILLE COMMUNITY HOSPITAL,** and **SOUTHERN ILLINOIS HOSPITAL:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 79-1), and this Memorandum and Order

8

to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant. The Court will require that Defendant to pay the full costs of formal service, as authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint (Doc. 79-1) and shall not waive filing a reply under 42 U.S.C. § 1997e(g). Once answers are on file for all defendants, the Court will enter a new scheduling order with updated instructions and deadlines for litigation.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to UPDATE the docket sheet in CM/ECF to TERMINATE WEXFORD HEALTH SOURCES, CHRISTINE BROWN, DESIREE**

**SANDIFER, SABRINA BATHON and WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER (official capacity) as defendants in CM/ECF; REINSTATE PINCKNEYVILLE COMMUNITY HOSPITAL, SOUTHERN ILLINOIS HOSPITAL (SIH-MH), and JOHN DAVIDSON as defendants in CM/ECF; and ENTER the Court's standard HIPAA Qualified Protective Order.**

IT IS SO ORDERED.

DATED: 5/13/2026

**STACI M. YANDLE**
**Chief U.S. District Judge**