**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Bradley J. Cornille, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-01202-SMY |
| | ) | |
| Percy Myers, et al., | ) | Judge: Staci M. Yandle |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO MOTION TO DISMISS FILED BY THE SIH DEFENDANTS**

Plaintiff Bradley Cornille, through the undersigned counsel, submits this response to two separate motions to dismiss Plaintiff's Second Amended Complaint, ECF 99, filed by defendants Southern Illinois Hospital Services ("SIH") and John Davidson, ECF 118 and ECF 120. These two defendants are collectively referred to herein as "SIH." Both motions should be denied for the reasons set forth herein.

**DISCUSSION**

At the time of the events giving rise to the complaint Plaintiff was, and remains today, a prisoner in the Illinois Department of Corrections. As relevant here, Plaintiff has alleged that multiple defendants, including the SIH defendants, failed to provide Plaintiff with adequate medical care after Plaintiff fell and was injured in prison. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the SIH defendants move to dismiss Plaintiff's complaint on two grounds, each articulated in a separate motion to dismiss. Plaintiff reviews each herein.

***ECF 120 – Section 5/2-622 affidavit***. In ECF 120, the SIH defendants assert that Plaintiff's claims against them which sound in medical malpractice must be dismissed because Plaintiff's amended complaint does not attach the affidavit required by 735 ILCS 5/2-622. Section 5/2-622 provides that in order to assert a state-law medical malpractice claim, a plaintiff must include an

affidavit from a qualified medical professional stating that there is a reasonable and meritorious cause for their medical negligence claim against the defendant. *See* ECF 120 ¶ 5 (outlining requirement).

This argument was generally well taken in the past, but it is no longer the law in the Seventh Circuit. In *Young v. United States*, 942 F.3d 349 (7th Cir. 2019), the Court of Appeals held that "Section 5/2-622 applies in federal court to the extent that it is a rule of substance; but to the extent that it is a rule of procedure it gives way to Rule 8 and other doctrines that determine how litigation proceeds in a federal tribunal." *Id*. at 351. Rule 8 of the Federal Rules of Civil Procedure "does not require attachments [to the complaint] . . . supporting documents come later." *Id*. Therefore, because a "motion to dismiss asserts that the complaint is defective," a "complaint in federal court cannot properly be dismissed because it lacks an affidavit and report under § 5/2-622." *Id*. The Seventh Circuit has subsequently explained that under *Young*, "We have instructed district courts not to dismiss a complaint at the pleading stage for failing to attach a 5/2-622 affidavit." *Nartey v. Franciscan Health Hosp.*, 2 F.4th 1020, 1025 (7th Cir. 2021) (citing *Young*). Plaintiff's complaint may not be dismissed under Rule 12(b)(6) because it did not attach a Section 5/2-622 affidavit. ECF 120 should be denied.

***ECF 118 – statute of limitations***. The SIH defendants argue that because more than two years elapsed between the events giving rise to Plaintiff's allegations against them in September 2023 and the filing of the amended complaint in January 2026, the statute of limitations has run against them. ECF 118. This argument omits a feature unique to litigation like prisoners: prisoners are obligated to exhaust administrative remedies before brining suit, and while those administrative remedies are being exhausted, the statute of limitations is tolled. *See, e.g.*, *Young v. Kirk*, No. 3:19-CV-00868-GCS, 2022 WL 1641442, at *3 (S.D. Ill. May 24, 2022) ("For a medical deliberate

indifference claim, specifically, the two-year limitations period begins to run on the date the inmate exhausts his administrative remedies with respect to that claim." (citing *Hoban v. Anderson*, No. 16-1246, 688 Fed. Appx. 385, 388 (7th Cir. May 5, 2017)). While the events giving rise to Plaintiff's claims against the SIH defendants may have occurred in September 2023, Plaintiff was obligated to exhaust all available administrative remedies before brining suit against them. The running of the statute of limitations was tolled during that period. *See, e.g.*, *Stringfellow v. Holmes*, No. 14 C 2278, 2015 WL 5611764, at *2 (N.D. Ill. Sept. 23, 2015) (rejecting motion to dismiss because "the statute of limitations period for [the prisoner-plaintiff's] state law claims . . . was tolled through his pursuit of administrative remedies."). *Accord Glick v. Baskins*, No. 3:06-CV-586-DGW, 2013 WL 4600423, at *3 (S.D. Ill. Aug. 29, 2013) ("Illinois law provides that the statute of limitations is tolled during the time a prisoner exhausts his administrative remedies . . . ."). When considering a motion to dismiss pursuant to Rule 12(b)(6), a "court's inquiry is generally limited to the factual allegations contained within the four corners of the complaint." *In re Nat'l Indus. Chem. Co. v. Steege*, No. 98-cv-4081, 1998 WL 887065, at *2 (N.D. Ill. Dec. 11, 1998). Here, the Second Amended Complaint does not contain allegations regarding the time taken for exhaustion of administrative remedies, and in all events the SIH defendants' motions provide no argument on the topic. As such ECF 120 should be denied.

August 12, 2026

Respectfully submitted,

/s/ Stephen H. Weil

**ROMANUCCI & BLANDIN, LLC**
Stephen H. Weil
321 North Clark St., Suite 900
Chicago, Illinois 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: sweil@rblaw.net

*Counsel for Plaintiff*